IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC., ) ) ) ) ) ) ) ) ) ) Defendants. ) | Case No. 1:13-cv-07945 Hon. Robert A. Guzman |

**AGREED MOTION FOR ENTRY
OF AGREED CONFIDENTIALITY ORDER**

Defendants Tellabs, Inc., Vincent H. Tobkin, Bo Hedfors, Frank Ianna, Vincent D. Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Mikel H. Williams (the "Tellabs Defendants") by and through their attorneys, hereby move this Court for entry of the Agreed Confidentiality Order, which has been submitted to the Court contemporaneously with the instant motion. In support of this motion, the Tellabs Defendants state as follows:

1. The Tellabs Defendants have agreed to provide certain documents to Plaintiff in this action that include information that Tellabs has maintained as confidential, including information that the Tellabs Defendants reasonably believe in good faith that disclosure other than as permitted pursuant to the Agreed Confidentiality Order is substantially likely to cause

injury to Tellabs. This information includes but is not limited to competitively sensitive financial information, as well as information that Tellabs has maintained as confidential regarding its strategies and business decisions.

2. Plaintiff's counsel has agreed to the terms of the Agreed Confidentiality Order, which is a single-tier confidentiality order that is substantially similar to the Northern District of Illinois Model Confidentiality Order with the following substantive changes:

- An additional category of Confidential Information has been added to Paragraph 2 to ensure that competitively sensitive information is covered by the Agreed Confidentiality Order;

- Additional language has been added to Paragraph 5(b)(6) to ensure that competitors are not provided with Confidential Information;

- Additional language has been added to Paragraph 5(b)(7) to require witnesses at depositions to sign the Acknowledgment in order to ensure that they are bound by the Agreed Confidentiality Order; and

- Paragraph 10 has been added to protect the producing party with respect to inadvertent disclosure of privileged material pursuant to Federal Rule of Evidence 502.

3. Fed. R. Civ. P. 26(c) merely requires a showing of "good cause" for orders protecting "trade secret[s] or other confidential research, development, or commercial information." Commercial information that is "unknown outside of [the movant]'s business" whose disclosure would "give [the movant] a competitive disadvantage" has been found by the Northern District of Illinois to be the type of commercial information that triggers a finding of good cause. *F.T.C. v. OSF Healthcare Sys.*, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012).

"Specific categories of documents" that are routinely protected in the Northern District of Illinois include "documents containing . . . contractual amendments, . . . negotiation strategy, pricing analyses and strategy, and . . . confidential patent information." *In re Northshore University Healthsystem*, 254 F.R.D. 338, 342 (N.D. Ill. 2008) (citing *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995) (holding that such documents may "fall[] within the realm of trade secret protection")).

4. As part of confirmatory discovery related to the settlement of this action, the parties have also agreed to certain depositions, which are scheduled to begin this Thursday, January 30, 2014. Accordingly, the Tellabs Defendants respectfully request that the Agreed Confidentiality Order be entered at the Court's earliest convenience.

WHEREFORE, for the foregoing reasons, the Tellabs Defendants respectfully request that the Court grant this agreed motion and enter the Agreed Confidentiality Order that has been submitted to the Court.

Respectfully submitted,

*Tellabs. Inc., Bo Hedfors, Frank Ianna, Vincent Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Vincent H. Tobkin, and Mikel H. Williams*

By: \_/s/ James W. Ducayet_____
      One of Their Attorneys

David F. Graham
James W. Ducayet
Rachel B. Niewoehner
Kathleen L. Carlson
SIDLEY AUSTIN LLP

4

                              One South Dearborn Street
                              Chicago, Illinois 60603
                              Phone: (312) 853-7000
                              Fax: (312) 853-7036

Case: 1:13-cv-07945 Document #: 59 Filed: 01/28/14 Page 4 of 5 PageID #:242

**CERTIFICATE OF SERVICE**

        Kathleen L. Carlson, an attorney, hereby certifies that on January 28, 2014, she caused a true and correct copy of the foregoing **Agreed Motion for Entry of Agreed Confidentiality Order** to be filed electronically with the Clerk of Court to be filed and served upon all parties via the Court's CM/ECF system.

        s/ Kathleen L. Carlson

CH1 8884972