IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) TELLABS, INC., VINCENT H. TOBKIN, BO ) HEDFORS, FRANK IANNA, VINCENT D. ) KELLY, MICHAEL E. LAVIN, STEPHANIE ) PACE MARSHALL, ALEX MASHINSKY, ) GREGORY J. ROSSMANN, DENNIS F. ) STRIGL, JAN H. SUWINSKI, MIKEL H. ) WILLIAMS, MARLIN EQUITY PARTNERS, ) BLACKHAWK HOLDING VEHICLE, LLC, and ) BLACKHAWK MERGER SUB INC., ) ) Defendants. ) | Case No. 1:13-cv-07945<br><br>Hon. Ronald A. Guzman |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL,
APPROVAL OF FORM AND METHOD OF NOTICE
AND FOR ENTRY OF AN ORDER SETTING
A SETTLEMENT HEARING DATE AND OTHER DATES**

### I.  INTRODUCTION

Plaintiff Kerry Lambert[1] ("Plaintiff"), by his counsel Lite DePalma Greenberg, LLC and Faruqi & Faruqi, LLP ("Plaintiff's Counsel") on behalf of himself and the other members of the proposed Class (as hereinafter defined), has reached an agreement to settle this class action (the "Action"), subject to Court approval, with defendants Vincent H. Tobkin, Bo Hedfors, Frank Ianna, Vincent D. Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, and Mikel H. Williams (the "Individual

---

[1] Kerry Lambert was a stockholder of Tellabs, Inc. at all relevant times and held 43,550 shares of Tellabs, Inc. common stock worth in excess of $100,000.00.

409640.1

Defendants"), Tellabs, Inc. ("Tellabs" or the "Company"), Marlin Equity Partners ("Marlin"), Blackhawk Holding Vehicle, LLC, and Blackhawk Merger Sub Inc. (collectively with Marlin, the "Marlin Defendants") (Tellabs, the Individual Defendants, and the Marlin Defendants being collectively referred to herein as the "Defendants,"). The settlement, which was initially reached and reflected in principle in a Memorandum of Understanding ("MOU") executed on November 24, 2013, obtained for the class supplemental disclosures that were included in an amendment to the Schedule 14D-9 (the "Amendment"[2]), which was filed with the Securities and Exchange Commission ("SEC") on November 25, 2013 (the "Settlement"). As set forth below, the Settlement was reached at a time when Plaintiff and Plaintiff's Counsel had a thorough understanding of the strengths and weaknesses of the claims asserted in the Action, and was achieved only after extended arm's length negotiations. And following the execution of the MOU, additional discovery was conducted by Plaintiff's Counsel to confirm their understanding. As a result, Plaintiff and Plaintiff's Counsel believe that the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class.

This Action concerned a merger announced on October 21, 2013, whereby Tellabs was to be acquired by an affiliate of Marlin through a tender offer that expired on December 2, 2013 (the "Transaction" and/or "Tender Offer"). Decisive intervention was necessary and Plaintiff filed this Action prior to the expiration of the Tender Offer, alleging that Tellabs' Board of Directors breached its fiduciary duties to Tellabs' stockholders by entering into and approving the Transaction and that Marlin aided and abetted such breaches. Plaintiff also asserted that Tellabs' disclosures in connection with the Transaction omitted certain material information in violation of Rules 14(e) and 20(a) promulgated under the Securities Exchange Act of 1934. Parallel litigation

---

[2] Attached as Exhibit A to the Stipulation of Settlement filed contemporaneously with this Motion.

was also brought by other plaintiffs who purported to be Tellabs stockholders in Delaware State Court[3], Illinois State Court [4] and Illinois Federal Court[5]. Pursuant to the MOU, Plaintiff obtained the Amendment prior to the expiration of the Tender Offer that addressed the concerns identified by Plaintiff, and has since finalized the documentation of a Settlement with Defendants. The Settlement will resolve all outstanding litigation since the Settlement obtained here benefited all Tellabs stockholders in a timely manner prior to the expiration of the Tender Offer. Further and after thorough discovery, Plaintiff and his counsel have also confirmed with the assistance of a reputable financial expert that the price in the Transaction was fair.

