UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC.,<br><br>      Defendants. | Case No. 1:13-cv-07945<br><br>Hon. Ronald A. Guzman |
| ROBERT ENGLEHART, JORGE RODRIGUEZ and THE JUDITH KANERODRIGUEZ 2012 FAMILY TRUST, On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>      vs.<br><br>TELLABS, INC., MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE LLC, BLACKHAWK MERGER SUB INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI and MIKEL H. WILLIAMS,<br><br>      Defendants. | Case No. 1:14-cv-1990<br><br>Hon. John Darrah |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO REASSIGN, CONSOLIDATE AND STAY PROCEEDINGS PENDING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL BY PLAINTIFFS ROBERT ENGLEHART, JORGE RODRIGUEZ, AND THE JUDITH KANE-RODRIGUEZ 2012 FAMILY TRUST**

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................................. 2

ARGUMENT .............................................................................................................................. 5

I. *ENGLEHART* SHOULD BE REASSIGNED TO THIS COURT ..................................... 5

II. *ENGLEHART* AND *LAMBERT* SHOULD BE CONSOLIDATED PURSUANT TO
FED. R. CIV. P. 42(a)......................................................................................................... 7

III. THE COURT SHOULD STAY ALL PROCEEDINGS IN THE CONSOLIDATED
ACTION PENDING APPOINTMENT OF LEAD PLAITNIFF AND LEAD COUNSEL
TO REPRESENT THE INTERESTS OF THE CLASS..................................................... 9

    A. The PSLRA Requires the Most Adequate Plaintiff(s) Be Appointed as Lead Plaintiff to
Represent the Interests of the Class ................................................................................ 9

    B. Plaintiff Lambert's Failure to Publish the PSLRA-required Notice Prevented Movants
and Other Tellabs Stockholders from Moving for Appointment as Lead Plaintiff(s).. 11

    C. Absent Appointment as Lead Plaintiff and Lead Counsel, Lambert and His Counsel Do
Not Have Authority to Act on Behalf of the Class and the Court Should Stay All
Proceedings Pending Appointment of Lead Plaintiff(s) ............................................... 12

CONCLUSION......................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ace Heating & Plumbing Co., Inc. v. Crane Co.*,
453 F.2d 30 (3d Cir. 1971) .................................................................................................. 13

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................................. 14

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*,
No. 12-C-3297, 2012 U.S. Dist. LEXIS 161441 (N.D. Ill. Nov. 9, 2012) ......................... 9, 10

*Dollens v. Zionts*,
No. 01-C-5931, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001) ................................................ 12

*Global Patent Holdings, LLC v. Green Bay Packers, Inc.*,
No. 00-C-4623, 2008 U.S. Dist. LEXIS 33296 (N.D. Ill. Apr. 23, 2008) .............................. 5

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
No. 12-cv-3772-G, 2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ..................... 9

*In re Diamond Foods, Inc.*,
281 F.R.D. 405 (N.D. Cal. 2012) ......................................................................................... 12

*In Re Smith Barney Transfer Agent Litig.*,
823 F. Supp. 2d 202 (S.D.N.Y. 2011) ................................................................................... 13

*King v. VeriFone Holdings, Inc.*,
12 A.3d 1140 (Del. 2011) ..................................................................................................... 12

*Millman v. Brinkley*,
No. 03-cv-3831-WSD, 2004 WL 2284505 (N.D. Ga. Oct. 1, 2004) ..................................... 12

*River Vill. West LLC v. Peoples Gas Light & Coke Co.*,
No. 05-C-2103, 2007 U.S. Dist. LEXIS 98507 (N.D. Ill. Feb. 14, 2007) ............................... 6

*Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.)*,
258 F.R.D. 260 (S.D.N.Y. 2009) .......................................................................................... 10

*Thompson v. Shaw Group, Inc.*,
No. 04-1685, 2004 U.S. Dist. LEXIS 25641 (E.D. La. Dec. 13, 2004) ................................ 13

**Statutes**

15 U.S.C. §78u-4(a)(3)(A)(i) .................................................................................................. 11

15 U.S.C. §78u-4(a)(3)(A)(i)(II) ............................................................................................. 11

