# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CITY OF LAKELAND EMPLOYEES )
PENSION PLAN, individually and on behalf of )
all others similarly situated, )
                                                   ) Case No. 13CH23890
        Plaintiff, )
                                                   ) Honorable Rita M. Novak
   v. )
)
)
TELLABS, INC., VINCENT H. TOBKIN, BO )
HEDFORS, FRANK IANNA, VINCENT D. )
KELLY, MICHAEL E. LAVIN, STEPHANIE )
PACE MARSHALL, ALEX MASHINSKY, )
GREGORY J. ROSSMAN, DENNIS F. )
STRIGL, JAN H. SUWINSKI, MIKEL H. )
WILLIAMS, MARLIN EQUITY PARTNERS, )
BLACKHAWK HOLDING VEHICLE LLC, )
and BLACKHAWK MERGER SUB, )
)
        Defendants.

## THE TELLABS DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR 2-619(a)(3) MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY IN FAVOR OF LITIGATION PENDING IN DELAWARE

Defendants Tellabs, Inc., Vincent Tobkin, Bo Hedfors, Frank Ianna, Vincent Kelly, Michael Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory Rossmann, Dennis Strigl, Jan Suwinski, and Mikel Williams[1] respectfully submit this memorandum in support of their motion to dismiss the Class Action Complaint For Breach Of Fiduciary Duty ("Complaint") filed by Plaintiff City of Lakeland Employees Pension Plan ("Plaintiff") pursuant to Section 2-619(a)(3) of the Illinois Code of Civil Procedure or, in the alternative, to stay this action in light

---

[1] The moving defendants are collectively referred to as the "Tellabs Defendants." Tobkin, Hedfors, Ianna, Kelly, Lavin, Marshall, Mashinsky, Rossmann, Strigl, Suwinski, and Williams are collectively referred to as the "Director Defendants."

of a consolidated action pending in Delaware Chancery Court between the same parties for the same cause.[2]

## PRELIMINARY STATEMENT

Tellabs, Inc. ("Tellabs") is a Delaware Corporation that designs, develops, and supports telecommunications networking products. (Am. Compl. ¶14.) On October 21, 2013, Tellabs and Marlin Equity Partners ("Marlin") announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement"), pursuant to which an affiliate of Marlin plans to acquire all of the outstanding shares of Tellabs' common stock for $2.45 per share in cash, via a tender offer that commenced on November 1, 2013 and is currently scheduled to close on December 2, 2013, unless extended. (*Id.* ¶2; *see also* Schedule 14D-9, Ex. A at 2.)

In the wake of this announcement, sixteen lawsuits have been filed in four different jurisdictions on behalf of the same putative class and alleging the same claims against the same group of alleged defendants—that is, that the transaction is the result of breaches of fiduciary duties on behalf of the Director Defendants. Three of the actions were filed in Delaware, which is the state where Tellabs is incorporated. It is undisputed that Delaware law governs the fiduciary duty claims. The Delaware Chancery Court has consolidated the Delaware actions under the caption *In re Tellabs, Inc. Stockholders Litigation*, Consolidated C.A. No. 9028-VCL (the "Delaware Action") and appointed Co-Lead Counsel. (*See* Order of Consolidation and Appointment of Co-Lead Counsel, attached as Ex. B.) Plaintiffs in the Delaware Action filed a Verified Consolidated Amended Class Action Complaint (the "Delaware Complaint") on November 6, 2013. (*See* Delaware Complaint, attached as Ex. C.) The parties to the Delaware

---

[2] On November 8, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint *Instanter*. The arguments set forth herein apply equally to Plaintiff's original Complaint and Amended Complaint. Indeed, for the avoidance of any doubt that the Amended Complaint may cure the defects in Plaintiff's claim, the Director Defendants cite herein to Plaintiff's Amended Complaint.

Action are in the process of setting a court conference for case management and scheduling purposes.

