# EXHIBIT C

```
 1    STATE OF ILLINOIS     )
 2                          ) SS:
 3    COUNTY OF COOK        )
 4        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
 5            COUNTY DEPARTMENT - CHANCERY DIVISION
      CITY OF LAKELAND EMPLOYEES         )
 6    PENSION PLAN, Individually and on  )
      Behalf of All Others Similarly     )
 7    Situated,                          )
              Plaintiffs,                )
 8        vs.                            ) No.   13 CH 2389
      TELLABS, INC., VINCENT H. TOBKIN,  )
 9    BO HEDFORS, FRANK IANNA, VINCENT   )
      D. KELLY, MICHAEL E. LAVIN,        )
10    STEPHANIE PACE MARSHALL, ALEX      )
      MASHINSKY, GREGORY J. ROSSMANN,    )
11    DENNIS F. STRIGL, JAN H. SUWINSKI, )
      MIKEL H. WILLIAMS, MARLIN EQUITY   )
12    PARTNERS, BLACKHAWK HOLDING        )
      VEHICLE, LLC, and BLACKHAWK        )
13    MERGER SUB, INC.,                  )
              Defendants.                )
14
15               REPORT OF PROCEEDINGS at the hearing
16    of the above-entitled cause before the
17    Honorable RITA M. NOVAK, Judge of said Court, on
18    the 13th day of November, 2013, at the hour of 9:30
19    a.m.
20
21
22
23    Reported By:    Raelene Stamm, CSR
24    License No.:    084-004445
```

Page 21

1     THE COURT: Okay. Go ahead.
2     MR. DUCAYET: Thank you, your Honor.
3     Your Honor, you said that procedural
4 issues matter, and we agree. As your Honor
5 indicated, this is essentially a motion for
6 expedited discovery in support of an unfiled and
7 unseen motion for preliminary injunction. But we
8 have a much bigger problem, your Honor, and it is
9 another procedural problem which is there is a
10 consolidated action in Delaware in which there has
11 been an amended complaint filed. The Court in
12 Delaware has appointed lead plaintiff and lead
13 counsel. Discovery is proceeding in that case.
14 The parties have agreed on a confidentiality order.
15     And the matter in essence is proceeding
16 along in front of a Court as Mr. Wissbroecker
17 indicated Delaware law applies to this case. It's
18 a Delaware corporation, Delaware law claims, and
19 the Court of chancery is uniquely situated to
20 resolve those claims. That's the situation in
21 Delaware, your Honor, right now.
22     The situation in Illinois quite frankly is
23 a bit of a free for all. Mr. Wissbroecker admitted
24 that he's got a client who has a case in DuPage as

1   well as a client that's got a case in Cook county.
2   None of these cases have been consolidated. We are
3   facing this morning, your Honor, three separate
4   motions for expedition in this Court. It just so
5   happens that two of them are in cases that were
6   assigned to your Honor. There's a third one at
7   11 o'clock this morning upstairs in front of
8   Judge Larsen.
9           And so, in addition, we've got the DuPage
10  cases in which there has already been this
11  identical motion filed and considered by one of
12  your colleagues on the chancery court in DuPage
13  County. And so, your Honor, we think again to get
14  back to the point of procedural matters, this
15  motion is entirely inappropriate. It's entirely
16  premature.
17          We filed our 2-619 motion, your Honor,
18  because 2-619 provides you with a tool to provide
19  some kind of rationality in some way to ensure that
20  this matter proceeds as it should in front of one
21  court and in front of one judge. It really makes
22  no sense at all and frankly is quite prejudicial
23  for us to be facing sixteen lawsuits in four
24  different jurisdictions. The case should proceed

1   in one jurisdiction in Delaware. That's the law
2   that applies. That's the case that's been
3   consolidated. The judge has appointed lead
4   plaintiff. The matter is further along.
5        And, your Honor, we don't think you need
6   to get to the merits of the motion for expedited
7   discovery. You should deny it. You should
8   consider our 2-619 motion. If Mr. Wissbroecker
9   wants to brief that, we're happy to do that, but
10  that needs to be the threshold matter. Before we
11  get into any issues of discovery, we should
12  determine whether or not this case actually even
13  goes forward. We believe for all the reasons that
14  we've identified in our motion that it should not.
15       THE COURT: All right. Anyone else on this
16  side?
17       MR. WISSBROECKER: Your Honor, if I could
18  briefly --
19       THE COURT: May I ask, is there any Illinois
20  plaintiff who has an interest in this litigation?
21       MR. WISSBROECKER: I can -- I know for certain
22  that my client is from Lakeland, but I am -- so
23  they're not a resident of Illinois.
24       THE COURT: What about the other one?

1 but it's -- there's no prejudice in that
2 circumstance because of the fact that defendants
3 have already agreed to produce documents. It's
4 electronic discovery. They can hit send on an
5 e-mail. And in the event that the Court decides to
6 stay the matter next week when it's properly
7 noticed, then that would be the end of it. But in
8 the interim we would have access to the documents
9 and the ability to be prepared to go forward in a
10 much less truncated time frame.
11     So if we have to start from square one
12 next Tuesday or Wednesday, that gives us a week
13 less of run up time. And I think that because
14 there wouldn't be any -- any detriment to
15 defendants in terms of they've already got the
16 documents ready to go, that would be good middle
17 ground to take on this.
18     THE COURT: I see.
19     MR. DUCAYET: Your Honor, we don't agree with
20 that, and that essentially is asking for the relief
21 that he's moving for this morning. We don't think
22 that's appropriate. If Mr. Wissbroecker wants
23 documents in Delaware, he should come to Delaware.
24 That's where this case belongs.