# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ROBERT ENGLEHART, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, VINCENT H. TOBKIN, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE LLC, and BLACKHAWK MERGER SUB,<br><br>           Defendants. | Case No. 13CH23886<br><br>Honorable Rita M. Novak<br><br>Consolidated with Case Nos. 13CH24889, 13CH24757, 13CH24519, 13CH24111, and 13CH23890 |

## THE DIRECTOR DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR 2-619(a)(3) MOTION TO STAY IN FAVOR OF LITIGATION PENDING IN THE NORTHERN DISTRICT OF ILLINOIS, OR IN THE ALTERNATIVE, OF THE PENDING CASES IN DUPAGE COUNTY, AND MOTION TO DEFER DISCOVERY

Defendants Bo Hedfors, Frank Ianna, Vincent Kelly, Michael Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory Rossmann, Dennis Strigl, Jan Suwinski, Vincent Tobkin, and Mikel Williams (collectively, the "Director Defendants") respectfully submit this memorandum in support of their Motion to Stay the six actions that have been consolidated under the above caption[1] pursuant to Section 2-619(a)(3) of the Illinois Code of Civil Procedure

---

[1] The six actions that have been consolidated are: *Englehart v. Hedfors, et al.*, Case No. 13 CH 23886; *City of Lakeland Employees Pension Plan v. Tellabs, Inc., et al.*, Case No. 13 CH 23890; *McCoomb v. Tellabs, Inc., et al.*, Case No. 13 CH 24411; *Reynolds v. Tellabs, Inc., et al.*, Case No. 13 CH 24519; *Walpole v. Tellabs, Inc., et al.*, Case No. 13 CH 24757; and *Rodriguez v. Tellabs, Inc., et al.*, Case No. 13 CH 24889. (*See* November 20, 2013 Consolidation Orders, attached hereto as Ex. 1.)

in light of a federal action pending in the Northern District of Illinois between the same parties related to the same transaction or, in the alternative, to stay the consolidated action in favor of the first-filed case in DuPage County, and motion to defer discovery initiated by Plaintiff Englehart.

## PRELIMINARY STATEMENT

Tellabs, Inc. ("Tellabs") is a Delaware corporation that designs, develops, and supports telecommunications networking products. (Am. Compl. ¶14.)[2] This consolidated action challenges a transaction (the "Transaction") announced on October 21, 2013 between Tellabs and Marlin Equity Partners ("Marlin") by which an affiliate of Marlin acquired all of the outstanding shares of Tellabs' common stock for $2.45 per share in cash, via a tender offer that commenced on November 1, 2013 and closed on December 2, 2013. (*Id.* ¶2; *see also* Schedule 14D-9, attached hereto as Ex. 2 at 2.)

In the wake of the October 21, 2013 announcement, sixteen lawsuits were filed in four different jurisdictions[3] on behalf of the same putative class and alleging the same claims against essentially the same group of alleged defendants—that is, that the Transaction was the result of breaches of fiduciary duties on behalf of the Director Defendants and that the disclosures set forth in the Schedule 14D-9 filed with the Securities and Exchange Commission ("SEC")

---

[2] Because plaintiffs have not yet filed a consolidated Second Amended Complaint, all citations to an Amended Complaint refer to the Amended Complaint filed in the *Englehart* action on November 4, 2013, which Defendants understand to be the current operative complaint for the consolidated action.

[3] Specifically, the first complaint was filed in DuPage County. Thereafter, four more complaints were filed in DuPage County, seven complaints were filed in Cook County (one of which has been voluntarily dismissed), three complaints were filed in Delaware Chancery Court, and one complaint was filed in the Northern District of Illinois. The three actions filed in Delaware Chancery Court were subsequently consolidated, and while these actions have not yet been dismissed, plaintiffs' counsel in the consolidated Delaware action has indicated that he intends to voluntarily dismiss the action. The five complaints filed in DuPage County have been consolidated before Judge Sheen under the caption, *Jackson v. Tellabs, Inc., et al.*, Case No. 13CH2988. The consolidated DuPage action is currently stayed. (*See* January 8, 2014 Agreed Order and November 7, 2013 Order, attached hereto as Group Ex. 3.)

