IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC., <br><br> Defendants. | Case No. 1:13-cv-07945 <br><br> Hon. Ronald A. Guzman |

### DEFENDANTS' JOINT MOTION TO CLARIFY A PORTION OF THE COURT'S APRIL 25, 2014 ORDER, OR, IN THE ALTERNATIVE TO RECONSIDER THE PORTION OF THE COURT'S ORDER DENYING THE *ENGLEHART* PLAINTIFFS' MOTION FOR REASSIGNMENT

The order issued by this Court on April 25, 2014 ("Order") did four things. Specifically, it: (1) denied the motion by plaintiffs in the *Englehart* Action (the "*Englehart* Plaintiffs") to stay the *Lambert* Action; (2) denied the *Englehart* Plaintiffs' motion to consolidate the *Englehart* Action with *Lambert*; (3) required Plaintiff Lambert to publish a Private Securities Litigation Reform Act ("PSLRA") notice; and (4) denied the *Englehart* Plaintiffs' request for reassignment to this Court. (Dkt. #79.) Defendants[1] bring this motion with respect to but a single aspect of these four rulings. Specifically, Defendants respectfully submit that, absent clarification or

---

[1] Defendants are Tellabs, Inc. ("Tellabs"), Vincent H. Tobkin, Bo Hedfors, Frank Ianna, Vincent D. Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, Mikel H. Williams, Marlin Equity Partners ("Marlin"), Blackhawk Holding Vehicle LLC and Blackhawk Merger Sub Inc.

revision, the portion of the Order denying the motion for reassignment could potentially create a nightmarish morass that would run afoul of the PSLRA – with separate proceedings *on behalf of the very same class* potentially taking place simultaneously in two different courts, *including but not limited to separate lead plaintiff and lead counsel determinations*. By contrast, the PSLRA eschews multiple, overlapping class actions and contemplates that only a single securities *class* action will proceed in a single court, with that court (i.e., the one in which the first action was filed) making the lead plaintiff determination. *See, e.g.,* 15 U.S.C. § 78u-4(a)(3)(A)(ii),(B)(i) (contemplating a procedure whereby the court in the lowest-filed action considers all motions for appointment of lead plaintiff).

As matters now stand, however, there could be two courts dealing with these very same matters. That is because the *Englehart* Plaintiffs have brought their claims as securities *class* claims, and have published their own lead plaintiff notice calling for any lead plaintiff applications to be made in *their* case before Judge Darrah – at the same time as this Court has ordered Plaintiff Lambert to publish a notice so that lead plaintiff determinations with respect to class proceedings can be made by this Court.

Defendants respectfully suggest that one of two solutions to this potential set of problems should be adopted. *First*, it would be appropriate for the Court to clarify its Order to make clear that the *Englehart* Plaintiffs are being permitted to proceed with their own action before Judge Darrah only on an individual basis, not on some putative classwide basis, with any class matters remaining solely for this Court, including PSLRA lead plaintiff determinations. That would be consistent with allowing the *Englehart* Plaintiffs to proceed as opt outs with their individual damages actions, which is what the revisions to the proposed settlement in *Lambert* were designed to permit, as this Court has itself previously recognized. (Dkt. #79.) Defendants

2

believe that this is what the Order was likely intended to accomplish, but further clarification is required to ensure that classwide proceedings are not permitted to take place in *Englehart.*

*Second*, and alternatively, to ensure that classwide proceedings take place only in one Court, and that no confusion is sown or attempted to be sown on that score in *Englehart,* the Court should permit the reassignment of *Englehart* as a related case. This is an alternative mechanism that would prevent mischief from occurring in that case, specifically an attempt to proceed with that matter as a dueling class action with dueling lead plaintiff determinations. If necessary, Defendants respectfully request that the Court reconsider the portion of its Order denying the *Englehart* Plaintiffs' motion for reassignment to this Court.

## BACKGROUND

On November 5, 2013, Plaintiff Kerry Lambert filed the *Lambert* Action on behalf of a putative class consisting of Tellabs shareholders. (Dkt. #1, ¶33.) The *Lambert* Action asserts federal securities law claims pursuant to Section 14(e) and 20(a) of the Securities Exchange Act of 1934, which are governed by the PSLRA, as well as breach of fiduciary duty claims governed by Delaware law (the state of Tellabs' incorporation) arising out of the acquisition of Tellabs by an affiliate of Marlin. (Dkt. #1.) As this Court is aware, the parties to the *Lambert* Action entered into a Memorandum of Understanding to settle the *Lambert* Action, which was submitted to the Court on November 25, 2013. After the conclusion of confirmatory discovery, the parties to the *Lambert* Action filed a Settlement Agreement with the Court on March 21, 2014. (Dkt. #67.) The Settlement Agreement originally provided that the parties agreed to certification of the proposed class for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2). (*Id*.) Since that time, the parties have agreed to revise the Settlement Agreement so that

individual opt-outs are permitted and certification for settlement purposes only will occur pursuant to Fed. R. Civ. P. 23(b)(3).

