UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 1:13-cv-07945 |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | Judge Ronald A. Guzman |
| TELLABS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFFS
AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL BY
ROBERT ENGLEHART, JORGE RODRIGUEZ, AND THE
JUDITH KANE-RODRIGUEZ 2012 FAMILY TRUST

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND .....................................................2

III.  ARGUMENT ..................................................................................................................4

      A.    Englehart and Rodriguez Should Be Appointed Lead Plaintiffs ...........................4

            1.    This Motion Is Timely ...............................................................................4

            2.    Englehart and Rodriguez Have the Largest Financial Interest in the
                Relief Sought by the Class .........................................................................5

            3.    Englehart and Rodriguez Satisfy the Rule 23 Requirements at this
                Stage ...........................................................................................................6

      B.    The Court Should Approve Englehart and Rodriguez's Selection of
          Counsel....................................................................................................................7

IV.   CONCLUSION ................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) ......................................................................5

*In re Motorola Sec. Litig.*,
    No. 03 C 287, 2003 U.S. Dist. LEXIS 12651 (N.D. Ill. July 23, 2003)...................................8

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) .......................................................................6

*Zucker v. Zoran Corp.*,
    No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006).................5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4 ..........................................................................................1
    §78u-4(a)(1) ....................................................................................4
    §78u-4(a)(3)(A) ................................................................................5
    §78u-4(a)(3)(A)(i) .............................................................................4
    §78u-4(a)(3)(B)(i) .............................................................................1
    §78u-4(a)(3)(B)(iii) ...........................................................................1
    §78u-4(a)(3)(B)(iii)(I) .........................................................................4
    §78u-4(a)(3)(B)(iii)(I)(cc) .....................................................................6
    §78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................7
    §78u-4(a)(3)(B)(v) ..........................................................................1, 7

Federal Rules of Civil Procedure
    Rule 6(a)(1)(C).................................................................................5
    Rule 23......................................................................................4, 6, 7
    Rule 23(a)(3) ..................................................................................6
    Rule 23(a)(4) ..................................................................................6
    Rule 42(a) ....................................................................................3

Civil Local Rules of the Northern District of Illinois
    Local Rule 40.4 ...............................................................................3

Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust, of which Rodriguez is the Trustee (collectively, "Englehart and Rodriguez") respectfully submit this memorandum of law in support of their motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 for an order: (1) appointing Englehart and Rodriguez as lead plaintiffs; and (2) approving their selection of Wolf Popper LLP as lead counsel for the class.

## I.     INTRODUCTION

Presently pending in this district are two related securities class action lawsuits on behalf of holders of Tellabs, Inc. ("Tellabs" or the "Company") common stock against Tellabs, the Company's Board of Directors, Marlin Equity Partners, Blackhawk Holding Vehicle LLC and Blackhawk Merger Sub Inc. for alleged violations of the Securities and Exchange Act of 1934 (the "1934 Act").[1]  In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Englehart and Rodriguez should be appointed as lead plaintiffs because they: (1) filed a Complaint; (2) timely issued the mandatory PSLRA early notice to class members; (3) timely filed this Motion; (4) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (5) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Englehart and Rodriguez's selection of Wolf Popper as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]     *Lambert v. Tellabs, Inc.*, No. 13-cv-7945 (N.D. Ill.) (the "*Lambert* Action"), is pending in this Court, and *Englehart v. Tellabs, Inc.*, No. 14-cv-1990 (N.D. Ill.) (the "*Englehart* Action"), is pending before Judge Darrah.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Tellabs, a Chicago-based company, is engaged in designing and marketing equipment and services to communications-services providers worldwide.  Before the tender offer that is the subject of this lawsuit occurred, the Company's stock was listed on the NASDAQ exchange under the ticker TLAB.

On October 21, 2013, Tellabs announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") for defendant Marlin Equity Partners, through its wholly-owned subsidiaries defendant Blackhawk Holding Vehicle LLC and defendant Blackhawk Merger Sub Inc. (collectively, "Marlin") to acquire the outstanding shares of Tellabs common stock (the "Tender Offer") for $2.45 in cash per share (the "Acquisition Price"), and subsequent short-form merger (collectively, the "Acquisition").  Marlin commenced the Tender Offer on November 1, 2013 and, pursuant to the Merger Agreement, the Acquisition was consummated through a short-form merger on or about December 3, 2013.

On November 5, 2013, Lambert filed a securities fraud class action covered by the PSLRA. Lambert did not issue the notice required by the PSLRA within the prescribed 20-day period after filing his action.  Instead, on or about November 23, 2013, just 18 days after filing his action, Lambert entered into a settlement with the defendants to this action which provided for disclosure of certain information in a Securities and Exchange Commission ("SEC") filing only.

