# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC.,<br><br>　　　　　　　Defendants. | Case No. 1:13-cv-07945<br><br>Hon. Ronald A. Guzman |

## PLAINTIFF KERRY LAMBERT'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO THE COURT'S DECEMBER 9, 2014 ORDER

Pursuant to the Court's request, Plaintiff Kerry Lambert ("Plaintiff"), by his undersigned counsel ("Plaintiff's Counsel") submits the following memorandum of points and authorities in response to the Court's December 9, 2014 Order, which requested a brief addressing the following three issues: (1) Why this action is not moot, thus depriving the Court of subject matter jurisdiction; (2) The benefits received by the proposed class members that justify certifying a class at this stage of the litigation; and (3) The federal securities laws favor full disclosure.

## I. Plaintiff's Claims Were Not Rendered Moot By the Supplemental Disclosures Nor the Closing of the Tender Offer

This Action was not mooted either by the Supplemental Disclosures or the closing of the Tender Offer. The Memorandum of Understanding ("MOU") and the revised Settlement Agreement executed on November 20, 2014 ("Settlement") contained a compromise resolution of disputed claims. Plaintiff agreed to release claims pertaining to: (1) other disclosures (i.e., disclosure inadequacies not remedied by the Supplemental Disclosures); (2) the sales process of Tellabs, Inc. ("Tellabs"); and (3) the sales price received by Tellabs' shareholders in exchange for the issuance of the Supplemental Disclosures to provide additional information to shareholders in advance of the closing of the tender offer on December 2, 2013 (the "Tender Offer"). Conversely, Defendants only agreed to issue the Supplemental Disclosures as a *quid pro quo* for the release of all claims relating to the Tender Offer. Both parties agreed in the Settlement that if preliminary approval of the Settlement was not granted, the Settlement would be cancelled and the litigation would return to the status prior to the execution of the MOU. Settlement Agreement ¶¶ 18 (ECF No. 67). Plaintiff, and the Class, have live, active claims under both federal and Delaware state law for disclosure violations not remedied by the Supplemental Disclosures, in addition to Delaware state law breach of fiduciary duty claims for the unfair process by which the Tender Offer was approved and the unfair consideration offered in the Tender Offer for which the Court can grant relief even though the Tender Offer has closed. Therefore, if the Settlement is not approved, the litigation will return to its status prior to the execution of the MOU and the parties will litigate these claims.

It is well established under Seventh Circuit law that an action is only rendered moot, depriving a Court of jurisdiction, where an intervening event "'makes it impossible for the court to grant **any** effectual relief whatever to a prevailing party[.]'" *Pakovich v. Verizon Ltd. Plan*,

653 F.3d 488, 492 (7th Cir. 2011) (emphasis added) (quoting *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009)). Thus, a Plaintiff's "'entire claim is not mooted simply because [some] specific relief it sought has been rendered moot[.]'" *Id.*; *see also United States v. Segal*, 432 F.3d 767, 773 (7th Cir. 2005) ("When making a mootness determination, we consider . . . whether it is still possible to fashion some form of meaningful relief to the [plaintiff] in the event he prevails on the merits." (internal quotation marks omitted)); *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898 (9th Cir. 2001) (finding that action was not mooted and appellants maintained Article III standing even where their primary claim for injunctive relief had been rendered moot, because "[a]ppellants also sought monetary damages against Providian, and even such a generalized claim for monetary damages is sufficient to maintain justiciability.") Consequently, the mere fact that rescission of the business combination of Tellabs and Marlin Equity Partners may no longer be a practical remedy available to Plaintiff, so long as some form of relief remains available to redress Plaintiff's claims, such as money damages, this Action is not moot.[1]

