## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-07945 |
| TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC., | ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Ronald A. Guzman |
| Defendants. | ) ) | |

## RENEWED MOTION FOR PRELIMINARY APPROVAL OF FORM AND METHOD OF NOTICE AND FOR ENTRY OF AN ORDER SETTING A SETTLEMENT HEARING AND OTHER DATES

Plaintiff Kerry Lambert, by and through undersigned counsel, respectfully moves this Court for approval of the parties' stipulated proposed settlement. In support of this motion, Plaintiff states as follows:

1.      On November 21, 2014, Plaintiff filed a motion for preliminary approval of a proposed settlement agreement in this action. (Dkt. No. 109.) On November 20, 2014, Plaintiff filed a memorandum of law in support of this motion, as well as the Declaration of Juan E. Monteverde, with the settlement agreement attached as an exhibit thereto. (Dkt. Nos. 106, 107.)

2.      On December 9, 2014, this Court entered an order requiring further briefing on various issues related to the proposed settlement. (Dkt. No. 112.)

3.      On January 9, 2015, Plaintiff filed a memorandum in response to the Court's December 9, 2014 order.  (Dkt. No. 113.)

4.      On March 5, 2015, this Court entered an order granting in part and denying in part Plaintiff's November 21, 2014 motion for preliminary approval.  (Dkt. No. 115.)  The order stated that the Court believes that preliminary approval is appropriate, but ordered the parties to address certain perceived deficiencies with respect to the proposed preliminary approval order and notice to the class.  (*Id.*)

5.      Attached as Exhibit 1 hereto is a proposed preliminary approval order that addresses the items in the Court's March 5, 2015 order.  A proposed class notice that also addresses the items in the Court's March 5, 2015 order is attached to the proposed preliminary approval order as Exhibit A.  These documents address all of the items set forth in the Court's March 5, 2015 order with one exception related to the Court's statement that it "would seem to be unnecessarily burdensome" for a class member to be required to state the total number of Tellabs shares that he or she held "*at any time during the class period*."  (Dkt. No. 115 at 8) (emphasis supplied).  The Court further stated in that regard that the number of shares owned by a person seeking to opt out "makes little difference" and that the parties must already have a list of shareholders in order to have send out notices.  *Id.*

6.      In light of these statements, the requirement that class members state the number of shares that were held at *any* time during the class period has been removed.  However, it is essential that any class member who wishes to opt out of the settlement provides the number of shares that he or she held as of December 2, 2013 (the last day of the class period) because, pursuant to Paragraph 18 of the Settlement Agreement, Defendants have the option to terminate the settlement if class members who held a certain percentage of Tellabs stock as of December 2,

2013 choose to exclude themselves from the settlement class (this percentage is set forth in the Supplemental Agreement executed between the parties). Accordingly, it makes a significant difference, under the Settlement Agreement, how many shares that were purchased in the merger were owned by persons who seek to opt out. Moreover, as noted in the Court's March 5, 2015 order (*id.*), because it is likely that many shares are held by record holders—as opposed to the actual beneficial owners—the parties do not know who most of the beneficial owners were as of December 2, 2013, or how many shares each one owned as of that date. Thus, receiving opt outs from beneficial owners would, by itself, leave the parties without knowledge of how many shares were being left subject to potential litigation by opt outs and leave the parties unable to determine whether the termination rights under Paragraph 18 of the Settlement Agreement have been triggered.

**WHEREFORE**, for the reasons set forth in the memorandum of law and Declaration of Juan E. Monteverde (and exhibits thereto) filed on November 20, 2014 and herein, Plaintiff respectfully requests that this renewed motion for preliminary approval be granted and that the Court enter the proposed preliminary approval order attached hereto as Exhibit 1 and approve the proposed notice to the class attached to the proposed preliminary approval order as Exhibit A.

Dated: April 14, 2015

> */s/ Katrina Carroll*_____
> Katrina Carroll
> LITE DEPALMA GREENBERG, LLC
> One South Dearborn Street
> Suite 2100
> Chicago, IL 60603
> Phone: (312) 212-4383
> Fax: (312) 212-5919

Juan E. Monteverde (admitted *pro hac vice*)
FARUQI & FARUQI, LLP

369 Lexington Avenue, 10th Floor
New York, NY 10017
Phone: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 14, 2015, the foregoing Renewed Motion For Preliminary Approval, Approval Of Form And Method Of Notice And For Entry Of An Order Setting A Settlement Hearing Date And Other Dates was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ Katrina Carroll_____
Katrina Carroll
LITE DEPALMA GREENBERG, LLC
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4383
Fax: (312) 212-5919