## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>              Plaintiff,<br><br>          v.<br><br>TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 1:13-cv-07945<br><br>Hon. Ronald A. Guzman |

### PRELIMINARY APPROVAL ORDER

WHEREAS, the Parties to the above-captioned class action (the "Lambert Action")[1] have agreed to settle the Lambert Action; and

WHEREAS, Plaintiffs and Defendants have applied pursuant to Federal Rule of Civil Procedure 23(e) for an Order approving the proposed Settlement of the Lambert Action and determining certain matters in accordance with the Settlement Agreement entered into by the Parties, dated November 20, 2014 (the "Agreement" or "Settlement Agreement"), and for the

---

[1] Robert Englehart, Jorge Rodriguez, and the Judith Kane-Rodriguez 2012 Family Trust, plaintiffs in the case of *Englehart, et al. v. Tellabs, Inc., et al.*, Case No. 1:14-cv-1990 (the "Englehart Action"), are also parties to the Settlement Agreement. As part of the Settlement Agreement, the plaintiffs in the Englehart Action have agreed to file a motion for a stay of the Englehart Action within three (3) business days of the execution of the Settlement Agreement and have agreed not to initiate or re-initiate any proceedings other than those incident to the Settlement itself pending the occurrence of the Effective Date. Plaintiffs in the Englehart Action

dismissal of the Lambert Action upon the terms and conditions set forth in the Settlement Agreement;[2]

NOW, after review and consideration of the Settlement Agreement filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED AND ADJUDGED this 5th day of May, 2015, that:

1.     The Court approves, for purposes of settlement only, certification of the Lambert Action as a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Settlement Class" or "Class"):

> All record holders and beneficial owners of any share(s) of Tellabs stock who have held any such share(s) at any time during the period beginning on and including October 18, 2013, through and including December 2, 2013, including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, but excluding the Defendants.

2.     The Court finds that, for the sole purpose of settlement and without an adjudication on the merits, that all requirements pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) are met for certification of the Settlement Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiff Kerry Lambert is certified as the Class Representative.  Pursuant to the Private Securities Litigation Reform Act, Plaintiff Kerry Lambert is appointed Lead Plaintiff and Faruqi & Faruqi LLP is appointed Lead Counsel.

---

have further agreed to file a stipulation of dismissal with prejudice in the Englehart Action within three (3) business days of the Effective Date.

[2] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Settlement Agreement.

4.     A hearing (the "Settlement Hearing") will be held on **September 3, 2015**, **at 9:30 a.m.**, in the United States District Court for the Northern District of Illinois courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to: (a) determine whether the Court should approve the Settlement as fair, reasonable and adequate and in the best interests of the Class; (b) determine whether the Final Order and Judgment should be entered dismissing the Lambert Action and the Released Claims as to the Released Parties with prejudice as against Plaintiffs and the Class, releasing the Released Claims, and permanently barring and enjoining all Class Members from commencing, instituting, prosecuting or litigating any action or other proceeding in any forum, or asserting any Released Claims against any of the Released Parties; (c) finally determine that the Notice was mailed in accordance with Paragraph 7 of this Order and that notice was given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23 and due process; and (d) consider other matters, including a request by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, such attorneys' fees and expenses (if and only if awarded by this Court) to be paid solely by Tellabs and/or its successor(s)-in-interest and/or their respective insurer(s).

5.     The Court reserves the right to adjourn and reconvene the Settlement Hearing, including with respect to the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice to members of the Class other than by oral announcement at the Settlement Hearing or any adjournment thereof.

6.     The Court approves, in form and substance, the class notice (the "Notice"), identical in all material respects to the form attached hereto as Exhibit A.  The Court finds the mailing of the Notice in substantially the manner set forth in Paragraph 7 of this Order constitutes the best notice practicable under the circumstances to all persons entitled to such

notice of the Settlement Hearing and the proposed Settlement, and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and of due process. The Court further finds that the Notice attached hereto as Exhibit A complies with Federal Rule of Civil Procedure 23(c)(2)(B).

