# EXHIBIT M

ATTORNEY ID NUMBER 34944



# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALBERT STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>PACTIV CORPORATION, et al.,<br><br>    Defendants. | Case No. 10-CH-35455<br><br>Consolidated with Case Nos. 10-CH-36437, 10-CH-36811, and 10-CH-38571<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated February 14, 2011, on the application of Named Plaintiffs for approval of the Settlement set forth in the Class Action Settlement Agreement dated February 4, 2011 (the "Agreement") filed in the above-captioned action. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order incorporates by reference the definitions in the Agreement and in the Exhibits attached thereto, and all terms used herein shall have the same meanings as set forth in the Agreement and Exhibits attached thereto.

2. This Court has jurisdiction over the subject matter of the Cook County Action and over all parties to the Actions, including all members of the Settlement Class.

3. Due and adequate notice of the proceedings and Settlement having been provided to the members of the Settlement Class, and a full opportunity having been offered to them to participate in the Fairness Hearing, it is hereby determined that they are bound by this Final Order.

4. Pursuant to §735 ILCS 5/2-801 *et seq.*, this Court hereby approves the Settlement set forth in the Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the members of the Settlement Class.

5. This Court hereby dismisses the Cook County Action on the merits with prejudice.

6. The Clerk of the Court is directed to enter and docket this Final Order in this action.

7. The Court finds that the Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties and the Settlement Class, and that the Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the Agreement's terms.

616154_1

8. Effective as of the date of this Final Order, Named Plaintiffs and each of the members of the Settlement Class shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.

9. In accordance with the intentions of the Settling Parties, the Released Claims include claims that Named Plaintiffs or the members of the Settlement Class do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Effective as of the date of this Final Order, Named Plaintiffs and the members of the Settlement Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law which governs or limits a person's release of unknown claims; further, Named Plaintiffs and the members of the Settlement Class shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Named Plaintiffs and the members of the Settlement Class also shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code; and Named Plaintiffs and the members of the Settlement Class acknowledge that they and/or others may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, known or unknown,


suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Named Plaintiffs and the members of the Settlement Class shall be deemed by operation of Final Approval to have acknowledged that the foregoing waiver was separately bargained for and is an integral element of the Settlement.

10. Named Plaintiffs and the members of the Settlement Class are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in, or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively, or in any other capacity, against any of the Releasees or asserting any claims that are, arise out of, or in any way relate to, the Released Claims.

11. Effective as of the date of this Final Order, Defendants and the Releasees shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished, and discharged, Named Plaintiffs, each and all of the members of the Settlement Class, and Plaintiffs' counsel from all claims arising out of the institution, prosecution, settlement, or resolution of the Actions; provided however, that Defendants and the Releasees retain the right to enforce the terms of the Agreement.

12. The Class Notice given to the Settlement Class was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of §735 ILCS 5/2-803 and the requirements of due process.

13. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as, or may constitute an admission of, concession of, evidence of, or a

presumption of the validity or lack thereof of any Released Claim, or of any fault, wrongdoing, liability, omission, or lack of any fault, wrongdoing, or liability of Defendants, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings; and (b) shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any person in the Actions, or in any other actions or proceedings, whether civil, criminal, or administrative, in any court or tribunal, except in connection with any proceeding to enforce the terms of the Agreement or arising out of or relating to this Final Order. Defendants may file the Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Settling Parties agree that during the course of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of the applicable rules concerning submission of pleadings and other documents for a proper purpose and with reasonable basis.

15. Pursuant to the Agreement, Pactiv or its successor-in-interest has agreed to pay Plaintiffs' counsel's reasonable attorneys' fees and expenses in the amount awarded by the Court not to exceed $860,000. The Court finds that an award of attorneys' fees and expenses is fair and reasonable, and therefore pursuant to the Agreement and subject to the terms and conditions of the Agreement, Pactiv or its successor-in-interest shall pay attorneys' fees and expenses of $860,000 to Robbins Geller Rudman & Dowd LLP as receiving agent for Plaintiffs' counsel in full satisfaction of any claim for expenses, costs, damages, or fees alleged or incurred by Plaintiffs, by any member of the Settlement Class, or by any of their attorneys, experts, advisors, agents, or representatives.

16. The effectiveness of the provisions of this Final Order and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Order to the extent the appeal addresses the issue of Plaintiffs' counsel's fees and expenses.

17. Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) the payment of attorneys' fees and expenses ordered in this Final Order; and (c) all Settling Parties for the purpose of construing, enforcing, and administering the Agreement.

18. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

19. Notwithstanding the foregoing, in accordance with §735 ILCS 5/2-804(b) and 805, this Final Order shall not be binding on the putative members of the Settlement Class who have been properly excluded from the Settlement Class. Identification of all putative members of the Settlement Class who have been properly excluded from the Settlement Class is attached to this Final Order as Exhibit A.

IT IS SO ORDERED.

DATED: April 26, 20__

_____
THE HONORABLE KATHLEEN M. PANTLE
COUNTY CIRCUIT COURT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
& DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
ELLEN GUSIKOFF STEWART
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
PAUL J. GELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiff in the Cook County Action

LAW OFFICES OF MARC S. HENZEL
MARC S. HENZEL
431 Montgomery Avenue, Suite B
Merion Station, PA 19066
Telephone: 610/660-8000
610/660-8080 (fax)

Attorneys for Plaintiff

LASKY & RIFKIND, LTD.
LEIGH R. LASKY
NORMAN RIFKIND
AMELIA S. NEWTON
350 North LaSalle Street, Suite 1320
Chicago, IL 60610
Telephone: 312/634-0057
312/634-0059 (fax)

MILBERG LLP
BENJAMIN Y. KAUFMAN
KENT A. BRONSON
ANDREI V. RADO
PEGGY J. WEDGWORTH

One Pennsylvania Plaza
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)

GARDY & NOTIS, LLP
JAMES S. NOTIS
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Telephone: 201/567-7377
201/567-7337 (fax)

FARUQI & FARUQI, LLP
NADEEM FARUQI
369 Lexington Avenue, 10th Floor
New York, NY 10017-6531
Telephone: 212/983-9330
212/983-9331 (fax)

Lead Counsel for Plaintiffs in the Lake County Action