At the final settlement approval hearing (the "Settlement Hearing"), the Court will have before it more extensive motion papers submitted in support of the proposed Settlement, and will be asked to make a determination as to whether the Settlement is fair, reasonable and adequate under all of the circumstances surrounding the Action. At this juncture, Plaintiff requests only that the Court grant preliminary approval of the proposed Settlement so that notice of the Settlement may be sent to the Class. Notice needs to go to the Class to ensure due process and provide an opportunity to those who may wish to be heard in connection with the Settlement. This Memorandum describes the basis for the Motion, and sets forth a proposed schedule for the process going forward.

Plaintiff respectfully requests that this Court enter the proposed Scheduling Order preliminarily approving the Settlement and setting a settlement hearing ("Scheduling Order"), attached as Exhibit B to the Stipulation of Settlement, which, among other things, will:

---

[3] *In re Tellabs, Inc. Stockholders Litigation*, C.A. No. 9028-VCL (DE Ch. Ct.)
[4] *Englehart v. Hedfors, et al.*, Case No. 13 CH 23886 (Cook Cty Ct.); *Jackson v. Tellabs, Inc., et al.*, Case No. 13CH2988 (DuPage Cty Ct.)
[5] *Englehart, et al v. Tellabs, Inc., et al*, No. 1:14-cv-01990 (N.D.IL)

409640.1

i. preliminarily approve the Settlement with the Defendants on the terms set forth in the Stipulation;

ii. approve the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing (the "Notice") (attached as Exhibit B-1 to the Stipulation of Settlement);

iii. find that the procedures established for mailing and distribution of the Notice, substantially in the manner and form set forth in the Scheduling Order, constitute the best notice practicable under the circumstances, and are in full compliance with the notice requirements of due process, Fed. R. Civ. P. 23 and The Class Action Fairness Act of 2005 ("CAFA");

iv. set a schedule and procedures for dissemination of the Notice to the Class, for requesting exclusion from the Class, for objecting to the Settlement, for submitting papers in support of final approval of the Settlement and proposed Lead Counsel's request for an award of attorney's fees and expenses, and for the Settlement Hearing; and

v. stay the Action pending final approval of the Settlement.

Plaintiff also requests preliminary certification of the proposed Class for Settlement purposes only with appointment of Kerry Lambert as Class Representative.[6] Such certification complies with Rule 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. The Scheduling Order also provides for such certification.

---

[6] The parties have stipulated to the certification of the following Class for Settlement purposes only:

any and all record holders and beneficial owners of any share(s) of Common Stock who held any such share(s) at any time during the period beginning on and including October 18, 2013, through and including December 2, 2013, including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding the Defendants (the "Class").

4

## II. DESCRIPTION OF THE LITIGATION

On or about April 30, 2013, the Tellabs Board of Directors (the "Board" or the "Tellabs Board") authorized a formal process to explore Tellabs' strategic alternatives. As part of this process, Goldman Sachs, which was hired by the Company to serve as its financial advisor, was authorized to contact specified third parties to determine whether they were interested in pursuing a possible transaction with Tellabs.

On October 18, 2013, the Tellabs Board entered into an Agreement and Plan of Merger (as amended or modified from time to time, the "Merger Agreement"), by and among the Company, Blackhawk Merger Sub Inc., and Blackhawk Holding Vehicle LLC, which *inter alia*, contemplated a cash tender offer of $2.45 per share of Tellabs stock ("Offer") by Blackhawk Merger Sub Inc. and, following the consummation of the Offer and subject to the satisfaction or, if permissible, waiver of the other conditions set forth in the Merger Agreement, Blackhawk Merger Sub Inc. would merge with and into the Company (collectively, the "Transaction"), with the Company surviving the Merger.

On November 1, 2013, Tellabs filed a Schedule 14D-9 with the Securities and Exchange Commission related to the Offer.

On November 5, 2013, Plaintiff filed this putative stockholder class action complaint styled *Lambert v. Tellabs, Inc., et al.*, Case No. 1:13-cv-7945 (the "Action") against the Defendants, alleging certain violations of the federal securities laws in connection with the Schedule 14D-9, claims of breaches of fiduciary duties in connection with the Transaction, and claims of aiding and abetting against Tellabs and the Marlin Defendants.

On November 5, 2013, Plaintiff filed a motion seeking expedited discovery in the Action, and subsequently, Plaintiff's Counsel, as defined herein, and counsel for Defendants ("Defendants'

5

Counsel") met and conferred regarding expedited discovery and reached an agreement regarding the production of certain documents.