15 U.S.C. §78u-4(a)(3)(B)(i) .................................................................................................... 9

<th>
</th>
<ul>
</ul>
<li>
</li>

15 U.S.C. §78u-4(a)(3)(B)(ii) ................................................................................................ 8

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ........................................................................................... 9

15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ........................................................................................ 10

15 U.S.C. §78u-4(a)(3)(B)(v) ................................................................................................ 9

15 U.S.C. 78u-4(a)(3)(B)(i) ................................................................................................... 7

**Other Authorities**
*Manual for Complex Litigation*, Fourth, §20.11, 218 (2004) ............................................. 8

*Statement of Managers – The "Private Securities Litigation Reform Act of 1995,* H.R. Conf. Rep. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 ....................................................... 11, 12

**Rules**
Fed. R. Civ. P. 42(a) ............................................................................................................. 8

L.R. 40.4(a) .......................................................................................................................... 6

L.R. 40.4(b) .......................................................................................................................... 7

Movants Robert Englehart ("Englehart"), Jorge Rodriguez ("Rodriguez"), and The Judith Kane-Rodriguez 2012 Family Trust (the "Trust," collectively, "Movants"), respectfully submit this memorandum of law in support of their motion, pursuant to Local Rule 40.4, Federal Rule of Civil Procedure 42(a) and Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. §78u-4, for entry of an order reassigning *Englehart v. Tellabs, Inc.*, No. 14-cv-1990, which is currently pending before the Honorable John Darrah, to this Court; consolidating *Englehart* with *Lambert v. Tellabs, Inc.*, No. 13-cv-07945, a related action currently pending in this Court; and and staying all proceedings in those actions pending the appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA(the "Motion").

## **PRELIMINARY STATEMENT**

Under the PSLRA, it is the Court-appointed Lead Plaintiff and his Lead Counsel that prosecutes, or settles, a securities fraud class action on behalf of the class. The PSLRA further provides that within twenty days of filing a complaint, the plaintiff must publish notice to the class alerting them to the claims and that any member of the class may move to be appointed Lead Plaintiff within sixty days of publication of the notice.

Plaintiff Kerry Lambert ("Lambert") filed a securities fraud class action complaint governed by the PSLRA on November 5, 2013 against Tellabs, Inc. ("Tellabs" or the "Company"), certain of its directors and officers, and Marlin Equity Partners through its wholly-owned subsidiaries Blackhawk Holding Vehicle, LLC ("Holdco") and Blackhawk Merger Sub Inc. ("Merger Sub") (collectively, "Marlin"). Numerous similar lawsuits had already been filed in Illinois and Delaware state courts, including suits filed by Movants in Illinois state court. However, while Plaintiff Lambert expressly purported to bring suit under the PSLRA, he never

published the PSLRA-required notice. Under the PSLRA, only a plaintiff can issue the required notice, and a member of the class can seek appointment as Lead Plaintiff only within sixty days of publication of the notice. Due to Plaintiff Lambert's failure, no motions for appointment as Lead Plaintiff could be made, and the Court has not appointed Lead Plaintiff or Lead Counsel to represent the interests of the class. Further, without the authority of Court-appointment as Lead Plaintiff, Plaintiff Lambert, through his counsel, negotiated and is in the process of finalizing a class-wide settlement, which will release the claims of other class members who have commenced a number of similar cases in other courts.

Movants have recently filed an action that contains common questions of law and fact to *Lambert*, and have issued the required PSLRA notice. Movants' action is brought against the same defendants as Plaintiff Lambert's action, and makes similar factual allegations, and alleges the same causes of action (however made after the completion of the transaction at issue).

Movants' respectfully request that the Court consolidate the actions. Further, Movants request that the Court stay all proceedings, including the settlement negotiations and proceedings, in Plaintiff Lambert's action pending the Court's appointment of Lead Plaintiff(s) and Lead Counsel in the consolidated action to represent the interests of the class.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On October 21, 2013, Tellabs, a Delaware corporation, announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") for defendant Marlin to acquire Tellabs through a tender offer (the "Tender Offer"), for $2.45 per share of Tellabs common stock (the "Acquisition"). *Englehart* ¶¶2, 51. The Tender Offer commenced on November 1, 2013. *Id.*

---

[1] Citations to "*Englehart* ¶___" refer to the paragraphs of the Complaint filed by Movants. Citations "*Lambert* ¶___" refer to the paragraphs of the Complaint filed by plaintiff Lambert.