It simply makes no sense to have these numerous lawsuits proceed piecemeal in different fora. The claims at issue should proceed in Delaware, whose law governs, whose courts have particular expertise, whose courts have expressly indicated that matters such as these—involving transactions by Delaware corporations—should come before them, and who alone among the jurisdictions has had a judicial order entered coordinating the pending cases, appointing lead counsel, and setting a scheduling conference. *Indeed, in light of the parallel proceedings in Delaware, DuPage County Circuit Court Judge Sheen has <u>already</u> granted a motion by the Tellabs Defendants to stay one of the actions pending in that court in favor of the Delaware Action.* (*See* 11/7/13 Order, attached as Ex. D; *see also* Record of Proceedings at 20-22, attached as Ex. E.)

Accordingly, the Tellabs Defendants move for dismissal of this action with prejudice under Section 2-619(a)(3) of the Illinois Code of Civil Procedure, which gives this Court discretion to dismiss a complaint where an action involving the same parties and the same cause is pending in another jurisdiction. A dismissal of this case will serve the interests of comity, avoid duplicative litigation, and allow Plaintiff and the putative class of Tellabs stockholders it purports to represent the opportunity to obtain the relief they seek in the Delaware proceeding.

## ARGUMENT

Section 2-619(a)(3) of the Illinois Code of Civil Procedure provides that a defendant may seek involuntary dismissal of a complaint where "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3). "The purpose of this section is to further judicial economy by avoiding duplicative litigation." *Doutt v. Ford Motor Co.*, 276 Ill. App. 3d 785, 788 (1st Dist. 1995); *see also Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318 (1st

Dist. 1995) (same); *Overnite Transp. Co. v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 332 Ill. App. 3d 69, 73 (1st Dist. 2002) (same); *Kapoor v. Fujisawa Pharm. Co., Ltd.*, 298 Ill. App. 3d 780, 785 (1st Dist. 1998) (same). Section 2-619(a)(3) motions are "construed liberally" to effectuate these ends. *Midas Int'l Corp. v. Mesa, S.p.A.*, 2013 IL App (1st) 122048, ¶12; *see also Forsberg v. City of Chicago*, 151 Ill. App. 3d 354, 372 (1st Dist. 1986).

I. **The Complaint Should Be Dismissed Under 2-619 Because It Involves The Same Parties And the Same Cause As The Delaware Complaint.**

Dismissal under Section 2-619(a)(3) requires that the consolidated action involve the "same parties" and the "same cause" as the action pending in Delaware. However, "neither the parties nor the cause need be identical." *Forsberg*, 151 Ill. App. 3d at 372. Rather, to meet the "same parties" requirement, the litigants must simply have "sufficiently similar" interests, even if the actual litigants differ in name or number. *See Kapoor*, 298 Ill. App. 3d at 786.

The "same parties" requirement is clearly satisfied here. The Amended Complaint in this case names the same defendants as the Delaware Complaint: Tellabs, the Director Defendants, and Marlin. (*Compare* Am. Compl. ¶¶14-28 *with* Delaware Compl. ¶¶8-20.) Further, the named Plaintiff in this action purports to represent the same class of Tellabs stockholders as the plaintiffs in the Delaware Action. (*Compare* Am. Compl. ¶30 *with* Delaware Compl. ¶28.) Indeed, in bringing this action as a putative class action on behalf of all Tellabs stockholders, Plaintiff concedes that its interests are the same as those of the class that it and the Delaware plaintiffs all purport to represent. (*See, e.g.,* Am. Compl.¶34 ("Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff does not have any interests adverse to the Class.").) Thus, this action involves the "same parties" under Section 2-619(a)(3) as the Delaware Action. *See Forsberg*, 151 Ill. App. 3d at 372 (finding that plaintiffs in dismissed

4

action, which were members of the plaintiff classes in action in other jurisdiction, were the same parties for purposes of Section 2-619(a)(3)); *Braun v. Playboy Enters., Inc.*, No. 10 CH 30121, slip op. at 4-5 (Cook Cty. Cir. Ct., Oct. 6, 2010) (attached as Ex. F) (granting Section 2-619(a)(3) motion dismissing stockholder class action where similar class actions were pending in Delaware: "[A]ll plaintiffs necessarily seek to establish commonality and typicality between them as prerequisites of class certification. This is sufficient to satisfy the same parties requirement of section 2-619(a)(3)."); *Schnitzer*, 274 Ill. App. 3d at 319 ("Because the *Miller* plaintiffs and the plaintiff in this case are all representatives of Edison seeking the same recovery from the same defendants, the *Miller* plaintiffs have sufficiently similar interests to the plaintiff to be the same party as plaintiff under section 2-619.").