2

regarding the Transaction were inadequate. Subsequent to the filing of the lawsuits, Defendants appeared in both DuPage County and in Cook County to defend against separate motions for expedited discovery. The first of these motions was heard in DuPage County, at which time the plaintiff's motion was denied, and the court stayed the action. (*See* November 7, 2013 Order in *Setareh v. Tellabs, Inc., et al.*, Case No. 2013CH002997 (DuPage Chancery Court), attached hereto as Ex. 3.) A subsequent hearing in Cook County likewise resulted in denials of requests for expedited discovery. (*See* November 13, 2013 Order in *Englehart v. Tobkin, et al.*, Case No. 2013CH23886 (Novak, J.), and November 13, 2013 Order in *City of Lakeland Employees Pension Plan v. Tellabs, Inc., et al.*, Case No. 13 CH 23890 (Novak, J.), attached hereto as Group Ex. 4.) Following those denials, the parties in the Cook County actions agreed to a stay of the case in exchange for plaintiffs' receipt of certain documents that Defendants were already producing in connection with other litigation. The Court also entered an agreed order in both the *Englehart* and *City of Lakeland Employees Pension Plan* actions to enter and continue Defendants' 2-619(a)(3) motions, as well as Defendants' Motions to Defer Their Submission of a Section 2-615 Motion to Dismiss, which had been previously filed with the Court.

Among the sixteen actions filed in the wake of the Transaction's announcement was a federal action filed in the Northern District of Illinois (the "Federal Action"). The Federal Action involves the same putative class and essentially the same defendants, and also includes similar claims based on the Transaction. The Federal Action is, however, ***broader*** than any of the cases pending in either DuPage or Cook Counties because, in addition to state law claims for breach of fiduciary duty, it also asserts claims for violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934. (*See* Federal Action Compl., attached hereto as Ex. 5.) Plaintiff in the Federal Action also filed a motion for expedited discovery, which was withdrawn

3

after Defendants agreed to produce the same documents referenced above. However, after receiving these documents, plaintiff in the Federal Action told counsel for Defendants that he planned to file a motion for a preliminary injunction to suspend the closing of the Transaction.

Defendants then entered into settlement negotiations with the plaintiff in the Federal Action. On November 24, 2013, the parties to the Federal Action entered into a Memorandum of Understanding ("MOU"), which was submitted to Judge Guzman on November 25, 2013. (*See* Nov. 25, 2013 Letter to Judge Guzman attaching MOU, attached hereto as Ex. 6.) The MOU provided for certain additional disclosures to shareholders be made in the federally required Schedule 14D-9, as set forth in Exhibit A to the MOU. These additional disclosures, along with the fact of the settlement, were disclosed to shareholders on November 25, 2013. The MOU is subject to certain confirmatory discovery, including the production of certain documents and the production of several witnesses for depositions, after which time the parties anticipate formalizing the MOU in a settlement agreement and seeking court approval of the settlement on a class-wide basis. If Judge Guzman approves the settlement provided for in the MOU, the settlement would resolve all claims of all class members in the Federal Action. And because the Federal Action class members are the same as those in the state court actions, the claims in these actions would be released.

On January 22, 2014, the Court granted Plaintiff Englehart's oral motion to lift the agreed stay of the consolidated Cook County action. Counsel for plaintiffs indicated at that status that they intended to file an amended complaint shortly. Counsel said nothing about serving discovery before doing so. Nevertheless, rather than filing a consolidated Second Amended Complaint, on January 24, 2014, counsel for Plaintiff Englehart served upon Defendants a request for the production of the identical documents that have been produced in the Federal

4

Action, as well as notices for depositions of the same three persons whom Defendants have agreed to produce for depositions in the Federal Action.