Just prior to the filing of the Settlement Agreement in the *Lambert* Action, on March 20, 2014, plaintiffs Robert Englehart, Jorge Rodriguez, and the Judith Kane-Rodriguez 2012 Family Trust filed the *Englehart* Action (Case No. 14-cv-1990), which has been assigned to Judge Darrah.[2] The *Englehart* Action asserts claims that are nearly identical to those asserted in the *Lambert* Action and is also filed on behalf of essentially the same putative class of Tellabs shareholders. (*Compare* Dkt. #1 *with* Dkt. #68-1.) The *Englehart* Plaintiffs also issued a lead plaintiff notice the same day that they filed the *Englehart* Action. (*See* the *Englehart* Plaintiffs' lead plaintiff notice, attached hereto as Ex. A.) That notice announced the filing of the *Englehart* lawsuit and stated: "If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today." (*Id.*) On March 24, 2014, the *Englehart* Plaintiffs filed a motion in the *Lambert* Action to reassign, consolidate and stay proceedings pending appointment of lead plaintiff and lead counsel. (Dkt. #68.)

On April 1, 2014, the Court issued an order requesting that the parties submit briefing on three issues: (1) whether the claims in both actions are brought directly or derivatively; (2) the impact of Fed. R. Civ. P. 23, including the opt out provision, on both actions; and (3) the effect, if any, of the PSLRA on both actions. (Dkt. #74.)

On April 25, 2014, the Court, taking into account the proposed revisions to the *Lambert* Settlement Agreement that would permit opt outs, denied the *Englehart* Plaintiffs' motion to reassign and consolidate the *Englehart* Action and stay the *Lambert* Action pending appointment

---

[2] The *Englehart* Plaintiffs are already parties to state court litigation regarding the Transaction pending in Cook County, and various counsel for the *Englehart* Plaintiffs also filed lawsuits challenging the Transaction in DuPage County in October and November 2013. All of the state court actions remain pending but are currently stayed.

4

of lead plaintiff and lead counsel. The Court also directed Lambert's counsel to issue the lead plaintiff notice required under the PSLRA within 20 days and stated that the Court will address any motion for preliminary approval of the *Lambert* Settlement Agreement after the lead plaintiff and lead counsel issues are resolved. (Dkt. #79.) Under the PSLRA, any shareholders who wish to respond to the lead plaintiff notice to be issued in *Lambert* will have sixty days to do so. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Well before that time, however – i.e., on May 19, 2014 – the 60 day period for responding to the purported lead plaintiff notice issued by the *Englehart* Plaintiffs will have elapsed.

## ARGUMENT

**I.    This Court Should Clarify Its Previous Order To Make Clear That The *Englehart* Action May Only Proceed As An Individual Action.**

This Court previously recognized that the amendment to the proposed Settlement Agreement in *Lambert* would allow the *Englehart* Plaintiffs and any others electing to opt out to "pursue their claims individually." (Dkt. #79.) It is Defendants' understanding that this recognition underpinned the Court's determination to decline consolidation of *Englehart* with *Lambert* – because doing so would potentially consolidate an individual opt out case with a putative class action. However, Defendants also interpret this Court's Order as reflecting an intent that any class proceedings, including lead plaintiff determinations under the PSLRA, would occur in the proceedings before this Court. That, for example, appears to be the purpose behind requiring Plaintiff Lambert to publish a PSLRA lead plaintiff notice. However, as written, the Court's Order could lead to a contrary result. By simply denying the motion for reassignment of the *Englehart* Action without placing any limitations on further putative *classwide* proceedings in *Englehart*, there is a potential for conflict between the cases, including conflict with the Court's Order.