On March 20, 2014, Engelhart and Rodriguez filed *Engelhart v. Tellabs, Inc.*, No. 14-cv-1990, in this Court against the same defendants as in the *Lambert* Action.  The *Engelhart* Action was assigned to Judge Darrah.  Englehart and Rodriguez caused their counsel to issue the PSLRA-required notice on March 20, 2014, the same day their complaint was filed.

Both the *Lambert* and *Englehart* complaints allege claims for violations of §14(e) and §20(a) of the 1934 Act and claims for breaches of state law fiduciary duties in connection with the

- 2 -

Acquisition. *Lambert* primarily sought pre-Acquisition injunctive relief while *Englehart* seeks post-Acquisition damages. *Compare Lambert* Prayer for Relief *with Englehart* Prayer for Relief. The *Englehart* complaint alleges, among other things, that the Acquisition was for an unfair price, was subject to unfair deal protection devices, was the result of a conflicted process, and that the Schedule 14D-9 filed by Tellabs on November 1, 2013 (as amended, the "14D-9") with the SEC failed to disclose material information.

On March 24, 2014, Englehart and Rodriguez filed a motion in the *Lambert* Action pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a) seeking to reassign the *Englehart* Action to this Court as a related case, and to consolidate the *Englehart* and *Lambert* Actions. As no lead plaintiff or lead counsel had been appointed in the *Lambert* Action, Englehart and Rodriguez also moved the Court to stay all proceedings in the consolidated action pending appointment of lead plaintiff and lead counsel.[2] On April 25, 2014, this Court denied the request for consolidation, ordered Lambert's counsel to issue the required PSLRA notice within twenty days and deferred consideration of plaintiff Lambert's motion for preliminary approval of the settlement of the *Lambert* Action until after appointment of lead plaintiff and lead counsel. *See Lambert* Action, Dkt. No. 79. Lambert's counsel issued the required notice on May 14, 2014.

On May 19, 2014, Engelhart and Rodriguez filed a motion for appointment as lead plaintiffs in the *Engelhart* Action pursuant to the PSLRA and noticed their motion for presentment before Judge Darrah on June 17, 2014. Lambert did not file a competing motion for lead plaintiff in the *Engelhart* Action. At the presentment hearing on June 17, 2014, Judge Darrah deferred ruling on Engelhart and Rodriguez's motion pending the outcome of this Court's decision in this action on the

---

[2]    Lambert's counsel not only failed to issue the statutorily mandated notice for the *Lambert* Action within 20 days of filing his complaint, but after failing to provide the class notice of the right to seek appointment as lead plaintiff in the case, Lambert's counsel anointed itself as Lead Counsel and negotiated a settlement to release the claims of the putative class.

lead plaintiff issue. At plaintiffs' request, Judge Darrah entered a schedule for Engelhart and Rodriguez to file an amended complaint, due July 18, 2014, and for the defendants to answer or otherwise respond to the forthcoming amended complaint in the *Engelhart* Action on or before August 15, 2014. *See Englehart* Action, Dkt. No. 39.

## III.  ARGUMENT

### A.  Englehart and Rodriguez Should Be Appointed Lead Plaintiffs

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Englehart and Rodriguez meet each of these requirements and should therefore be appointed as lead plaintiffs.

#### 1.  This Motion Is Timely

After being ordered to comply with the PSLRA, plaintiff Lambert's counsel issued the notice to class members in connection with this Action on May 14, 2014 on *PR Newswire*, informing potential class members that the deadline to move for appointment as lead plaintiff was 60 days from

May 14, 2014, or July 13, 2014. *See* Motion, Ex. B; 15 U.S.C. §78u-4(a)(3)(A).[3] July 13th was a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is Monday, July 14th. Fed. R. Civ. P. 6(a)(1)(C). Because this Motion is being filed on July 14th, it is timely and Englehart and Rodriguez are entitled to be considered for appointment as lead plaintiffs.

### 2. Englehart and Rodriguez Have the Largest Financial Interest in the Relief Sought by the Class

In cases alleging proxy violations, "the candidate with the largest potential recovery would be the candidate who had bought the largest number of . . . shares." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469, at *8-*9 (N.D. Cal. Dec. 11, 2006); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (recognizing that the "number of shares held" is the relevant factor "in gauging the movants' financial interest in the Section 14(a) claims"). Before the Acquisition was announced, Englehart and Rodriguez held 676,750 shares of Tellabs stock. *See* Motion, Ex. D. Englehart and Rodriguez did not sell or tender any shares during the pendency of the Tender Offer, and all of their shares were converted to the $2.45 per share Acquisition Price via the short-form merger. To the best of their counsel's knowledge, no other named plaintiff, or lead plaintiff applicant, possesses a larger financial interest. Indeed, plaintiff Lambert held 43,550 shares before the close of the Tender Offer, less than one-tenth of the combined holdings of Englehart and Rodriguez, and also less than their individual