The Complaint in this action alleges causes of action for inadequate disclosure under both the Williams Act, Section 14(e), and Delaware state law. Complaint ¶¶ 77-93, ECF No. 1. With respect to these disclosure claims, the Complaint alleges eleven (11) different misleading portions of the Recommendation Statement. *Id.* ¶¶ 63-75. The Supplemental Disclosures did not remedy all of these inadequacies. Instead, the parties reached a compromise and additional disclosures were given to shareholders regarding seven of the disclosure inadequacies Plaintiff's Counsel determined were most crucial to shareholders. In addition, the Complaint alleges causes

---

[1] *See also Flynn v. Sandahl*, 58 F.3d 283, 287 (7th Cir. 1995) (In making a mootness determination, Courts must consider "whether it is still possible to fashion some form of meaningful relief to the appellant in the event he prevails on the merits.") (internal quotation marks omitted).

of action for breach of fiduciary duty, and aiding and abetting thereof, arising from the unfair process by which the Tender Offer was agreed upon and the inadequate consideration provided to Tellabs' shareholders in the Tender Offer. *Id.* ¶¶ 77-88. Furthermore, the Complaint sought both injunctive relief, and, if the Tender Offer was consummated, rescissory damages. *Id.* Complaint, Prayer for Relief, ¶ C. In sum, the Complaint sought relief for disclosure violations which have not been remedied by the Supplemental Disclosures, as well as relief for the inadequate Tender Offer price and process for which Plaintiff and Tellabs' shareholders have received no relief.

Courts in this Circuit have held that under certain circumstances damages are available for violations of Section 14(e) after the close of a Tender Offer. *See Jacob M. Scheiner IRA v. Midas, Inc.*, No. 12 C 02653, 2013 U.S. Dist. LEXIS 11520, at *14-16 (N.D. Ill. Jan. 29, 2013) (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 59-60 (1975) (damages permissible where a pattern of nondisclosure has depressed the price of the target company's stock and the tender shareholder unwittingly thinks he got a bargain when he tenders his shares)).[2] Likewise, Delaware courts have recognized that rescissory damages are available for breach of fiduciary duty claims after the close of a transaction. *See Cede & Co. v. Technicolor*, 634 A.2d 345, 371 (Del. 1993). In other words, relief in the form of damages or rescissory damages remain available to remedy Plaintiff's claims. Therefore, neither the Supplemental Disclosures nor the closing of the Tender Offer have rendered Plaintiff's claims moot. *Pakovich*, 653 F.3d at 492. As a result, if this Court does not approve the Settlement, the litigation will return to its status

---

[2] Due to the closing of the Tender Offer and information obtained in confirmatory discovery, if the claims are subject to further litigation, Plaintiff would anticipate filing an Amended Complaint. Therefore, the availability of damages as a remedy for violations of Section 14(e) should not be evaluated based upon the Complaint which was filed in advance of the closing of the Tender Offer.

prior to the execution of the MOU and the parties will litigate the merits of Plaintiff's claims.[3]

## II. Tellabs Shareholders Received Benefits Which Warrant Certification of a Settlement Class

In *Rondeau*, 422 U.S. at 58 the Supreme Court explained: "[t]he purpose of the Williams Act is to insure that public shareholders who are confronted by a cash tender offer for their stock will not be required to respond without adequate information regarding the qualifications and intentions of the offering party." Similarly, the Seventh Circuit has held "[t]he general objective of the Williams Act was to encourage an accurate disclosure of information relevant to a tender offer." *Atchley v. Qonaar Corp.*, 704 F.2d 355, 359 (7th Cir. 1983) (internal quotation marks omitted); *see also Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 477-78 (1977) (the fundamental objective of federal securities law is full disclosure). Consequently, the preferred remedy for violations of the Williams Act is curative disclosure prior to the close of a tender offer. *See, e.g.*, *Pac. Realty Trust v. APC Invs., Inc.*, 685 F.2d 1083, 1085-86 (9th Cir. 1982); *Bender v. Jordan*, 439 F. Supp. 2d 139, 177 (D.D.C. 2006); *Am. Carriers, Inc. v. Baytree Investors, Inc.*, 685 F. Supp. 800, 812 (D. Kan. 1988). Indeed, where plaintiffs do not seek relief before the close of a transaction defendants often argue plaintiffs' claims should be dismissed because the preferred remedy of curative disclosure is no longer available. *See, e.g., R.S.M. Inc. v. Alliance Capital Mgmt. Holdings L.P.*, 790 A.2d 478, 499 n.34 (Del. Ch. 2001).