7.      On or before **May 19, 2015**, Coriant (formerly Tellabs Inc.) shall cause the Notice to be mailed by United States mail, first class, postage pre-paid, to each person who is shown on the records of Tellabs, its successors-in-interest or their respective transfer agents, to be a record holder of any share(s) of Tellabs stock or who held any such share(s) at any time during the period beginning on and including October 18, 2013, through and including the December 2, 2013, at his, her or its last known address appearing in the stock transfer records maintained by or on behalf of Tellabs. All record holders in the Class who were not also the beneficial owners of any Tellabs stock held by them of record shall be requested in the Notice to forward the Notice to such beneficial owners of such Tellabs tock. Coriant shall use reasonable efforts to give notice to such beneficial owners by causing additional copies of the Notice (a) to be made available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (b) to be mailed to beneficial owners whose names and addresses Coriant receives from record owners.

8.      On or before **July 23, 2015**, Plaintiffs shall file with the Court papers in support of the Settlement and a Fee Application.

9.      On or before **August 24, 2015**, counsel for Tellabs shall file with the Court proof of mailing of the Notice.

10.     On or before **August 24, 2015**, counsel for Tellabs shall file with the Court proof of compliance with the Class Action Fairness Act.

11. Any Class Member may request exclusion from the Settlement Class. No Class Member shall be entitled to exclusion from the Class unless, no later than **August 13, 2015**, such person delivers to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, via either United States mail or hand delivery, a completed written request for exclusion (the "Exclusion Form"). The Exclusion Form will be attached to the Notice as Exhibit 1 and will be available to be downloaded at www.faruqilaw.com/TellabsNotice. The completed Exclusion Form must include the following information: (i) this case number (13-cv-07945); (ii) the Class Member's full name; (iii) the Class Member's current mailing address; (iv) a statement that the Class Member requests exclusion from the Settlement; (v) the total number of shares of Tellabs stock that the Class Member held on December 2, 2013; and (vi) the Class Member's personal signature and, if applicable, that of the Class Member's authorized representative.

12. If an Exclusion Form does not include all of the information set forth in Paragraph 11, or if it is not timely submitted, then it shall be deemed invalid. A Class Member submitting an invalid request for exclusion from the Settlement Class shall be treated as if he or she did not submit any request for exclusion at all, and shall be deemed to have released all Released Claims upon entry of the Final Order and Judgment.

13. If the Court grants final approval of the Agreement and enters the Final Order and Judgment, all Class Members shall be bound by the Final Order and Judgment; provided, however, that Class Members who submit valid requests for exclusion pursuant to the requirements set forth in Paragraph 11 will not be bound by the release of any claims described in the Settlement Agreement.

14.     Any member of the Class may object to the Settlement Agreement, the Settlement, and/or the Fee Application.  At the Settlement Hearing, any member of the Class who desires to do so may appear personally or by counsel, and show cause, if any, why the Settlement of the Lambert Action in accordance with and as set forth in the Settlement Agreement should not be approved as fair, reasonable and adequate and in the best interests of the Class; why the Final Order and Judgment should not be entered in accordance with and as set forth in the Settlement Agreement; or why the Court should not grant an award of reasonable attorneys' fees and expenses to Plaintiffs and/or Plaintiffs' Counsel for their services and actual expenses incurred in the Lambert Action; provided, however, that unless the Court in its discretion otherwise directs, no Class Member, or any other person, shall be entitled to contest the approval of the terms and conditions of the Settlement or (if approved) the Final Order and Judgment to be entered thereon, or the allowance of fees and expenses to Plaintiffs and/or Plaintiffs' Counsel, and no papers, briefs, pleadings or other documents submitted by any member of the Class or any other person (excluding a party to the Settlement Agreement) shall be received or considered, except by order of the Court for good cause shown, unless, no later than **August 13, 2015**, such person files with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, and serves upon the attorneys listed below a completed objection (the "Objection Form").  The Objection Form will be attached to the Notice as Exhibit 2 and will be available to be downloaded at www.faruqilaw.com/TellabsNotice.  The completed Objection Form must contain the following information:  (a) name, address, and telephone number; (b) name of the case; (c) the specific reasons for objecting to the Settlement or to Plaintiffs' Counsel's requested award of fees and expense; and (d) signature.  If any Class Member also desires to speak at the hearing, such Class

Member must fill out the section of the Objection Form setting forth the Class Member's "Notice of Intention to Appear at the Tellabs Fairness Hearing." The Objection Form must be served upon the following attorneys:

| Plaintiffs' Counsel | Tellabs' Counsel | Marlin's Counsel |
|---|---|---|
| Juan E. Monteverde<br>Faruqi & Faruqi LLP<br>369 Lexington Avenue,<br>10th Floor<br>New York, NY 10003 | David F. Graham<br>Sidley Austin LLP<br>One South Dearborn<br>Street<br>Chicago, IL 60603 | William H. Gussman, Jr.<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY 10022 |

15. Any person who fails to object in the manner described in Paragraph 14 shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Class Members who do not object need not appear at the Fairness Hearing or take any other action to indicate their approval.