On November 14, 2013, the Parties executed a protective order to govern the exchange of confidential discovery ("Protective Order").

Following the agreement by the Parties to be bound by the terms of the Protective Order, Defendants provided to Plaintiff certain requested documents relating to his claims, including minutes of meetings of the Tellabs Board and extensive presentations to the Tellabs Board by its financial advisor and Tellabs management, which Plaintiff's Counsel reviewed.

On November 20, 2013, Tellabs and the Individual Defendants filed a Motion to Dismiss the Complaint for failure to state a claim. The Marlin Defendants also filed a Motion to Join Tellabs and the Individual Defendants' Motion to Dismiss.

On November 20, 2013, Plaintiff's Counsel sent a formal demand letter to Defendants' Counsel in an effort to resolve the Action (the "Demand Letter").

Subsequent to receipt of the Demand Letter, Plaintiff and Defendants, through their respective counsel, commenced arm's length discussions and negotiations regarding the Demand Letter and a potential resolution of the claims asserted in the Action.

On November 24, 2013, the Parties, by and through their counsel, completed their negotiations regarding a potential settlement and executed an MOU containing the terms of the Parties' agreement-in-principle to resolve the Action. Among other things, the MOU set forth the Parties' agreement-in-principle that, in consideration for the full and final settlement and dismissal with prejudice of the Action and the release of any and all Released Claims, as defined therein, Tellabs would make additional disclosures in the Amendment.

On November 25, 2013, the Parties informed the Court of their agreement-in-principle to resolve the Action, and Tellabs and the Individual Defendants withdrew their Motion to Dismiss without prejudice (the Marlin Defendants' Motion to Join having already been granted).

Also on November 25, 2013, Tellabs filed the Amendment with the SEC.

On December 2, 2013, the Transaction closed, and Marlin completed its acquisition of Tellabs.

The MOU entered into by the Parties provided for certain additional confirmatory discovery, which was subsequently completed. In that regard, on January 30 and 31 and February 12, 2014, Plaintiff took the depositions of Ryan Limaye (a representative of Tellabs' financial advisor, Goldman Sachs), Vincent H. Tobkin (Chairman of the Tellabs Board), and Daniel Kelly (CEO of Tellabs), respectively. In addition, Plaintiff reviewed thousands of pages of documents that included, *inter alia*, e-mails, correspondence, financial presentations, financial diligence and board minutes regarding the Transaction produced by Defendants.

Further and after thorough discovery, Plaintiff and his counsel also confirmed with the assistance of a reputable financial expert that the price in the Transaction was fair.

Based on the aforementioned, Plaintiff agreed to the proposed Settlement.

### III. THE SETTLEMENT

After extensive negotiations, the parties to the Action reached an agreement in principle and entered into the MOU signed on November 24, 2013, which was subject to the filing of the aforementioned supplemental disclosures in the Amendment and additional confirmatory discovery. The Amendment provided material information for Tellabs stockholders to decide whether to tender or not their shares in support of the Transaction as well as whether to seek appraisal rights. In particular, the Amendment included:

(1) In Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis,* additional information regarding the basis for the earnings per share multiples and discount rate used by Goldman Sachs for this analysis;

(2) In Goldman Sachs' *Illustrative Discounted Cash Flow Analysis*, additional information regarding how Goldman Sachs treated certain factors when conducting this analysis;

(3) In Goldman Sachs *Selected Companies Analysis*, (a) the results of such analysis, and (b) additional information about Goldman Sachs' basis for choosing the selected companies the multiples observed for each of the selected transactions; and

(4) In the *Background of the Merger* section, (a) additional information regarding the basis for the Tellabs Board's March 27, 2013 decision to suspend discussions with third parties regarding a potential sale of the entire company for the time being, (b) additional information regarding the basis for the Tellabs Board's April 30, 2013 decision to begin a more formal non-public process of identifying and contacting certain parties that would be the most likely to be interested in acquiring Tellabs, and (c) additional details regarding the refined base case projections that Tellabs provided to Marlin on October 3, 2013.

Neither the MOU nor the Stipulation of Settlement contains any agreement between Plaintiff and Defendants with respect to the amount of fees and expenses that Plaintiff and Plaintiff's Counsel would petition the Court in connection with the Action, and there has been no discussion of that matter through the date of the execution of the Stipulation of Settlement.