*Lambert v. Tellabs, Inc.*, No. 13-cv-7945 (N.D. Ill.) was filed on November 5, 2013. *Lambert* alleges that the Acquisition was "the product of a conflicted process that is designed to ensure the sale of Tellabs to Marlin on terms preferential to Marlin and other Tellabs insiders and to subvert the interests of Plaintiff and other public stockholders of the Company." *Lambert* ¶4. Among other allegations, *Lambert* alleges that the $2.45 per share price of the Acquisition (the "Acquisition Price") undervalued Tellabs, the Acquisition was subject to unfair deal protection devices, and the Schedule 14D-9 filed by Tellabs on November 1, 2013 (the "14D-9") with the United States Securities and Exchange Commission ("SEC") "fail[ed] to disclose material information necessary for the Company's stockholders to make an informed decision as to whether to tender their shares in the Proposed Transaction." *Lambert* ¶¶5-8, 52-76. *Lambert* was brought on behalf of "all holders of Tellabs common stock who are being and will be harmed by defendants' actions described" in the *Lambert* Complaint (the "*Lambert* Class"). *Lambert* ¶37. *Lambert* alleges four causes of action: (1) breaches of fiduciary duty against the Individual Defendants;[2] (2) aiding and abetting breaches of fiduciary duty against Marlin; (3) violations of Section 14(e) of the Exchange Act (15 U.S.C. §78n(e)) against Tellabs and the Individual Defendants; and (4) violations of Section 20(a) of the Exchange Act (15 U.S.C. §78t(a)) against the Individual Defendants. Causes of Action 1, 3 and 4 state they are brought on behalf of the *Lambert* Class. *Lambert*, as a class action alleging violations of the Exchange Act, is governed by the requirements of the PSLRA.

On or about November 23, 2013, the parties to the *Lambert* action entered into a Memorandum of Understanding regarding settlement of the *Lambert* action. *See Lambert* Dkt.

---

[2] Defendants Vincent H. Tobkin, Bo Hedfors, Frank Ianna, Vincent D. Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Mikel H. Williams, who are members of the Board of Directors of Tellabs (the "Board"), are the "Individual Defendants." *Lambert* ¶¶16-27; *see also Englehart* ¶¶21-32.

3

No. 57 (1/15/2014 Joint Status Report), attached as Exhibit A to the Declaration of Norman Rifkind, Esq. in Support of the Motion ("Rifkind Declaration" or "Rifkind Decl."). The Tender Offer closed on December 2, 2013. Pursuant to the Merger Agreement and Delaware law, after the close of the Tender Offer, the Acquisition was consummated through a short-form merger on or about December 3, 2012. *Englehart* ¶¶2, 51, 53.

As discussed herein, the PSLRA required Plaintiff Lambert to publish a notice informing Tellabs' stockholders of the allegations of his complaint and notifying those stockholders of the deadline to move for appointment as Lead Plaintiff. To Movants' knowledge, based on their counsels' conducting an extensive search of business news and other normal outlets for issuance of PSLRA notices, Lambert ***did not issue the PSLRA-required notice***. No motions for appointment as Lead Plaintiff were filed because, under the PSLRA, a member of the class may only seek appointment within sixty days of publication of the notice. The Court therefore has not appointed a Lead Plaintiff or Lead Counsel to represent the interests of Tellabs' stockholders.