The "same cause" requirement also is satisfied here. For this requirement, "[t]he crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differs between the two actions." *Midas Int'l*, 2013 IL App 122048 at ¶13 (internal quotations omitted); *see also Kapoor*, 298 Ill. App. 3d at 786. Here, both actions are based on the Merger Agreement, and both allege that the Director Defendants breached their fiduciary duties in connection with the Merger Agreement by allegedly: (1) agreeing to a deal that undervalues Tellabs stock; (2) engaging in an inadequate sales process; and (3) agreeing to "numerous preclusive deal protection devices that guarantee the success of the Proposed Acquisition for Marlin." (*Compare* Am. Compl. ¶¶46-76 *with* Delaware Compl. ¶¶41-74.)

In addition, both complaints allege that the Solicitation Statement filed by Defendants with the SEC on November 1, 2013 (*i.e.*, the Schedule 14D-9) "contains numerous material misstatements and otherwise fails to disclose material information about the flawed sales

5

process." (*Compare* Am. Compl. ¶¶67-75 *with* Delaware Compl. ¶¶75-88.) Specifically, plaintiffs in both actions complain that the Solicitation Statement omits information regarding (i) Tellabs' financial projections, (ii) the financial analyses preformed by Goldman, Sachs & Co., the Board's financial advisor; (iii) certain conflicts of interest; and (iv) the sales process resulting in the Acquisition. (*See* Am. Compl. ¶¶85-93 and Delaware Compl. ¶¶75-88.)

The Amended Complaint here and the Delaware Complaint also assert the same aiding and abetting claims against Tellabs and Marlin. (*Compare* Am. Compl. ¶¶85-93 *with* Delaware Compl. ¶¶100-103.) Because "[P]laintiff and the [Delaware] plaintiffs are seeking to enforce the same corporate right – recovery from the same defendants for the same breaches of duty on the same facts," dismissal pursuant to Section 2-619(a)(3) is appropriate. *See Schnitzer*, 274 Ill. App. 3d at 319.

## II. The *Kellerman* Factors Weigh In Favor Of Dismissal.

Because the "same parties" and "same cause" requirements have been satisfied, this Court has discretion to dismiss the consolidated action. The considerations relevant to the exercise of that discretion all favor dismissal here. These considerations are: (1) comity; (2) the prevention of multiplicity, vexation and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum. *See Kellerman v. MCI Telecomm. Corp.*, 112 Ill.2d 428, 447-48 (1986). In similar circumstances involving alleged fiduciary breaches in connections with transactions governed by Delaware law, Illinois courts have not hesitated to find that the *Kellerman* factors favor dismissal in favor of Delaware. *See, e.g., Braun*, slip op. at 1-9.

**Comity.** The principle of comity, defined as "giving respect to the laws and judicial decisions of other jurisdictions out of deference," *Hapag-Lloyd (Am.), Inc. v. Home Ins. Co.*, 312 Ill. App. 3d 1087, 1096 (1st Dist. 2000) (internal quotations omitted), weighs in favor of

6

dismissal. Tellabs is incorporated in Delaware, and the fiduciary obligations of the Director Defendants are governed by Delaware law. *See Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 314 n.1 (1st Dist. 2002). This fact is entitled to significant weight: The Delaware Court of Chancery is uniquely skilled in applying the corporate law of that jurisdiction and "[t]he decision most in keeping with the principle of comity is that which grants appropriate deference to the Delaware Court of Chancery as to issues that arise under Delaware law." *Braun*, slip op. at 6; *see also Philips Elecs., N.V. v. New Hampshire Ins. Co.*, 295 Ill. App. 3d 895, 908 (1st Dist. 1998) (in exercising its discretion under Section 2-619(a)(3), observing that "most importantly" English law would govern interpretation of the agreement at issue). Further, Delaware courts have a well-developed body of case law addressing the duties of a company's directors in a sale-of-control transaction like the one at issue in this case. *See, e.g., In re Bioclinica, Inc.*, 2013 Del. Ch. LEXIS 250 (Del. Ch. Oct. 16, 2013); *In re Morton's Restaurant Group, Inc.*, 2013 Del. Ch. LEXIS 188 (Del. Ch. July 23, 2013); *In re Cogent, Inc. S'holder Litig.*, 7 A.3d 487 (Del. Ch. 2010); *In re Dollar Thrifty S'holder Litig.*, 14 A.3d 573 (Del. Ch. 2010); *In re Lear Corp. S'holder Litig.*, 926 A.2d 94 (Del. Ch. 2007); *In re Toys "R" Us, Inc. S'holder Litig.*, 877 A.2d 975 (Del. Ch. 2005); *In re Pennaco Energy, Inc.*, 787 A.2d 691 (Del. Ch. 2001).