As discussed below, it makes no sense for this action to proceed on behalf of the same putative class with respect to the same claims that are subject to the settlement proceedings in the Federal Action. Accordingly, the Director Defendants move for a stay of this action pursuant to Section 2-619(a)(3) of the Illinois Code of Civil Procedure, which gives this Court discretion to stay an action where it involves the same parties and the same cause as an action pending in another jurisdiction. The settlement proceedings in the Federal Action – in which Plaintiff Englehart and all other putative class members will have the opportunity to be heard in connection with any potential settlement – will be resolved in the next several months, and that resolution may serve to resolve the claims being asserted here. Nor is there any urgency to the discovery being sought here. The Transaction has closed, and any remaining claims are merely for damages.

In any event, even if the Court does not stay this action in favor of the Federal Action, it should nevertheless be stayed in favor of the consolidated DuPage County action, which is the location of the first-filed complaint and also Tellabs' headquarters.

Finally, in the alternative to a stay of the entire case, at a minimum the Court should enter a protective order deferring the proposed discovery until Defendants have the opportunity to (i) brief a motion to dismiss the current complaint pursuant to their previously-filed and pending motion to defer briefing, if plaintiffs choose to stand on the current complaint, or (ii) file a motion to dismiss the amended complaint that plaintiffs previously told the Court they intended to file.

5

## ARGUMENT

Section 2-619(a)(3) of the Illinois Code of Civil Procedure provides that a defendant may seek involuntary dismissal of a complaint or "other appropriate relief" where "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3). Thus, the "court may stay proceedings as part of its inherent authority to control the disposition of the cases before it." *Philips Elecs., N.V. v. New Hampshire Inc. Co.*, 295 Ill. App. 3d 895, 901 (1st Dist. 1998). "The purpose of this section is to further judicial economy by avoiding duplicative litigation." *Doutt v. Ford Motor Co.*, 276 Ill. App. 3d 785, 788 (1st Dist. 1995); *see also Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318 (1st Dist. 1995) (same); *Overnite Transp. Co. v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 332 Ill. App. 3d 69, 73 (1st Dist. 2002) (same); *Kapoor v. Fujisawa Pharm. Co., Ltd.*, 298 Ill. App. 3d 780, 785 (1st Dist. 1998) (same). Section 2-619(a)(3) motions are "construed liberally" to effectuate these ends. *Midas Int'l Corp. v. Mesa, S.p.A.*, 2013 IL App (1st) 122048, ¶12; *see also Forsberg v. City of Chicago*, 151 Ill. App. 3d 354, 372 (1st Dist. 1986).

I. **The Consolidated Action Should Be Stayed Pursuant to Section 2-619(a)(3).**

    A. **The Consolidated Action Should Be Stayed Under 2-619(a)(3) Because It Involves The Same Parties And The Same Cause As The Federal Action Where A Settlement Is Pending.**

Section 2-619(a)(3) requires that the action here involve the "same parties" and the "same cause" as the Federal Action. However, "neither the parties nor the cause need be identical." *Forsberg*, 151 Ill. App. 3d at 372. Rather, to meet the "same parties" requirement, the litigants must simply have "sufficiently similar" interests, even if the actual litigants differ in name or number. *See Kapoor*, 298 Ill. App. 3d at 786.

The "same parties" requirement is clearly satisfied here. The Amended *Englehart* Complaint names the same defendants as the Federal Action: the Director Defendants and