5

Most notable in this regard is that the *Englehart* Plaintiffs have published their own lead plaintiff notice, with its own upcoming deadlines, which they will undoubtedly claim should be decided by Judge Darrah – thereby essentially nullifying the purpose of this Court requiring that a notice be issued by Plaintiff Lambert (i.e., in the first-filed case, as the PSLRA itself anticipates, 15 U.S.C. § 78u-4(a)(3)(A)(ii)). As set forth above, counsel for the *Englehart* Plaintiffs issued the PSLRA lead plaintiff notice on March 20, 2014 (*see* Ex. A), and this Court has ordered Lambert to issue such a notice on or before May 15, 2014. (Dkt. #79.) Accordingly, if these two cases remain pending on a classwide basis before two different judges, there is a distinct possibility that the *Englehart* Plaintiffs – or another shareholder who reviews the *Englehart* Plaintiffs' notice – will file a motion seeking to be named lead plaintiff (and their counsel to be named lead counsel) before Judge Darrah in the later-filed *Englehart* Action, while Plaintiff Lambert (and his counsel) will file a similar motion before Your Honor. This procedure could result in two different sets of lead plaintiffs and lead counsel being appointed to represent the same putative class, a situation that clearly would be untenable and pose potential problems to either set of lead plaintiff/lead counsel as they attempted to act on behalf of the putative class. In addition, this situation would be contrary to the provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(A)(ii),(B)(i) (contemplating a procedure whereby the court in the lowest-filed action considers all motions for appointment of lead plaintiff). Alternatively, the *Englehart* Plaintiffs may attempt to claim that unless Plaintiff Lambert and his counsel appear in the *Englehart* Action and file a lead plaintiff application in that action by May 19, 2014, he will have forfeited any right to be considered for lead plaintiff with respect to the putative class claims. In short, there is every reason to believe that the *Englehart* Plaintiffs will seek to shift the locus of the

6

*class* determinations to their later-filed case and away from this Court. Defendants do not believe this to be the intent of the Court's Order.

In order to avoid these potential conflicts and any potential for mischief, Defendants respectfully request that this Court clarify its Order to make explicit that the *Englehart* Plaintiffs are being permitted to proceed with their own action before Judge Darrah only on an individual basis, not on some putative classwide basis, with any class matters remaining solely for this Court, including PSLRA lead plaintiff determinations.

**II.     In The Alternative, The Court Should Reconsider That Portion Of Its Prior Order Denying The Motion For Reassignment Of The *Englehart* Action.**

If Defendants' understanding of the Court's Order is incorrect, Defendants respectfully request that the Court reconsider its denial of the *Englehart* Plaintiffs' motion to reassign that case to this Court.

There is little question that the *Englehart* Action is a related case, especially given that it purports to be postured as a putative class action on behalf of the same class. (*Compare* Dkt. #1, ¶33 *with* Dkt. #68-1, ¶37.) Indeed, it is only if that lawsuit is confined to individual claims alone that the calculus might arguably change. Accordingly, in the absence of a Court Order expressly requiring that *Englehart* proceed only on an individual basis, *Englehart* should be reassigned to this Court so as to ensure that nothing occurs in that action that interferes with this Court's oversight of the class claims in the first-filed *Lambert* securities class action. This would, for example, provide this Court with sole control over the appointment of lead plaintiff and lead counsel, notwithstanding two sets of lead plaintiff notices, and allow a single court to determine such matters at class certification. In the event the *Englehart* Action is not limited to an individual opt out action before Judge Darrah, Defendants believe this is the most prudent

7

manner in which to balance the need for efficient consideration of the pending class settlement and the *Englehart* Plaintiffs' right to pursue their individual claims.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court clarify its April 25, 2014 Order to confirm that the *Englehart* Action may only proceed as an individual action. In the alternative, Defendants request that the Court reconsider the portion of its April 25, 2014 Order in which it declined to reassign the *Englehart* Action to this Court, and order that the *Englehart* Action be so reassigned.

Dated: May 8, 2014

Respectfully submitted,

/s/ David F. Graham
SIDLEY AUSTIN LLP
David F. Graham
James W. Ducayet
Rachel B. Niewoehner
Kathleen L. Carlson
One South Dearborn Street
Chicago, IL 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
dgraham@sidley.com
jducayet@sidley.com
rniewoehner@sidley.com
kathleen.carlson@sidley.com

*Counsel for Defendants Tellabs, Inc., Vincent H. Tobkin, Bo Hedfors, Frank Ianna, Vincent D. Kelly, Michael E. Lavin, Stephanie Pace Marshall, Alex Mashinsky, Gregory J. Rossmann, Dennis F. Strigl, Jan H. Suwinski, and Mikel H. Williams*

/s/ David M. Friebus
BAKER HOSTETLER
John M. Touhy
David M. Friebus
191 North Wacker Drive
Suite 3100
Chicago, Illinois 60606-1901
jtouhy@bakerlaw.com
dfriebus@bakerlaw.com

SCHULTE ROTH & ZABEL LLP
William H. Gussman, Jr.
Frank LaSalle
Michael Swartz
919 Third Avenue
New York, New York 10022
bill.gussman@srz.com
frank.lasalle@srz.com
michael.swartz@srz.com

*Counsel for Defendants Marlin Equity Partners, Blackhawk Holding Vehicle LLC, and Blackhawk Merger Sub Inc.*

## **CERTIFICATE OF SERVICE**

Kathleen L. Carlson, an attorney, hereby certifies that on May 8, 2014, she caused a true and correct copy of the foregoing to be filed electronically with the Clerk of Court to be filed and served upon all parties via the Court's CM/ECF system.

s/ Kathleen L. Carlson