---

[3] On the same date the *Englehart* complaint was filed, Englehart's counsel caused notice to be published on *Business Wire*, a widely circulated national wire service, informing potential class members that the deadline to move for appointment as lead plaintiff in the *Englehart* Action was 60 days from March 20, 2014, or May 19, 2014. *See* Motion, Ex. C. Englehart and Rodriguez timely filed their motion for appointment as lead plaintiffs in the *Englehart* Action in response to that notice on May 19, 2014. *See Englehart* Dkt. No. 15. As previously noted, Lambert did not seek appointment as lead plaintiff pursuant to the first PSLRA notice, which was issued in the *Englehart* Action.

holdings. Therefore, Englehart and Rodriguez satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Englehart and Rodriguez Satisfy the Rule 23 Requirements at this Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "Only two of the Rule 23 requirements pertain" to the lead plaintiff motion: "typicality and adequacy." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (Castillo, J.). "A lead plaintiff's claims can be considered typical if they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members and . . . [its] claims are based on the same legal theory.'" *Id.* (citation omitted). The adequacy "requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Id.*

Englehart and Rodriguez have submitted certifications confirming their willingness and ability to serve as lead plaintiffs. *See* Motion, Ex. D. Like all class members, Englehart and Rodriguez held Tellabs stock when the Acquisition was announced and suffered harm as a result of defendants' alleged misconduct. *See id.* Englehart and Rodriguez's substantial financial interest underscores their incentive to vigorously represent the class's claims. *Id.* Moreover, Englehart and Rodriguez are not subject to unique defenses and are not aware of any conflicts between their claims and those asserted by the class. Finally, as discussed below, Englehart and Rodriguez have selected qualified counsel experienced in securities litigation.

Englehart and Rodriguez's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that Englehart and Rodriguez satisfy the Rule 23 inquiry at this stage.

**B.** **The Court Should Approve Englehart and Rodriguez's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Lead plaintiff's choice of counsel should not be disturbed unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Englehart and Rodriguez selected Wolf Popper to serve as lead counsel.

Wolf Popper is a nationally recognized law firm with decades of experience in securities fraud litigation. *See* Motion, Ex. E. Wolf Popper's skill and experience have been repeatedly recognized by courts throughout the country, and Wolf Popper has been appointed lead or co-lead counsel in numerous securities fraud and breach of fiduciary duty class action litigations. *Id.* In this District, Wolf Popper was appointed co-lead counsel by Judge Pallmeyer in *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 U.S. Dist. LEXIS 12651 (N.D. Ill. July 23, 2003). On the eve of trial, after more than 4 years of litigation, the defendants' paid $190 million to the class to resolve the federal securities litigation.

By contrast, Lambert's counsel failed to comply with the PSLRA's mandatory notice provision and instead sought to circumvent the PSLRA by entering into a purported class-wide settlement before the notice period expired. The Court should decline to condone such blatant flouting of federal law, which Lambert's counsel attempted to justify by claiming – without any support – that entering into a settlement before the expiration of the notice period absolved compliance.

The Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Wolf Popper. *See* Motion, Ex. E. Accordingly, Englehart and Rodriguez's selection of counsel should be approved.

## IV. CONCLUSION

Englehart and Rodriguez have satisfied each of the PSLRA's requirements for appointment as lead plaintiffs. As such, Englehart and Rodriguez respectfully request that the Court grant their Motion for appointment as lead plaintiffs and approval of their selection of counsel and deny any such competing motion by Lambert.

DATED: July 14, 2014    Respectfully submitted,

        WOLF POPPER LLP
        ROBERT M. KORNREICH
        CHET B. WALDMAN
        JOSHUA W. RUTHIZER
        NATALIE M. MACKIEL

        /s/ Chet B. Waldman
          Chet B. Waldman

        845 Third Avenue
        New York, NY 10022
        Telephone: 212/759-4600
        212/486-2093 (fax)

        [Proposed] Lead Counsel for Plaintiffs

        GREENE AND LETTS
        MARTIN P. GREENE
        DARTESIA A. PITTS
        55 Monroe Street, Suite 600
        Chicago, IL 60603
        Telephone: 312/346-1100
        312/346-4571 (fax)

        Local Counsel for Plaintiffs

        JOHNSON & WEAVER, LLP
        W. SCOTT HOLLEMAN
        99 Madison Avenue, 5th Floor
        New York, NY 10016

Telephone:  212/802-1486
212/602-1592 (fax)

Additional Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2014.

<u>/s/ Chet B. Waldman</u>
    CHET B. WALDMAN

WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: 212/759-4600
212/486-2093 (fax)

Email: cwaldman@wolfpopper.com