Since curative disclosure is the preferred remedy for disclosure violations, it is well recognized under both federal and Delaware law[4] that such curative disclosures confer a

---

[3] Also, because the Settlement Agreement, reached in connection with the resolution of this litigation, has only been partially performed (by Defendants) and is awaiting judicial resolution for the performance of the remaining parts (the releases by Plaintiffs and the Class), the Court also has a case or controversy before it relating to the parties contract.

[4] Delaware law is particularly instructive, since Tellabs is a Delaware corporation and is governed by Delaware law.

5

substantial benefit to a class of shareholders. *See, e.g., Finkel v. Am. Oil & Gas, Inc.*, No. 10-cv-01808, 2012 U.S. Dist. LEXIS 6770, at *8 (D. Colo. Jan. 20, 2012); *In re Talley Indus., Inc. S'holders Litig.*, No. 15961, 1998 U.S. Del. Ch. LEXIS 53, at *46 (Del. Ch. Apr. 13, 1998) ("[T]he timely disclosure of the information in the supplement was presumably of greater value to the class than any potential award of damages based on the failure to disclose the same information, as such information is of the greatest utility when it is available in a timely manner to inform the stockholders' decision making process."); *McMullin v. Beran*, 765 A.2d 910, 917 (Del. 2000); *Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170, 1172 (Del. 2000).

Tender offer litigation, by its very nature, must be conducted in a very expedited fashion if curative disclosures are to reach shareholders prior to the close of the transaction. Due to the expedited nature of tender offer litigation, these curative disclosures can only be compelled before the close of a tender offer through preliminary injunction or settlement. Because the tender offer process affords inadequate time for significant discovery, any settlement of disclosure claims needs to be contingent on subsequent confirmatory discovery in order to make sure that more substantial claims are not being released. Thus, to encourage companies to make full disclosures of all material information, courts have provided for a process whereby *first*, the parties enter into an MOU, *second*, supplemental disclosures are made, *third*, confirmatory discovery takes place, and *fourth*, if nothing is found to undercut the settlement's fairness, the parties enter into a stipulation of settlement. Then preliminary approval is sought, notice is given to shareholders, and the court holds a final fairness hearing.

Consistent with this process, federal and state courts routinely grant preliminary approval of disclosure-only settlements where the supplemental disclosures and the closing of the transaction occur long before approval of the settlement is obtained. *See, e.g.*, *Dixon v. Cost*

6

*Plus, Inc., et al*, Case No. 12-cv-02721-LHK, slip op. (N.D. Cal. Dec. 5, 2013) (supplemental disclosures for tender offer issued on June 6 and 21, 2012, preliminary approval granted July 18, 2013); *Davis v. Cent. Vt. Pub. Serv. Corp.*, No. 5:11-cv-181, 2012 U.S. Dist. LEXIS 139186, at *3-5 (D. Vt. Sept. 27, 2012) (supplemental disclosures issued September 19, 2011, transaction closed September 29, 2011, preliminary approval first sought March 2, 2012); *Collier v. BrightPoint, Inc.*, No. 1:12-cv-01016, 2013 U.S. Dist. LEXIS 62125, at *3-4 (S.D. Ind. May 1, 2013) (supplemental disclosures issued September 6, 2012, transaction closed September 19, 2012, preliminary approval obtained October 22, 2012); *Fehlhaber v. Carlucci*, No. X08CV09501319S, 2012 Conn. Super. LEXIS 3223, at *5-6 (Conn. Super. Ct. Aug. 24, 2012) (Supplemental disclosures issued January 28, 2010, transaction closed February 8, 2010, preliminary approval sought August 26, 2010); *Augenbaum v. Forman*, No. 1569-N, 2006 Del. Ch. LEXIS 117, at *3 (Del. Ch. June 21, 2006) (supplemental disclosures issued October 18, 2005, settlement hearing held May 30, 2006).