16. On or before **August 24, 2015**, Plaintiffs or Defendants shall file papers, if any, in further support of the Settlement or the Fee Application or in response to any timely objection made in accordance with Paragraph 14.

17. The Settlement Agreement, Notice, March 5, 2015 Order on preliminary approval, Preliminary Approval Order, Exclusion Form, Objection Form, and Plaintiffs' Fee Application will be posted and available to be downloaded at www.faruqilaw.com/TellabsNotice.

18. All actions currently pending before this Court regarding the Released Claims, including the Lambert Action and any other actions, excluding, however, those proceedings within the Lambert Action incident to the Settlement or the Fee Application, are hereby stayed and suspended until further order of this Court.

19.     Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Class in their capacity as Tellabs shareholders, are barred and enjoined from commencing, prosecuting, litigating or instigating, either directly, representatively or in any other capacity, any action asserting any claims that are, or relate in any way to, Released Claims against Released Parties.


Dated: May 5, 2015

_Ronald A. Guzman_
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
# If You Owned Shares of Tellabs Common Stock Between
# October 18, 2013 and December 2, 2013,
## Your Right To Sue May Be Affected By A Class Action Settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement (the "Settlement") has been reached with Tellabs, Inc. ("Tellabs"), members of the Tellabs board of directors, Marlin Equity Partners ("Marlin"), and two of its affiliates (collectively "Defendants") in a class action relating to the sale of Tellabs to a Marlin affiliate, Blackhawk Merger Sub Inc. (the "Merger" or "Transaction"), and Tellabs' sales process. The terms and conditions of the Settlement are set forth in detail in the Settlement Agreement, which has been filed with the Court and which is subject to Court approval. This Notice only includes a summary of various terms of the Settlement, and does not purport to be a comprehensive description of its terms. The Settlement Agreement, along with other documents relating to the Settlement, is available for review at www.faruqilaw.com.

- The Settlement resolves all claims against Defendants in a lawsuit over whether the members of the Tellabs board of directors breached their duties to Tellabs shareholders in connection with the sales process that was conducted, the terms of the Merger agreement with Marlin, and disclosures made to shareholders in connection with the Merger.

- As part of the Settlement, supplemental disclosures were provided regarding the Merger in an amendment to the Schedule 14D-9, which Tellabs filed with the U.S. Securities and Exchange Commission ("SEC") on November 25, 2013. Plaintiff had sought these additional disclosures, and entered into the Settlement to obtain them, so as to provide additional information for Tellabs shareholders to decide to tender their shares in connection with the Merger.

- The Court has granted preliminary approval of the Settlement and has scheduled a hearing on _____, 2015 at __:__ _.m. Central Time to consider approval of the Settlement and Plaintiff's lawyers' request for an award of attorneys' fees and expenses (the "Fairness Hearing"). While you are not required to take any action in response to this notice, you have the right to request exclusion from the proposed Settlement, and object to the proposed Settlement and/or the request for an award of attorneys' fees and expenses subject to the deadlines described below. These rights and options – and the deadlines to exercise them – are explained in this notice.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| Object | Write to the Court if you don't like the Settlement. |
| Opt Out | Write to the Court to request exclusion from the Settlement. |
| Go To A Hearing | Ask to speak in Court about the Settlement. |
| Do Nothing | You will not object to the Settlement and will have no right to ever sue Defendants about the legal claims in this case if the Settlement is approved. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.

## What This Notice Contains

BASIC INFORMATION…………………………………………………………………PAGE 3 to 4
    1.    Why is there a notice?
    2.    Who are the Plaintiff and Defendants?
    3.    What is this lawsuit about?
    4.    Why is this a class action?
    5.    Why is there a Settlement with Defendants?