At the time the agreement in principle to settle the Action was reached, Plaintiff and Plaintiff's Counsel had a thorough understanding of the case. Plaintiff has considered the issues that would have been decided by a jury in the event of a trial, including whether the Defendants have committed or aided and abetted in the commission of any violation of law or engaged in any

of the wrongful acts alleged in the Action. Plaintiff and Plaintiff's Counsel considered the uncertain outcome and trial risk in complex lawsuits like this one, and that, even if they were successful, after the resolution of appeals that were certain to be taken (which could take years to resolve), the Transaction could already be consummated and Tellabs stockholders deprived of the ability to make a fully informed decision regarding the Transaction.

## IV. THE PROPOSED SETTLEMENT IS WELL WITHIN THE RANGE FOR PRELIMINARY APPROVAL

### A. The Applicable Legal Standard

The Seventh Circuit has endorsed as an overriding public interest the settling of litigation, particularly class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). In fact, "settlement should be facilitated at as early a stage of the litigation as possible." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1522, at 225-26 (citing 1983 Advisory Committee Notes).

Rule 23(3) of the Federal Rules of Civil Procedure requires judicial approval for any compromise of claims brought on a class basis. Approval of a class action settlement is committed to "the sound discretion of the district courts to appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986). As stated by the Court in *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D.Va. 2001), "there is a strong initial presumption that the compromise is fair and reasonable" (internal citations and quotations omitted).

In evaluating whether a class action settlement warrants final approval, the district court may approve a settlement only if it determines that the proposed settlement is "fair, reasonable, and adequate." *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935,

9

958 (N.D. Ill. 2011) (quoting Fed. R. Civ. P. 23(e)); *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (internal citation and quotation omitted). However, at this stage of the settlement process, the Court need only take a preliminary look at the terms of the settlement to make sure that it is "within the range on possible approval." *Id*. Thus, as explained in *Horton*, courts follow a two-step process in reviewing class action settlements for approval:

> First, the court conducts a preliminary approval or pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval" or, in other words, whether there is "probable cause" to notify the class of the proposed settlement. Second, assuming that the court grants preliminary approval and notice is sent to the class, the court conducts a "fairness" hearing at which all interested parties are afforded an opportunity to be heard on the proposed settlement. The ultimate purpose of the fairness hearing is to determine if the proposed settlement is "fair, reasonable, and adequate."

*Id.* (citations omitted). *See also Manual for Complex Litigation* §30.41 at 237 (3d ed. 1995) ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies … and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given").

### B. The Settlement Is Within The Range Of Possible Approval

The proposed Settlement here satisfies the standard for preliminary approval. The proposed Settlement, which provided for the inclusion of supplemental disclosures in the Amendment concerning certain subject areas raised by Plaintiff's Counsel, has clearly been beneficial to the Class. Through these substantive and improved disclosures in the Amendment, Tellabs stockholders received additional material information necessary to make a fully-informed decision about whether to approve the Transaction.

It is well settled under Delaware law[7] that curative disclosures confer a substantial benefit on the class. *See, e.g., In re Talley Indus., Inc. S'holders Litig.*, No. Civ. A. 15961, 1998 WL 191939, at *15 (Del. Ch. Apr. 13, 1998) ("[T]he timely disclosure of the information in the supplement was presumably of greater value to the class than any potential award of damages based on the failure to disclose the same information, as such information is of the greatest utility when it is available in a timely manner to inform the stockholders' decision making process."). In fact, these disclosures constituted essential information with which Tellabs stockholders could evaluate the fairness of the Transaction and the accuracy of the disclosures and/or reliability of the financial advisor's valuation analyses and opinion contained therein, and to ultimately determine whether or not to exercise their appraisal rights. Indeed, the disclosure of all material information is of particular importance to stockholders who must determine whether or not to seek appraisal as an alternative to tendering their shares. *See McMullin v. Beran*, 765 A.2d 910, 917 (Del. 2000); *Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170, 1172 (Del. 2000).

Given the complexities of this Action, and the continued risks if the parties were to proceed to trial, the Settlement represents an excellent result. *See, e.g.*, *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995) ("Instead of the lengthy, costly, and uncertain course of further litigation, the settlement provides a significant and expeditious route to recovery for the Class.").