On March 20, 2014, Movants filed *Englehart v. Tellabs, Inc.*, No. 14-cv-1990, in this Court against the same defendants in *Lambert*. *Englehart* makes similar allegations to *Lambert*, including that the Acquisition was the product of a conflicted process, the $2.45 per share Acquisition Price undervalued Tellabs, and the 14D-9 failed to disclose material information. *Englehart* ¶¶1-11, 54-99. *Englehart* alleges violations of Sections 14(e) and 20(a) of the Exchange Act and breach of state law fiduciary duties arising out of defendants' conduct related to the Acquisition. *Englehart* ¶¶1, 100-138. As the *Englehart* Complaint was filed after the Acquisition closed, its allegations are made in the past tense, and its alleged class more specifically identifies those former Tellabs stockholders who were injured by defendants' conduct: "(a) all holders of Tellabs common stock whose common stock was converted to the

4

Acquisition Price through the short-form merger and who were harmed by defendants' breaches of fiduciary duties as described herein; and (b) all holders of Tellabs common stock who tendered their common stock through the Tender Offer or whose common stock was converted to the Acquisition Price through the short-form merger and were harmed by defendants' violations of the Exchange Act as described herein" (the "*Englehart* Class"). *Englehart* ¶33.

On March 17, 2014, the parties in *Lambert* filed a Joint Status Report, which stated that they expected to move for preliminary approval of the settlement by March 21, 2014. Rifkind Decl., Ex. B

On March 20, 2014, Movants published the required PSLRA notice, and informed former Tellabs' stockholders that the deadline to move to be appointed Lead Plaintiff is May 19, 2014. Rifkind Decl., Ex. C.[3]

## ARGUMENT

### I. *ENGLEHART* SHOULD BE REASSIGNED TO THIS COURT

Local Rule 40.4 provides for the reassignment of related cases to "promote efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-C-4623, 2008 U.S. Dist. LEXIS 33296, at *6 (N.D. Ill. Apr. 23, 2008). Reassignment is appropriate where the requirements of Local Rule 40.4(a) (the cases are related) and 40.4(b) (the cases meet the

---

[3] On or about October 22, 2013, Movant Englehart filed *Englehart v. Hedfors,* No. 13CH23886, in Cook County Circuit Court. This action alleged claims for breach of state law fiduciary duties against the same defendants in this Action arising out of the Acquisition, but did not allege claims for violations of the Exchange Act. Rodriguez, and others, also filed similar actions in Cook County Circuit Court. Those actions were consolidated with *Englehart*. To Movants' knowledge, all state court actions have been stayed pending this federal litigation.

conditions for reassignment) are satisfied. *See River Vill. West LLC v. Peoples Gas Light & Coke Co.*, No. 05-C-2103, 2007 U.S. Dist. LEXIS 98507, at *3 (N.D. Ill. Feb. 14, 2007).

*Englehart* and *Lambert* are related under the requirements of Local Rule 40.4(a).

> Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a). *Englehart* and *Lambert* involve the same issues of fact or law and arise out of the same transaction and occurrence. Both cases concern the Acquisition of Tellabs by Marlin, and allege that defendants breached their fiduciary duties to Tellabs stockholders and violated Sections 14(e) and 20(a) of the Exchange Act.[4] Further, both cases are class actions. While the textual definition of the *Englehart* Class differs from that of the *Lambert* Class, both are functionally the same. The *Englehart* Class is alleged post-closing of the Acquisition, while the *Lambert* Class was alleged pre-closing, and the *Englehart* Class more specifically identifies those Tellabs stockholders who were injured by defendants' conduct as alleged in the *Englehart* Complaint.

Local Rule 40.4(b) provides that:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

---

[4] Pursuant to Local Rule 40.4(c), a copy of the *Englehart* Complaint (the relevant pleading in the higher-numbered case) is attached as Exhibit F to the Rifkind Declaration.

L.R. 40.4(b). *Englehart* and *Lambert* meet all these criteria and *Englehart* should be reassigned to this Court. Both cases are pending in the Eastern Division of the United States District Court for the Northern District of Illinois. Due to the significant similarities between the cases, a substantial saving of judicial time and effort will result from having the same judge preside over these actions. The cases concern the same underlying occurrence and facts, allege violations of the same laws, and request similar relief. As such, both cases are susceptible of disposition in a single proceedings.