Moreover, Delaware courts have made clear that fiduciary duty breach challenges of the sort asserted here, which are governed by Delaware law and involve a transaction by a Delaware corporation, are matters that Delaware courts have a special interest in adjudicating. Indeed, as Chancellor Strine has noted, "[r]epresentative plaintiffs seeking to wield the cudgel for all stockholders of a Delaware corporation have no legitimate interest in obtaining a ruling from a non-Delaware court." *In re the Topps Company S'holder Litig.*, 924 A.2d 951, 961 (2007); *see also In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 118 (Del. Ch. 2009)

7

("Citigroup is incorporated in Delaware, and the fiduciary duties owed by its officers and directors are governed by Delaware law.... Delaware has an ongoing interest in applying our law to director conduct in the context of current market conditions —conditions which change rapidly and pose new challenges for directors and officers of Delaware corporations."); *Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007) ("Delaware courts have a significant and substantial interest in overseeing the conduct of those owing fiduciary duties to shareholders of Delaware corporations.") (internal quotation marks omitted).

**Duplicative Lawsuits.** The second *Kellerman* factor, prevention of duplicative lawsuits, vexation and harassment, weighs in favor of dismissal as well. The Delaware Court has already granted a motion to consolidate the actions originally filed in Delaware, the plaintiffs in that action filed a Consolidated Amended Complaint on November 6, 2013, and the parties are in the process of setting a court conference for case management and scheduling purposes. Dismissal of this action will prevent wasteful and duplicative proceedings ongoing in separate state courts.[3]

**Complete Relief.** The third *Kellerman* factor, the likelihood of obtaining complete relief in Delaware, also weighs in favor of dismissal. The injunctive relief sought in the Delaware Action is the same as that sought in this consolidated action. (*Compare* Am. Compl. at 29-30 *with* Delaware Compl. at p. 27.) If the putative class succeeds on the merits of its claim in the Delaware Chancery Court, Plaintiff here will receive the benefit of any relief granted by that court.

---

[3] The fact that this lawsuit was filed one day before the first complaint was filed in Delaware is of no moment. "[O]ur supreme court has pointed out that the time of filing is not determinative." *See Midas Int'l Corp. v. Mesa, S.p.A.*, 2013 IL App (1st) 122048, ¶ 23 (citing *A. E. Staley Mfg. Co. v. Swift & Co.*, 84 Ill.2d 245, 252 (1980)); *see also Skipper Marine Electronics, Inc. v. Cybernet Marine Products*, 200 Ill. App. 3d 692, 696–97 (1st Dist. 1990). In any event, for the purposes of determining a motion to dismiss or stay, the filings should be regarded as simultaneous. *See Topps*, 924 A.2d at 953 ("When all the actions are filed essentially simultaneously on the heels of the announcement of a transaction, the mere fact that one plaintiff won the filing Olympics by beating his competitors to court by a day also has no bearing on where the case should proceed.").

In addition, the Delaware Complaint, like the Amended Complaint here, claims that the proposed acquisition price undervalues Tellabs' shares. (*See* Am. Compl. ¶3; Delaware Compl. ¶3.) Delaware law provides a remedy for shareholders who are dissatisfied with the offering price in a merger transaction that nonetheless is consummated. Under Delaware law, such shareholders may bring an "appraisal" action in the Delaware Court of Chancery. Del. Code Annot., tit. 8, § 262. Given that one of the alleged claims in this litigation is that the offer price is unfair, stockholders holding that view are entitled to seek appraisal in Delaware Court of Chancery, which can efficiently resolve such actions along with fiduciary duty claims. Moreover, the appraisal remedy afforded by law is one that is required to be exclusively adjudicated in Delaware courts, therefore providing yet another reason why it makes little sense to have related litigation proceed elsewhere than Delaware. *See* Del. Code Annot., tit. 8, 262(e) (noting that shareholders "may commence an appraisal proceeding by filing a petition *in the Court of Chancery*") (emphasis added).