Marlin and its affiliates. (*Compare* Am. Compl. ¶¶9-19, 21-23 *with* Federal Action Compl. ¶¶16-26, 29-31.) The only difference is that the Federal Action is *more* expansive, in that it also names Tellabs itself as a defendant. (*See* Federal Action Compl. ¶15.) Further, the named plaintiffs in this consolidated action purport to represent precisely the same class of Tellabs stockholders as the plaintiffs in the Federal Action. (*Compare* Am. Compl. ¶28 *with* Federal Action Compl. ¶37.) Indeed, in bringing this action as a putative class action on behalf of all Tellabs stockholders, Plaintiff Englehart concedes that his interests are the same as those of the class that he and the Federal Action plaintiff both purport to represent. (*See, e.g.,* Am. Compl.¶34 ("Plaintiff's claims are typical of the claims of other Class members, and he is not subject to any atypical defenses.").) Thus, this action involves the "same parties" under Section 2-619(a)(3) as the Delaware Action. *See Forsberg*, 151 Ill. App. 3d at 372 (finding that plaintiffs in dismissed action, which were members of the plaintiff classes in action in other jurisdiction, were the same parties for purposes of Section 2-619(a)(3)); *Schnitzer*, 274 Ill. App. 3d at 319 ("Because the *Miller* plaintiffs and the plaintiff in this case are all representatives of Edison seeking the same recovery from the same defendants, the *Miller* plaintiffs have sufficiently similar interests to the plaintiff to be the same party as plaintiff under section 2-619.").

The "same cause" requirement also is satisfied here. For this requirement, "[t]he crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differs between the two actions." *Midas Int'l*, 2013 IL App 122048 (1st) at ¶13 (internal quotations omitted); *see also Kapoor*, 298 Ill. App. 3d at 786. Here, all of the actions are based on the Transaction, and all allege that the Director Defendants breached their fiduciary duties in connection with the Transaction by allegedly: (1) agreeing to a deal that undervalues Tellabs stock; (2) engaging in

an inadequate sales process; and (3) agreeing to "certain onerous and unreasonable 'deal protection' devices that operate conjunctively to make the Acquisition a *fait accompli* and preclude competing offers from emerging for the Company." (*Compare* Am. Compl. ¶¶62-88 *with* Federal Action Compl. ¶¶44-60.) In addition, both complaints allege that the Schedule 14D-9 filed with the SEC by Defendants on November 1, 2013 "misrepresents and omits material information which stockholders need to make an informed decision concerning the Acquisition." (*Compare* Am. Compl. ¶¶89-100 *with* Federal Action Compl. ¶¶61-75.)

The Amended *Englehart* Complaint and the Federal Action Complaint also assert the same aiding and abetting claim against Marlin. (*Compare* Am. Compl. ¶¶113-117 *with* Federal Action Compl. ¶¶85-88.) Because "[P]laintiff and the plaintiffs [in another jurisdiction] are seeking to enforce the same corporate right – recovery from the same defendants for the same breaches of duty on the same facts," dismissal pursuant to Section 2-619(a)(3) is appropriate. *See Schnitzer*, 274 Ill. App. 3d at 319.

Because the same parties and the same cause requirements are satisfied, the Court should exercise its discretion to stay this action in light of the Federal Action. As discussed briefly above (*see* p. 4, *supra*), Defendants and plaintiff in the Federal Action have entered into a MOU, whereby Defendants made certain additional disclosures by way of an amendment to the Schedule 14D-9 on November 25, 2013 in exchange for a release on behalf of the putative class (subject to court approval of the settlement).[4] The MOU is subject to certain confirmatory discovery, including depositions and additional document production. That confirmatory discovery is on the verge of being completed – it is scheduled to be finished this week with one

---

[4] As set forth in the MOU, there is no agreement on any attorneys' fee payment in connection with the impending settlement, the settlement is not subject to any such agreement, and the matter of any claim for attorneys' fees has not even been discussed by the parties.

8

final deposition – following which the parties to the Federal Action are to submit a settlement agreement to Judge Guzman for approval. The settlement agreement will provide for the issuance of notice to the putative class, as well as a period in which all putative class members – including the named plaintiffs in this consolidated action – have an opportunity to object to the settlement and appear before Judge Guzman for a hearing. Accordingly, it makes no sense for Plaintiff Englehart (or any of the other named plaintiffs in this consolidated action) to litigate their claims before this Court while the Federal Action is proceeding. And to the extent that plaintiffs believe that they should be permitted to continue to press their claims in this Court, they should raise those issues with Judge Guzman, who will make an independent assessment of the fairness of the settlement to all class members, including the scope of the release. What is clearly *not* appropriate is for plaintiffs to continue to litigate this consolidated action without regard to the fact that the settlement in the Federal Action, if approved, will extinguish their claims. And, as discussed below, it is even less appropriate for plaintiffs to attempt to use this proceeding to obtain discovery in the Federal Action. This consolidated action should be stayed until, at least, the final fairness hearing before Judge Guzman.