In the present case, by obtaining the Supplemental Disclosures before the close of the Tender Offer, Plaintiff's Counsel secured the preferred relief for Tellabs' shareholders. These disclosures, however, were only obtained from Defendants as a *quid pro quo* for a release of all claims relating to the Tender Offer. Therefore, even if the exchange of consideration – disclosure for releases – was not simultaneous, it represents a substantive benefit to Class members. Moreover, Plaintiff also obtained the right for Class members to opt out of the Settlement. As a result, Class members who believe the benefits conferred were not sufficient to justify the Settlement can retain the benefits of the increased disclosure, yet opt out of the Settlement, and seek relief on their own.

**III.     Strong Public Policies are Promoted by Approval of Disclosure Settlements**

It has long been recognized that settlement agreements are highly favored and will be enforced whenever possible.  *Williams v. First Nat'l Bank of Pauls Valley*, 216 U.S. 582, 595 (1910); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1195 (7th Cir. 1985); *Metro. Hous. Dev. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980).  Additionally, as detailed above, the overriding purpose of the Williams Act is to ensure that shareholders receive full disclosure before they are required to respond to a tender offer.  *Rondeau*, 422 U.S. at 58; *Atchley*, 704 F.2d at 359.  Due to the expedited nature of tender offer litigation, the purpose of the Williams Act can only be fulfilled through preliminary injunction or settlement.  In light of the stringent standards applied to motions for preliminary injunction, settlement of Williams Act disclosure claims is often the only viable means by which to accomplish the Act's purpose.

These strong public policies can only be promoted by preliminary approval of the Settlement.  Following such a preliminary approval, the Settlement is still subject to a final "fairness" hearing at which all interested parties, including absent Class members apprised of the hearing and Settlement through notice sent to them, are afforded an opportunity to be heard on the proposed Settlement, at which time the Court will make a final determination as to whether the Settlement is "fair, reasonable, and adequate."  *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 958 (N.D. Ill. 2011) (internal quotation marks omitted).  The notice will also notify absent class members that their claims will be dismissed and apprise them of their opportunity to opt-out of the Settlement, and alert them that, if they want to bring their own actions, the relevant statutes of limitations are no longer tolled.

**IV. Conclusion**

The Parties negotiated a Settlement of this Action which provided Supplemental Disclosures before Tellabs' shareholders were required to make a decision regarding the Tender Offer. This Settlement provided a substantive benefit to shareholders and fulfilled the underlying purpose of the Williams Act. The fact that the consideration offered by each of the parties was not simultaneous does not moot Plaintiff's claims nor render the fulfillment of the Settlement Agreement unnecessary. Therefore, Plaintiff respectfully requests that the Court preliminarily approve the Settlement, approve the form of notice to be sent to Class members, and set a fairness hearing so a final determination can be made as to whether the Settlement is fair, reasonable and adequate upon a full record after Tellabs' shareholders have been provided an opportunity to be heard.

Dated: January 9, 2015

Respectfully submitted,

KERRY LAMBERT, individually and on behalf of all others similarly situated

By:/s/ *Katrina Carroll*
One of the Attorneys for Plaintiff
and the Proposed Class

Katrina Carroll
kcarroll@litedepalma.com
Lite DePalma Greenberg, LLC
One South Dearborn
Suite 2100
Chicago, Illinois 60603
(312) 212-4383
Fax (312) 212-5919
Bar Id. No. 6291405

Juan E. Monteverde (*pro hac vice*)
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Phone: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 9, 2015, the foregoing response was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

By:/s/ *Katrina Carroll*

One of the Attorneys for Plaintiff
and the Proposed Class