WHO IS IN THE TELLABS SETTLEMENT CLASS…………………………………………PAGE 4
    6.    How do I know if I'm part of the Settlement?
    7.    Are there any exceptions to being included?
    8.    I'm still not sure I'm included.

THE TELLABS SETTLEMENT BENEFITS……………………………………………………PAGE 4 to 5
    9.    What does the Settlement provide?
    10.    What do I lose as a result of the Settlement?

THE LAWYERS REPRESENTING YOU…………………………………………………………PAGE 5 to 6
    11.    Do I have a lawyer in the case?
    12.    How will the lawyers be paid?

OPTING OUT OF THE TELLABS SETTLEMENT……………………………...……………………PAGE 6

    13.    What do I do if I want to request exclusion from the Settlement?

OBJECTING TO THE TELLABS SETTLEMENT……………………………………………PAGE 6 to 7
    14.    If I don't like the Settlement, how do I tell the Court?

THE COURT'S FAIRNESS HEARING……………………………………………………………PAGE 7
    15.    When and where will the Court decide whether to approve the Settlement?
    16.    Do I have to come to the hearing?
    17.    May I speak at the hearing?

IF YOU DO NOTHING………………………………………………………………………PAGE 8
    18.    What happens if I do nothing at all?

GETTING MORE INFORMATION……………………………………………………………PAGE 8
    19.    How do I get more information?

## BASIC INFORMATION

| 1. Why is there a notice? |
| --- |

You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Lambert v. Tellabs, Inc., et al.*, Case No. 1:13-cv-07945. The person who sued is called the Plaintiff, and the individuals and companies they sued are called the Defendants.

| 2. Who are the Plaintiff and Defendants? |
| --- |

Plaintiff Kerry Lambert, a Tellabs shareholder at all relevant times of the Merger, brought this lawsuit against members of the board of directors of Tellabs for alleged violations of their duties to Tellabs' public shareholders. Plaintiff also sued Tellabs, Marlin, and two affiliates of Marlin, Blackhawk Holding Vehicle, LLC and Blackhawk Merger Sub Inc. (collectively "Marlin's Affiliates"), for aiding and abetting the board of directors' alleged violations. The Defendants are as follows:

Tellabs, Inc.
Vincent H. Tobkin
Bo Hedfors
Frank Ianna
Vincent D. Kelly
Michael E. Lavin
Stephanie Pace Marshall
Alex Mashinsky
Gregory J. Rossmann
Dennis F. Strigl
Jan H. Suwinski
Mikel H. Williams
Marlin Equity Partners
Blackhawk Holding Vehicle, LLC
Blackhawk Merger Sub Inc.

Robert Englehart, Jorge Rodriguez, and the Judith Kane-Rodriguez 2012 Family Trust filed a similar case against the same defendants, also in the United States District Court forth the Northern District of Illinois, known as *Englehart v. Tellabs, Inc., et al.*, Case No. 1:14-cv-1990. This case has been stayed, and will also be dismissed with prejudice if the Settlement obtains final approval by the Court. Similar cases challenging the Merger were filed in both Delaware and Illinois state courts. Those cases have all been dismissed.

| 3. What is the lawsuit about? |
| --- |

The lawsuit claims that the members of the Tellabs board of directors breached their fiduciary duties to Tellabs shareholders in connection with Tellabs' sales process and the Merger, including by allegedly failing to undertake an adequate sales process before agreeing to the Merger, obtaining an unfair and inadequate price, engaging in self-dealing, including various "deal protection devices," and failing to disclose to the Company's shareholders information necessary to make an informed decision with respect to the Merger. The lawsuit also claims that the Schedule 14D-9 filed by Tellabs in connection with the Merger contained misleading or otherwise inadequate disclosures in violation of certain federal securities laws and alleged state law fiduciary duties. Tellabs, Marlin, and Marlin's Affiliates are claimed to have aided and abetted these alleged legal violations. The Defendants have vigorously denied that they did anything wrong. The Court has not yet heard or resolved the merits of Plaintiff's claims, or determined whether Plaintiff's or Defendants' claims are true.

| 4. Why is this a class action? |
| --- |

In a class action, one or more people (in this case, Kerry Lambert) sue on behalf of persons who have similar claims. In this case, Kerry Lambert has sued on behalf of other Tellabs shareholders. Except as discussed below in #13, all former Tellabs shareholders (except for Defendants and their affiliates) are a Class or Class Members for purposes of the Settlement. One court resolves the issues common to all Class Members.

| 5. What is the nature of and basis for a Settlement with Defendants? |
| --- |

The Court has not decided in favor of Plaintiff or Defendants and will not do so if the Settlement is approved. There will be no trial. Instead, by settling, Plaintiff and Defendants avoid the costs and risks of further proceedings, and Class Members will have obtained the benefits of this Settlement.