Plaintiff's Counsel has significant experience in securities and other complex class action litigation, and has negotiated hundreds of other substantial class action settlements throughout the country. Plaintiff's Counsel is "well informed as to the operative facts" and "considerable risks" of the Action. *See Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 34 (E.D.N.Y.

---

[7] Delaware law is particularly instructive, since Tellabs is a Delaware corporation and is governed

2006). It is Plaintiff's and Plaintiff's Counsel's informed opinion that, given the uncertainty and further substantial expense of pursuing the Action against the Defendants through trial and possible appeals, the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

At this point, the Court need not answer the ultimate question: whether the Settlement is fair, reasonable, and adequate. The Court is only being asked to permit notice of the terms of the Settlement to be sent to the Class, and to schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any views expressed by Class Members as to the fairness of the Settlement. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 1999). The Notice will advise Class Members of the essential terms of the Settlement, set forth in the procedure for objecting to the Settlement, and will provide specifics on the date, time and place of the Settlement Hearing. Plaintiff's Counsel believes that, because the Notice fairly apprises the Class of their rights with respect to the Settlement, it represents the best notice practicable under the circumstances and should be approved by the Court.

## V. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing and publication of the Notice, and deadlines for objecting to the Settlement. Plaintiff proposes the following schedule, set forth in the Scheduling Order:

i. Notice mailed to Class within twenty-one (21) days of the entry of the Preliminary Approval Order;

ii. The date of the Settlement Hearing shall be set by the Court at least 90 days after notice is mailed;

---

by Delaware law.

    iii.    Plaintiff shall file his papers in support of final approval of the Settlement and Fee application within forty-two (42) days of the Settlement Hearing;

    iv.    Objections to the Settlement or Fee Application shall be filed and served within twenty-one (21) days of the Settlement Hearing;

    v.    Plaintiff shall file his reply papers in reply to any objections and in support of the Fee Application within seven (7) days of the Settlement Hearing.

## VI. THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES UNDER RULES 23(a), 23(b)(1) AND (b)(2)

In granting preliminary settlement approval, the Court should also certify the Class for Settlement purposes under Rules 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. Certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants." *In re Prudential*, 163 F.R.D. at 205. "Temporary settlement classes have proved to be quite useful in resolving major class action disputes." *Weinberger v. Kendrick*, 698 F.2d 61, 72 (2d Cir. 1982).

The proposed Scheduling Order provides for certification of the Class as a non-opt out class, defined as any and all record holders and beneficial owners of any share(s) of Common Stock who held any such share(s) at any time during the period beginning on and including October 18, 2013, through and including December 2, 2013, including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding the Defendants. Certification pursuant to 23(b)(1) and (b)(2) is

13

appropriate here because the nature of the relief obtained for the Class was uniform and indivisible in nature (i.e., the disclosures could not vary by Class member). And courts have routinely recognized that disclosure settlements are appropriately certified under 23(b)(1) and (b)(2). *See Nottingham Partners v. Dana*, 564 A.2d 1089, 1094-97 (Del. 1989); *Turner v. Bernstein*, 768 A.2d 24 (Del. Ch. 2000).

## VII. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the proposed Settlement and direct that notice of the proposed Settlement be provided to the Class; preliminarily certify the proposed Class for Settlement purposes only; enter the proposed Scheduling Order; and stay the Action pending final approval of the Settlement.

Dated: March 21, 2014　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　KERRY LAMBERT, individually and on behalf of
　　　　　　　　　　　　　　　　　　　　　all others similarly situated

　　　　　　　　　　　　　　　　　　　　　By:/s/ *Katrina Carroll*
　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　and the Proposed Class

Katrina Carroll
kcarroll@litedepalma.com
Lite DePalma Greenberg, LLC
One South Dearborn
Suite 2100
Chicago, Illinois 60603
(312) 212-4383
Fax (312) 212-5919
Bar Id. No. 6291405

Juan E. Monteverde (*pro hac vice*)
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Phone: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 21, 2014, the foregoing Memorandum Of Law In Support Of Motion For Preliminary Approval, Approval Of Form And Method Of Notice And For Entry Of An Order Setting A Settlement Hearing Date And Other Dates was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

          By:/s/ *Katrina Carroll*
          One of the Attorneys for Plaintiff
          and the Proposed Class