*Lambert* has not progressed to the point where designating *Englehart* as related to would substantially delay the proceedings in *Lambert*. While the parties in Lambert have informed the Court of a settlement, *Lambert* is a litigation governed by the PSLRA. No Lead Plaintiff has been appointed in *Lambert*, and, as discussed herein, without the authority as a Court-appointed Lead Plaintiff, Lambert cannot enter into a class-wide settlement. Further, under the PSLRA, appointment of Lead Plaintiff generally occurs within ninety days of the filing of the PSLRA-required notice, or, in the case at bar, June 18, 2014. *See* 15 U.S.C. 78u-4(a)(3)(B)(i). Any delay, therefore, is necessary under the provisions of the PSLRA and will not be substantial.

## II. *ENGLEHART* AND *LAMBERT* SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42(a)

The PSLRA states that consolidation of related cases should occur prior to appointment of lead plaintiff(s):

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) [lead plaintiff] until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation of actions in federal courts is governed by Federal Rule of Civil Procedure 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Manual for Complex Litigation*, Fourth, §20.11, 218 (2004). Similarly, Section 21(D)(a)(3)(B) of the PSLRA contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." 15 U.S.C. §78u-4(a)(3)(B)(ii).

*Lambert* and *Englehart* concern common questions of law and fact and assert substantially the same claims. The actions concern the same conduct by the same defendants, namely whether defendants violated Sections 14(e) and 20(a) of the Exchange Act and their state law fiduciary duties through their conduct in connection with the Acquisition and Tender Offer. While the definitions of the *Englehart* Class and the *Lambert* Class differ, they are functionally the same. The *Englehart* Class is alleged after the close of the Acquisition and on behalf of Tellabs stockholders who were damaged by defendants' conduct.

Consolidation will serve to avoid duplicative discovery, motion practice, and other proceedings that will result if the actions are not consolidated, and hence the defendants will not be prejudiced by consolidation. Therefore, *Lambert* and *Englehart* should be consolidated pursuant to 15 U.S.C. §78u-4(a)(3)(B)(ii) and Federal Rule of Civil Procedure 42(a).

8

## III. THE COURT SHOULD STAY ALL PROCEEDINGS IN THE CONSOLIDATED ACTION PENDING APPOINTMENT OF LEAD PLAITNIFF AND LEAD COUNSEL TO REPRESENT THE INTERESTS OF THE CLASS

### A. The PSLRA Requires the Most Adequate Plaintiff(s) Be Appointed as Lead Plaintiff to Represent the Interests of the Class

Under the PSLRA, in a class action alleging violations of the Exchange Act, "the court must 'appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.'" *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12-C-3297, 2012 U.S. Dist. LEXIS 161441, at *3-4 (N.D. Ill. Nov. 9, 2012) (Holderman, C.J.), *quoting* 15 U.S.C. §78u-4(a)(3)(B)(i).[5] The PSLRA defines this member or members of the class as the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i). Class actions alleging violations of Section 14(e), such as *Lambert* and *Englehart*, require appointment of the most adequate plaintiff as Lead Plaintiff. *See, e.g., Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772-G, 2012 U.S. Dist. LEXIS 180013, at *4-5, 7-12 (N.D. Tex. Dec. 20, 2012) (appointing Lead Plaintiff and Lead Counsel in a class action for violations of Sections 14(a) and 14(e) of the Exchange Act).

Under the PSLRA, when determining the most adequate plaintiff,

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [subchapter] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice…; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Allscripts Healthcare*, 2012 U.S. Dist. LEXIS 161441, at *4. In the Lead Plaintiff inquiry into the requirements of Rule 23, "typicality and adequacy of

---

[5] In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval (Lead Counsel). *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Allscripts Healthcare*, 2012 U.S. Dist. LEXIS 161441, at *21.

9

representation are the only relevant considerations." *Allscripts Healthcare*, 2012 U.S. Dist. LEXIS 161441, at *15 (internal quotations marks and citation omitted). The PSLRA "does not specify how courts should measure the largest financial interest in the relief sought by the class." *Id.* at *6 (citations and internal quotation marks omitted). Courts have applied a four-factor test to assess which applications for appointment as Lead Plaintiff have the largest financial interest:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Id.* at *6-7.[6] "'[M]ost courts agree that [the] fourth factor — the approximate losses suffered — is the most salient factor in assessing the lead plaintiff.'" *Id.* at *7 (citation omitted).[7]

Of note, the financial interest of the Movants dwarfs that of Plaintiff Lambert. As of December 3, 2013, the date the Acquisition closed, Rodriguez held 300,000 shares of Tellabs common stock; the Trust, of which Rodriguez is the trustee, held 300,000 shares of Tellabs common stock; Englehart held 76,750 shares of Tellabs common stock. Rifkind Decl. Ex. D.