Whether the Delaware Actions will ultimately succeed is not relevant, as "[t]he question is not whether plaintiff certainly will *obtain* complete relief in Delaware, but whether complete relief is *available* in that forum." *Braun*, slip op. at 8 (citing *Cont'l Cas. Co. v. Radio Materials Corp.*, 366 Ill. App. 3d 345, 348 (1st Dist. 2006)) (emphases added). Given the availability of complete relief in Delaware, dismissal of this Illinois action will not in any way prejudice Plaintiff.

**Res Judicata.** R*es judicata* is not a relevant consideration in the context of a dismissal, as opposed to a stay: "After a dismissal, there is no remaining action to which *res judicata* principles can be applied." *Kapoor*, 298 Ill. App. at 790; *see also Braun*, slip op. at 6.[4]

---

[4] In terms of whether this Court should, in the alternative, stay this action, the *res judicata* factor weighs in favor of staying this action in favor of the Delaware Action because the Delaware Action is equally, if

9

\* \* \*

Finally, it is worth noting that Plaintiff's choice of a Cook County, Illinois forum is not entitled to any weight. First, the City of Lakeland is not in Illinois; it appears to be in Florida. Second, the fact that Tellabs is headquartered in Illinois is irrelevant. This issue is the application of Delaware law to fiduciary duties in the sale of the Company, not the physical location of Tellabs' operations. *Topps*, 924 A.2d at 962-63 (location of company's headquarters might be important in "contract, employment, worker safety, environmental, and tort claims" but "has no rational relation" to choice of forum in a case "about the responsibilities of directors of a Delaware corporation to the corporation and its stockholders under Delaware law"). And, in any event, Tellabs' headquarters is in DuPage County (where five other cases are pending), not Cook County, and Judge Sheen already stayed a similar action pending there. Third, and most importantly, Plaintiff purports to represent a nationwide class of Tellabs shareholders, not just residents of Illinois. These Tellabs stockholders all chose to invest in a Delaware corporation whose directors are bound by substantive Delaware corporation law and statutorily required to submit to personal jurisdiction in the courts of Delaware. *See* Del. Code Ann. tit. 10, §3114 (2000). *See also Topps,* 924 A.2d at 961.

In light of all of the foregoing equitable considerations, the Court should exercise its discretion and dismiss the instant Complaint with prejudice.

### III. In The Alternative, This Action Should Be Stayed Pending Disposition Of The Delaware Proceedings.

In the alternative, the Court should stay this action pending disposition of the Delaware Action. Section 2-619(a)(3) explicitly permits dismissal or "other appropriate relief" and thus

---

not more, expansive than this action. Thus disposition of the Delaware Action would entirely resolve the claims here. *See Hapag*-Lloyd, 312 Ill. App. 3d at 1097-98.

10

"[t]he circuit court may stay proceedings as part of its inherent authority to control the disposition of the cases before it." *Philips Elecs., N.V.*, 295 Ill. App. 3d at 901. Accordingly, if the Court does not dismiss this action, it should stay this case in its entirety pending the outcome of the Delaware Action.

## Conclusion

For the foregoing reasons, the Tellabs Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Amended Complaint with prejudice pursuant to 735 ILCS 5/2-619(a)(3), or, in the alternative, stay this action in its entirety pending the outcome of the Delaware Action.

Date: November 12, 2013                                                  Respectfully submitted.

*Tellabs. Inc., Bo Hedfors, Frank Ianna, Vincent Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Vincent H. Tobkin, and Mikel H. Williams*

By: /s/ Kathleen Carlson
One of Their Attorneys

David F. Graham
James W. Ducayet
Rachel B. Niewoehner
Melanie E. Walker
Kathleen L. Carlson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
Attorney No. 42418

11