### B. The Consolidated Action Should Also Be Stayed Pursuant to Section 2-619(a)(3) In Light Of The DuPage County Litigation.

There is a second reason to stay this action under Section 2-619(a)(3). If this case were to proceed in any Illinois state court, it should do so in DuPage County. The first of the sixteen lawsuits related to this transaction was filed in DuPage County (*Freedman v. Tobkin, et al.*, Case No. 2013L994, which has now been consolidated into *Jackson v. Tellabs, Inc., et al.*, Case No. 2103CH002988), and DuPage County was also the site of the first hearing for a motion for expedited discovery in any of the sixteen cases. Moreover, Tellabs' headquarters are physically located in DuPage County. By contrast, this action has little connection to Cook County. None

9

of the defendants are alleged to reside in Cook County, and none of the plaintiffs in this consolidated action have even bothered to allege a state or county of residence, so it is not even clear that any of the plaintiffs reside in Illinois, let alone in Cook County. Indeed, at a prior hearing before this Court, counsel for two of the named plaintiffs admitted that their clients are located outside of Cook County, and in fact, are located outside the State of Illinois. (*See* Nov. 13, 2013 Tr. at 23:21-24:2, attached hereto as Ex. 7.).

Moreover, several of the same counsel involved in the actions here are likewise involved in the lawsuits brought in DuPage County, although representing nominally different individual plaintiffs. A request by this same counsel to have this action proceed in Cook County, as opposed to DuPage County, is little more than an exercise in blatant forum-shopping, which should not be permitted.

## II. In The Alternative, Discovery In This Action Should Be Deferred.

Regardless of whether the Court stays this Action, it should, at a minimum, defer the recently-served discovery for several reasons.

*First*, the Court made clear at the January 22, 2014 status hearing that whether plaintiffs to this consolidated action are allowed to participate in discovery in the Federal Action is a matter to be decided by Judge Guzman. Rather than seek relief from Judge Guzman, Plaintiff Englehart instead served discovery requests that seek the *exact* discovery that Defendants have agreed to provide plaintiff in the Federal Action as part of confirmatory discovery being conducted there. Specifically, Plaintiff Englehart's discovery requests seek the "Documents and Communications described in paragraph 4 of the January 15, 2014 Joint Status Report submitted in" the Federal Action and also seek "[t]he search terms described in paragraph 4 of the January 15, 2014 Joint Status Report submitted in the" Federal Action. (*See* Plaintiffs' Second Request for the Production of Documents Directed to All Defendants, attached hereto as Ex. 8.) Plaintiff

10

Englehart also served deposition notices for Daniel Kelly, former CEO of Tellabs, Vincent Tobkin, former Chairman of the Tellabs' Board of Directors, as well as a subpoena for the deposition of a representative of Goldman Sachs, Tellabs' financial advisor. (*See* Notice of Deposition of Daniel Kelly; Notice of Deposition of Vincent Tobkin; Notice of Deposition Pursuant to Subpoena, attached hereto as Group Ex. 9.) Again, these three persons are the *exact* persons whom the January 15, 2014 Joint Status Report listed as Defendants having agreed to produce for depositions in the Federal Action. (*See* Jan. 15, 2014 Joint Status Report filed in the Federal Action, attached hereto as Ex. 10.) The Court should not permit plaintiffs to attempt to use this proceeding as a vehicle to "piggy-back" on and otherwise interfere with the discovery that is ongoing in the Federal Action.