The Plaintiff and his attorneys, who have conducted an investigation of the facts and the law relevant to the lawsuit, think the Settlement is best for all Class Members.

By way of background, as described above in Section 3, Plaintiff alleged in his complaint against Defendants that Tellabs' directors breached their fiduciary duties in connection with the Merger by, among other things, (i) agreeing to inadequate consideration following a flawed and conflicted process and (ii) failing to disclose material information concerning the Merger, thereby preventing Tellabs shareholders from making an informed decision with respect to the Merger. Plaintiff alleged that, as a result of the alleged disclosure problems, Tellabs shareholders were unable to decide (a) whether to tender their shares or (b) whether to exercise their appraisal rights and seek "fair value" for their shares pursuant to the appraisal process provided for under Delaware law. (Tellabs was a Delaware corporation, so Delaware law governed various aspects of the Merger.)

As a result of Plaintiff's efforts, which included the review of confidential information concerning the Merger and consultation with a financial expert, Defendants agreed, as part of a potential settlement, to provide additional disclosures concerning the process leading up to the announcement of the Merger, the financial analyses performed by the Board's financial analyses concerning the fairness of the Merger, and Tellabs financial projections. These supplemental disclosures, which were filed with the SEC on November 25, 2013 (before the Merger closed), are described in further detail below in Section 9.

After obtaining the supplemental disclosures, Plaintiff continued to investigate his remaining claims against Defendants, which centered on whether Defendants would be liable for monetary damages. After reviewing many thousands of pages of confidential information concerning Tellabs and the Merger, and after conducting several depositions of key persons involved in the Merger, Plaintiff determined that, if he pursued further litigation, he would have faced significant risks that he would not be able to prevail on his remaining claims. Moreover, Plaintiff recognized that further litigation would entail the investment of substantial time and expense as well as additional uncertainties.

As a result, Plaintiff determined that the potential settlement, which provided the certainty of obtaining the supplemental disclosures, was in the best interests of the Class. Specifically, Plaintiff believes that the negotiated relief he obtained in the Settlement in the form of additional disclosures made prior to the expiration of the tender offer, was and is, under the circumstances, fair, reasonable, and adequate consideration for the Settlement of Plaintiff's remaining claims against Defendants. particularly when considering the risk, burden, and expense of such further litigation. Under the Settlement, Class Members will be prohibited from pursuing any monetary damages, including for any alleged inadequate consideration received in connection with the Merger. Class members will also be barred from participating in any other legal actions relating to the Merger that are either pending or which might later be brought.

**WHO IS IN THE TELLABS SETTLEMENT CLASS**

**6.    How do I know if I am part of the Settlement?**

If you were the record holder or beneficial owner of shares of Tellabs common stock at any time beginning on and including October 18, 2013 through December 2, 2013, you are a Class Member.

**7.    Are there any exceptions to being included?**

You are not a Class Member if you are one of the Defendants in this Action.

**8.    I'm still not sure if I'm included.**

If you are still not sure whether you are a Class Member, you can ask for free help. For more information, please contact Class Counsel as follows:

Juan E. Monteverde, Esq.
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Fl.
New York, NY 10003
(212) 983-9330

**THE TELLABS SETTLEMENT BENEFITS**

**9.    What does the Settlement provide?**

The Settlement provides for supplemental disclosures regarding the Merger in an amendment to the Schedule 14D-9, which Tellabs filed with the SEC on November 25, 2014.  The amendment to the Schedule 14D-9 can be obtained at the following web address:

http://www.sec.gov/Archives/edgar/data/317771/000119312513452363/d634181dsc14d9a.htm