---

[6] The presumption in favor of the most adequate lead plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Allscripts Healthcare,* 2012 U.S. Dist. LEXIS 161441, at *4.

[7] That is especially true where, as here, *Lambert* and *Englehart* are brought on behalf of classes of "holders," as opposed to purchasers or sellers, of a company's stock, rendering factors 1-3 irrelevant. *See Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.)*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009) ("The number of shares held is another factor that may be considered in gauging the movants' financial interest in the Section 14(a) claims."). However, as these class actions allege claims in connection with a merger, the damages of the "relief sought by the class" will be any additional per share merger consideration shareholders are owed due to defendants' breaches of fiduciary duty. This amount will be identical for all Class members, and therefore, the number of shares owned at the time the Acquisition closed is, in this case, the most, indeed the only, salient factor.

Combined, Movants held 676,750 shares of Tellabs common stock. Plaintiff Lambert, by comparison, held 43,550 shares of Tellabs common stock as of the date the *Lambert* Complaint was filed. Rifkind Decl. Ex. E.

### B. Plaintiff Lambert's Failure to Publish the PSLRA-required Notice Prevented Movants and Other Tellabs Stockholders from Moving for Appointment as Lead Plaintiff(s)

The PSLRA mandates that a plaintiff publish a notice to the class within twenty days of filing a complaint governed by the PSLRA:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i); *see also Statement of Managers – The "Private Securities Litigation Reform Act of 1995,* H.R. Conf. Rep. 104-369, at 33 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 732 ("A plaintiff filing a securities class action ***must, within 20 days of filing a complaint, provide notice to the members of the purported class* . . . .**") (emphasis added).

Lambert and his counsel failed to issue the PSLRA-required notice. Absent publication of the PSLRA-required notice, Movants (and other former Tellabs stockholders) were unable to move for appointment as Lead Plaintiff because, under the PSLRA, a movant for Lead Plaintiff can only make his or her motion "not later than 60 days after the date on which the notice is published." 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Without Lambert's notice, the proposed class was never alerted to the deadline, the time period never began to run, and motions for appointment as Lead Plaintiff could not be made.

11

### C. Absent Appointment as Lead Plaintiff and Lead Counsel, Lambert and His Counsel Do Not Have Authority to Act on Behalf of the Class and the Court Should Stay All Proceedings Pending Appointment of Lead Plaintiff(s)

Lead Plaintiff and Lead Counsel play a crucial role in class action litigation like the case at bar. *See In re Diamond Foods, Inc.*, 281 F.R.D. 405, 413 (N.D. Cal. 2012) ("A lead plaintiff is a fiduciary for the investor class."). The purpose of the PSLRA lead plaintiff provisions is "to encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class" and "to increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholder, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel." *Statement of Managers – The "Private Securities Litigation Reform Act of 1995,* H.R. Conf. Rep. 104-369, at 32 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 731. Accordingly, the Court must ensure that the class's claims are being pursued by the best qualified representatives. *See Millman v. Brinkley*, No. 03-cv-3831-WSD, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (explaining that "the 'guiding principle' is who will 'best serve the interest of the plaintiffs'") (citation omitted); *Dollens v. Zionts*, No. 01-C-5931, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001) (explaining that courts should appoint the plaintiff that "is likely to benefit the plaintiffs *most*" (emphasis in original)); *King v. VeriFone Holdings, Inc.*, 12 A.3d 1140, 1151 (Del. 2011) (describing the goal of appointing Lead Counsel as ascertaining "who will best serve the interests of the corporation and its shareholders and most effectively prosecute the litigation") (footnote omitted).