*Second*, given that Defendants have moved for a stay of this action in its entirety in light of both the Federal Action, or, in the alternative, the consolidated DuPage County action, at a minimum discovery should be stayed pending resolution of the motion to stay this consolidated action in its entirety. (*See* Section I, *supra*.)

*Third*, and finally, discovery should be stayed in light of Defendants' pending Motions to Defer Their Submission of a Section 2-615 Motion to Dismiss. As noted above (*see* p. 3), Defendants previously filed Motions to Defer Their Submission of a Section 2-615 Motion to Dismiss in connection with the Amended *Englehart* Complaint, which motion was entered and continued pursuant to this Court's November 18, 2013 Order. In the event that this action is not stayed in its entirety, the next step should be determining whether the complaint that plaintiffs elect to stand on (either the Amended *Englehart* Complaint or a yet to be filed consolidated Second Amended Complaint) states a legally sufficient claim – which the current complaints do not. Defendants seek a decision on that motion so that they may file a Section 2-615 Motion to

11

Dismiss directed at the Amended *Englehart* Complaint. Alternatively, if plaintiffs file a consolidated Second Amended Complaint, Defendants anticipate moving to dismiss such complaint pursuant to Section 2-615.[5] And in Illinois, it is well settled that "[a] trial court has great latitude in ruling on discovery matters." *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 380 (2d Dist. 2004); *see also DOD Techs. v. Mesirow Ins. Servs.*, 381 Ill. App. 3d 1042, 1055 (1st Dist. 2008); *Mutlu v. State Farm Fire & Cas. Co.*, 337 Ill. App. 3d 420, 434 (1st Dist. 2003). The Illinois Appellate Courts have routinely found stays of discovery pending resolution of motions to dismiss to be an appropriate exercise of such discretion. *See, e.g., Green v. Rogers*, 384 Ill. App. 3d 946, 967 (2d Dist. 2008), *rev'd on other grounds*, 234 Ill. 2d 478 (2009); *Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 927 (1st Dist. 2007); *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513-514 (1st Dist. 2005); *Adkins Energy*, 347 Ill. App. 3d at 380.

Moreover, there is no urgency or other need to proceed with discovery prior to determining whether this litigation should be permitted to proceed at all. As noted above, the Transaction has closed, and thus any claim for injunctive relief or to otherwise suspend the closing of the Transaction is now moot. Accordingly, any remaining claims that plaintiffs may have are merely for damages, which can be resolved at any time.

---

[5] Now that the Transaction has closed, and because Tellabs' certificate of incorporation includes an exculpatory clause, any claims for damages that would be set forth in a consolidated Second Amended Complaint would be subject to 8 Del. C. § 102(b)(7), which requires a showing of bad faith. *See In re Morton's Rest. Grp., Inc. S'holders Litig.*, 74 A.3d 656, 664 (Del. Ch. 2013) ("[I]f a corporation has an exculpatory provision in its certificate of incorporation under 8 *Del. C.* § 102(b)(7), 'application of the exculpatory clause would lead to dismissal unless the Plaintiffs have successfully pleaded a failure to act loyally (or in good faith), which would preclude reliance on the . . . provision'") (citations omitted). Accordingly, despite the fact that plaintiffs have not yet filed a consolidated Second Amended Complaint, Defendants do not believe plaintiffs have any basis to state a claim under Section 102(b)(7), and thus that the filing of a motion to dismiss is a near certainty.

## CONCLUSION

For the foregoing reasons, the Director Defendants respectfully request that the Court grant their motion to stay the consolidated action pursuant to 735 ILCS 5/2-619(a)(3), or, in the alternative, enter an order staying discovery in the consolidated action.