In particular, the amendment to the Schedule 14D-9 included: (1) in Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis,* additional information regarding the basis for the earnings per share multiples and discount rate used by Goldman Sachs for this analysis; (2) in Goldman Sachs' *Illustrative Discounted Cash Flow Analysis*, additional information regarding how Goldman Sachs treated certain factors when conducting this analysis; (3) in Goldman Sachs *Selected Companies Analysis*, (a) the results of such analysis, and (b) additional information about Goldman Sachs' basis for choosing the selected companies the multiples observed for each of the selected transactions; and (4) in the *Background of the Merger* section, (a) additional information regarding the basis for the Tellabs Board's March 27, 2013 decision to suspend discussions with third parties regarding a potential sale of the entire company for the time being, and (b) additional information regarding the basis for the Tellabs Board's April 30, 2013 decision to begin a more formal non-public process of identifying and contacting certain parties that would be the most likely to be interested in acquiring Tellabs, and (c) additional details regarding the refined base case projections that Tellabs provided to Marlin on October 3, 2013.

The Settlement provided for the additional disclosures summarized in the preceding paragraph but does not provide for any additional consideration, monetary or otherwise. Moreover, in exchange for Defendants' agreement to provide the additional disclosures, the Settlement provides for a release of any claims relating to the Merger that a Class Member might have against Defendants, including claims that Defendants breached their fiduciary duties.  Under the Settlement, Class Members will be prohibited from pursuing monetary damages, including for any alleged inadequate consideration received in connection with the Merger.  Class members will also be barred from participating in any other legal actions relating to the Merger that are either pending or which might later be brought

The Settlement Agreement, available at www.faruqilaw.com, contains more details about the Settlement.

---
**10.  What do I lose as a result of the Settlement?**
---

If the Settlement is approved, you can't sue Defendants, continue to sue, or be part of any other lawsuit in this Court or any other court against Defendants seeking any type of relief, including monetary damages, regarding the legal claims in this case, unless you seek exclusion under Section 13.  It also means that all of the decisions by the Court will bind you.  The "Release of Claims" that bars you from suing Defendants regarding Tellabs sales process, the Merger and Defendants' disclosures, is set forth fully in the Settlement Agreement and describes exactly the legal claims that you give up as a Class Member if the Settlement Agreement is approved. The Settlement Agreement is available at www.faruqilaw.com.

## THE  LAWYERS  REPRESENTING  YOU

---
**11.  Do I have a lawyer in the case?**
---

The Court has conditionally appointed the following law firms to represent the Class Members:

FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Fl.
New York, NY 10003
(212) 983-9330

You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---
**12.  How will the lawyers be paid?**
---

The Court will decide how much Class Counsel will be paid.  Class Counsel has not yet received any payment for its work on this case (and has not been reimbursed for their expenses). Class Counsel are asking the Court for an award of $750,000 in attorneys' fees, inclusive of reimbursement of the costs and expenses for investigating the facts, litigating the case, and negotiating and administering the Settlement. It is within the Court's discretion, however, to determine whether the amount requested, or a smaller amount, is reasonable and should be awarded.  Defendants have agreed not to oppose Class Counsel's request for an award of fees and expenses up to $750,000.  This agreement was reached after all other terms of the proposed Settlement were agreed upon.

Any award for attorneys' fees and expenses will NOT be paid from or lessen the $2.45 per share in cash for each Tellabs share that Tellabs shareholders have received as consideration in connection with the Merger. Instead, an award for attorneys' fees and expenses will be paid by either Tellabs, its successor, or their respective insurers.

## OPTING OUT OF THE TELLABS SETTLEMENT

---
**13.    If I don't want to participate in the Settlement, how do I tell the Court?**
---

Any member of the Class who held any shares in Tellabs at any time between October 18,2013 through and including on December 2, 2013 may seek exclusion from the Settlement.  Exclusion means that you are no longer a Class Member, that you are no longer represented by Class Counsel, and that you may attempt to pursue claims against Defendants on an individual basis.  If you are a member of the Class and you wish to seek exclusion from the Settlement, you must, no later than _____, 2015 deliver to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, via either United States mail or hand delivery, a completed request for exclusion (the "Exclusion Form"), which is attached to this Notice as Exhibit 1 and is also available for download at www.faruqilaw.com. As indicated by the attached Exclusion Form, you must provide the following information:

(1) your full name;

7

(2) your current mailing address;
(3) a statement that you request exclusion from the Settlement;
(4) the total number of shares you held on December 2, 2013; and
(5) your personal signature and, if applicable, that of your authorized representative.