It is the Lead Plaintiff, through its retained Lead Counsel, that has authority to prosecute securities fraud class actions governed by the PSLRA. Courts have, in fact, expressed grave concern over the legitimacy and efficacy of actions taken by an individual plaintiff or his

counsel—including settlement negotiations—before they have been duly appointed to act on behalf of the class they purport to represent. As explained by the Third Circuit:

> [Anyone] who unofficially represents the class during settlement negotiations may be under strong pressure to conform to the defendants' wishes. This is so because such an individual, lacking official status, knows that a negotiating defendant may not like his 'attitude' and may try to reach a settlement with another member of the class. . . . The attorneys' fees and the prestige attendant upon probable appointment as class representative are the rewards for the attorney who bargains successfully with the defendants.

*Ace Heating & Plumbing Co., Inc. v. Crane Co.*, 453 F.2d 30, 33 (3d Cir. 1971).

Rather than publish the required notice within the PSLRA mandated twenty day time period, and file a motion for Lead Plaintiff, Lambert and his counsel negotiated a settlement of the *Lambert* action. The Memorandum of Understanding concerning that settlement was entered into on or about November 23, 2013, eighteen days after *Lambert* was filed. Rifkind Decl. Ex. A. That settlement was recently finalized, and the parties expect to move for preliminary approval by March 21, 2014. Rifkind Decl. Ex. B. Lambert and his appointed themselves to prosecute this action, which is contrary to the PSLRA. Without Court appointment as Lead Plaintiff, Lambert should not and cannot be allowed to negotiate a settlement on behalf of the class.

Before Lambert proceeds any further with settlement negotiation or approval, the Court should stay these proceedings and ensure that the parties purporting to represent former Tellabs stockholders will, in fact, best serve the interests of those stockholders. Courts, in fact, frequently stay proceedings in putative class actions pending the appointment of Lead Plaintiff and Lead Counsel. *See, e.g., Thompson v. Shaw Group, Inc.*, No. 04-1685, 2004 U.S. Dist. LEXIS 25641, at *7 (E.D. La. Dec. 13, 2004) (referencing prior order staying proceedings pending appointment of Lead Plaintiff); *In Re Smith Barney Transfer Agent Litig.*, 823 F. Supp. 2d 202, 206 (S.D.N.Y. 2011) (staying discovery pending appointment of Lead Counsel); *Aronson v. McKesson HBOC,*

*Inc.*, 79 F. Supp. 2d 1146, 1159 (N.D. Cal. 1999) (staying all proceedings pending appointment of Lead Counsel).

Accordingly, the Court should stay any and all proceedings herein pending the appointment of Lead Plaintiff and Lead Counsel.

## CONCLUSION

For all of the foregoing reasons Movants respectfully request that the Court grant their Motion, reassign *Englehart* to this Court, consolidate *Lambert* and *Englehart*, and stay all proceedings in the consolidated action pending the Court's appointment of Lead Plaintiff and Lead Counsel.

Dated: March 24, 2014

LASKY & RIFKIND, LTD.
NORMAN RIFKIND
AMELIA S. NEWTON


/s/ Norman Rifkind
NORMAN RIFKIND

351 West Hubbard Street, Suite 401
Chicago, IL 60654
Tel: (312) 634-0057
Fax: (312) 634-0059

*Local Counsel for Plaintiffs Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust*

GREENE AND LETTS
ATTORNEYS AT LAW
MARTIN P. GREENE
ZACHARY BUDDEN
55 Monroe Street
Suite 600
Chicago, IL 60603
Tel: (312) 346-1100
Fax: (312) 346-4571
Firm No. 19070

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
DAVID KNOTTS
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
JAMES E. BARZ
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Tel: (312) 674-4674
Fax: (312) 674-4676

WOLF POPPER LLP
ROBERT M. KORNREICH
CHET B. WALDMAN
JOSHUA W. RUTHIZER
NATALIE M. MACKIEL
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600
Fax: (212) 486-2093

JOHNSON &amp; WEAVER, LLP
W. SCOTT HOLLEMAN
99 Madison Avenue, 5th Floor
New York, NY 10016
Tel: (212) 802-1486
Fax: (212) 602-1592

*Attorneys for Plaintiffs Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust*

15