Date: February 10, 2014

Respectfully submitted,

*Bo Hedfors, Frank Ianna, Vincent Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Vincent H. Tobkin, and Mikel H. Williams*

By: /s/ Kathleen Carlson
One of Their Attorneys

David F. Graham
James W. Ducayet
Rachel B. Niewoehner
Kathleen L. Carlson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
Attorney No. 42418

13

## CERTIFICATE OF SERVICE

    I, Kathleen L. Carlson, an attorney, hereby certifies that on February 10, 2014, I caused a true and correct copy of the foregoing Director Defendants' Memorandum of Law in Support of Their Section 2-619(a)(3) Motion To Stay In Favor Of Litigation Pending In The Northern District Of Illinois, Or In The Alternative, Of The Pending Cases In DuPage County, And Motion To Defer Discovery to be served upon the parties listed below via email and U.S. Mail:

LAW OFFICES OF EDWARD T.
JOYCE & ASSOCIATES, P.C.
Edward T. Joyce
Rowena T. Panna
135 South LaSalle Street
Suite 2200
Chicago, IL 60603
ejoyce@joycelaw.com
rpanna@joycelaw.com

JOHNSON & WEAVER, LLP
Frank J. Johnson
110 West "A" Street, Suite 750
San Diego, CA 92101
frankj@johnsonandweaver.com

JOHNSON & WEAVER, LLP
W. Scott Holleman
99 Madison Avenue, 5th Floor
New York, NY 10016
Scotth@johnsonandweaver.com

LASKY & RIFKIND, LTD.
Norman Rifkind
Amelia S. Newton
351 West Hubbard Street, Suite 401
Chicago, Illinois 60654
rifkind@laskyrifkind.com
newton@laskyrifkind.com

SCHULTE ROTH & ZABEL LLP
William H. Gussman, Jr.
Frank LaSalle
Michael Swartz
919 Third Avenue
New York, New York 10022
bill.gussman@srz.com
frank.lasalle@srz.com
michael.swartz@srz.com

BAKER HOSTETLER
John M. Touhy
David M. Friebus
191 North Wacker Drive
Suite 3100
Chicago, Illinois 60606-1901
jtouhy@bakerlaw.com
dfriebus@bakerlaw.com

*Attorneys for Defendants Blackhawk Holding Vehicle LLC, Blackhawk Merger Sub Inc., and Marlin Equity Partners*

ROBBINS GELLER RUDMAN & DOWD LLP
Randall J. Baron
A. Rick Atwood, Jr.
David T. Wissbroecker
Edward M. Gergosian
655 West Broadway, Suite 1900
San Diego, California 92101
randyb@rgrdlaw.com
ricka@rdrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
James E. Barz
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
jbarz@rgrdlaw.com

SUGARMAN & SUSSKIND
Robert Sugarman
100 Miracle Mile, Suite 300
Coral Gables, Florida 33134

KIRBY MCINERNEY LLP
Ira M. Press
Randall K. Berger
J. Brandon Walker
825 Third Avenue, 16th Floor
New York, New York 10022
ipress@kmllp.com
rberger@kmllp.com
bwalker@kmllp.com

BEHN & WYETZNER, CHTD.
Michael I. Behn
William W. Thomas
828 Davis Street, Suite 303
Evanston, Illinois 60201

ROBBINS ARROYO LLP
Brian J. Robbins
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
600 B Street, Suite 1900
San Diego, California 92101
brobbins@robbinsarroyo.com
soddo@robbinsarroyo.com
egerard@robbinsarroyo.com
jrieger@robbinsarroyo.com

Gerald J. Lovoi, Esq.
616 South Boston, Suite 403
Tulsa, Oklahoma 74119

TOSTRUD LAW GROUP, P.C.
Jon A. Tostrud
1925 Century Park East, Suite 2125
Los Angeles, California 90067
jtostrud@tostrudlaw.com

WOLF POPPER LLP
Chet B. Waldman
Carl L. Stine
Natalie M. Mackiel
845 Third Avenue
New York, New York 10022
cwaldman@wolfpopper.com
cstine@wolfpopper.com
nmackiel@wolfpopper.com

GREENE AND LETTS
Martin P. Greene
55 Monroe Street
Suite 600
Chicago, Illinois 60603

*Attorneys for Plaintiffs*

Kathleen L. Carlson