IF THE EXCLUSION FORM DOES NOT INCLUDE ALL OF THE REQUESTED INFORMATION OR IF IT IS NOT TIMELY SUBMITTED, THEN IT SHALL BE DEEMED INVALID. ANY MEMBER OF THE CLASS WHO SUBMITS AN INVALID REQUEST FOR EXCLUSION FROM THE SETTLEMENT SHALL BE TREATED AS IF HE OR SHE DID NOT SUBMIT ANY REQUEST FOR EXCLUSION AT ALL, AND SHALL BE DEEMED TO HAVE RELEASED ALL RELEASED CLAIMS IF THE COURT APPROVES THE SETTLEMENT. No member of the Class may request exclusion on behalf of any other person besides himself or herself.

## OBJECTING TO THE TELLABS SETTLEMENT

| **14. If I don't like the Settlement, how do I tell the Court?** |
| --- |

**If you are a member of the Class who held any shares in Tellabs at any time between October 18, 2013 through and including on December 2, 2013, you can object to the Settlement or to Class Counsel's request for an award of attorneys' fees and expenses. To object, you must, deliver in the manner described below a completed objection (the "Objection Form"), which is attached to this Notice as Exhibit 2 and is also available for download at www.faruqilaw.com. As indicated by the attached Objection Form, you must provide the following information:**

(1)     Your name, address, and telephone number;

(2)     The specific reasons you object to the Settlement or to the requested award of attorneys' fees and expenses;

and

(3)     Your signature and, if applicable, that of your authorized representative.

Your Objection Form, along with any supporting materials you wish to submit, must be mailed and postmarked no later than _____, 2015 to the following four addresses:

| Court | Plaintiff's Counsel | Tellabs' Counsel | Marlin's Counsel |
| --- | --- | --- | --- |
| Clerk of the U.S. District Court, Northern District of Illinois

 219 South Dearborn Street

Chicago, IL 60604 | Juan E. Monteverde

Faruqi & Faruqi LLP 369 Lexington Avenue, 10th Floor New York, NY 10003 | David F. Graham

Sidley Austin LLP

One South Dearborn Street

Chicago, IL 60603 | William H. Gussman, Jr.

Schulte Roth & Zabel LLP

919 Third Avenue

New York, NY 10022 |

ANY PERSON WHO FAILS TO OBJECT AND FOLLOW THE PROCEDURES SET FORTH ABOVE SHALL BE CONSIDERED TO HAVE WAIVED ANY OBJECTION AND SHALL FOREVER BE BARRED FROM RAISING ANY OBJECTION IN THE ACTION OR ANY OTHER ACTION OR PROCEEDING. IN ADDITION, IF THE PARTIES ARE UNABLE TO VERIFY THAT YOU ARE A MEMBER OF THE CLASS, THE PARTIES ARE ENTITLED TO REQUEST PROOF OF YOUR OWNERSHIP OF TELLABS STOCK PRIOR TO THE SETTLEMENT HEARING.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and to consider Class Counsel's request for an award of attorneys' fees and expenses. You may attend and, if you timely filed an objection and also provided the other information described in the answer to Question 16 below, you may ask to speak, but you don't have to.

| **15. When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court has scheduled a Fairness Hearing which will be held before Judge Ronald Guzman on _____, 2015 at __: __ _.m. Central Time, in the United States District Court for the Northern District of Illinois courthouse, 219 South Dearborn Street, Chicago, Illinois 60604.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who asked to speak at the hearing. The Court will also consider whether, and how much, to pay the lawyers for Plaintiff and the Class in the event the Settlement is approved. After the hearing, the Court will decide whether to approve the Settlement and, if so, whether and how much Class Counsel should be paid. We do not know how long these decisions will take.

| **16. Do I have to come to the hearing?** |
|---|

No. Plaintiff's lawyers will answer any questions Judge Guzman may have. But you are welcome to attend the hearing at your own expense. If you send a written objection, you do not have to come to the Court to discuss it. As long as you mailed your written objection on time, following the instructions in this Notice, the Court will consider it. You may also pay your own lawyer to attend, if you wish, but it's not necessary.

| **17. May I speak at the hearing?** |
|---|

If you have previously submitted an objection and appear at the hearing, you may ask the Court for permission to speak. To do so, you must also send a letter saying that it is your "Notice of Intention to Appear at the Tellabs Fairness Hearing." Be sure to include your name, address, telephone number, and your signature. If you intend to present any documents or other materials at the hearing, copies of these must be included with your Notice of Intention to Appear.

You must mail your Notice of Intention to Appear to the four addresses set forth in the answer to Question 14 above, and the Notice of Intention to Appear must be mailed and postmarked no later than _____, 2015.

### IF YOU DO NOTHING

| **18. What happens if I do nothing at all?** |
|---|

9

If you do nothing, your rights will nonetheless be affected. If the Settlement is approved, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the issues in this case, ever again.

## GETTING MORE INFORMATION

| **19.  How do I get more information?** |
| --- |

This Notice only summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement, the Exclusion Form, the Objection Form, and other documents relating to the Settlement at www.faruqilaw.com.

### NOTICE TO PERSONS OR ENTITIES
### HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS

**Brokerage firms, banks and other persons or entities who are members of the Class in their capacities as record holders, but not as beneficial holders, are requested to send this Notice promptly to beneficial holders.  Additional copies of this Notice for transmittal to beneficial holders are available free of charge by contacting the following:**

[INSERT]

You may also timely furnish the names and addresses of your beneficial holders in writing to Coriant (formerly Tellabs, Inc.) which will then be responsible for sending the Notice to such beneficial holders.

# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:13-cv-07945 <br> ) <br> ) Hon. Ronald A. Guzman <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>CLASS MEMBER OPT-OUT FORM</u>

**\*\*\* This form needs to be filled out only if you seek to opt out of the class settlement (the "Settlement") and pursue affected claims individually.  If you do not wish to opt out of the Settlement, you do not need to fill out and return this form.  In order to opt out of the Settlement, you must return this form to the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 no later than [DATE], 2015.**

**Name:** _____

**Mailing Address:** _____

**Number of Shares of Tellabs, Inc. Common Stock Owned on December 2, 2013:**_____

I, _____, hereby request exclusion from the Settlement described in the accompanying class action notice (the "Notice"). I have not assigned, transferred, or otherwise conveyed to any other person any of the "Released Claims" described in the Notice, and I have not been given any consideration in exchange for my decision to opt out of the Settlement.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: _____, 2015          Signature: _____

Name and Signature of Representative (if applicable):

_____

_____

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-07945 |
| TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC., | ) ) ) ) ) ) ) ) ) ) ) | Hon. Ronald A. Guzman |
| Defendants. | ) | |

## CLASS MEMBER OBJECTION FORM

**\*\*\* This form needs to be filled out only if you object to the class settlement (the "Settlement"). If you do not wish to object to the Settlement, you do not need to fill out and return this form. In order to object to the Settlement, you must file this form with the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, AND serve it upon all attorneys listed in the accompanying class action notice (the "Notice") no later than [DATE], 2015.**

**Name:** _____

**Mailing Address:** _____

**Telephone Number:** _____

**Specific Basis for Objecting to the Settlement and/or any Award of Attorneys' Fees and Expenses:**

_____

_____

_____

14

(If you need additional space, you may attach additional materials to this form.)

**NOTICE OF INTENTION TO APPEAR AT THE TELLABS FAIRNESS HEARING**

Would you like to speak at the Fairness Hearing, which will be held before Judge Ronald Guzman on [DATE], 2015 at [TIME] in the United States District Court for the Northern District of Illinois courthouse, 219 South Dearborn Street, Chicago, Illinois 60604?  (CIRCLE ONE BELOW)

**YES**                                            **NO**

As set forth in the Notice, you do not have to attend the hearing, but you are welcome to do so at your own expense.  If you would like to speak at the hearing, you must circle "Yes" above.  If you intend to present any documents or other materials at the hearing, copies of these documents must be enclosed when you return this form.

I have not assigned, transferred, or otherwise conveyed to any other person any of the "Released Claims" described in the Notice, and I have not been given any consideration in exchange for my decision to object to the Settlement.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: _____, 2015          Signature: _____

                                      Name and Signature of Representative (if applicable):

                                      _____

                                      _____

15