# EXHIBIT N

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| IBEW LOCAL 164 PENSION FUND, ) | |
| ) | 10 CH 31612 |
| Plaintiff, ) | (consolidated with 10 CH 31613) |
| ) | |
| vs. ) | |
| ) | |
| HEWITT ASSOCIATES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| JEAN M. CALAMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HEWITT ASSOCIATES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

607948_1

This matter came before the Court for hearing pursuant to the Orders of this Court, dated October 7, 2010 and December 17, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Class Action Settlement Agreement dated October 4, 2010 (the "Agreement") filed in the above-captioned actions. Due and adequate notice having been given to the Settlement Class as required in said Orders, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Order incorporates by reference the definitions in the Agreement and in the exhibits attached thereto, and all terms used herein shall have the same meanings as set forth in the Agreement and exhibits attached thereto.

2. This Court has jurisdiction over the subject matter of the Cook County Actions and over all parties to the Actions, including all Settlement Class Members.

3. Due and adequate notice of the proceedings and Settlement having been provided to the Members of the Settlement Class, and a full opportunity having been offered to them to participate in the Fairness Hearing, it is hereby determined that they are bound by this Final Order.

4. Pursuant to 735 ILCS 5/2-801 *et seq.*, this Court hereby approves the Settlement set forth in the Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members.

5. This Court hereby dismisses the Cook County Actions on the merits with prejudice against the Defendants.

6. The Clerk of the Court is directed to enter and docket this Final Order in the Cook County Actions.

7. The Court finds that the Agreement and Settlement are fair, reasonable and adequate as to each of the Settling Parties and the Settlement Class, and that the Agreement and Settlement are

hereby finally approved in all respects, and the Settling Parties are hereby directed to perform the Agreement's terms.

8. Upon the Effective Date hereof, the Plaintiffs and each of the Settlement Class Members who have not requested exclusion from the Settlement Class in the manner set forth in the Notice of Class Action Settlement and Supplemental Notice of Proposed Settlement of Class Action (*see* Exhibit A hereto) shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished and discharged all Released Claims, including Unknown Claims, against the Releasees. Plaintiffs and Settlement Class Members, however, do not release any claims based upon breach of the Agreement.

9. Plaintiffs and the Settlement Class Members who have not requested exclusion from the Settlement Class in the manner set forth in the Notice of Class Action Settlement and Supplemental Notice of Proposed Settlement of Class Action are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Releasees or asserting any claims that are, arise out of, or in any way relate to, the Released Claims or the Unknown Claims.

10. Upon the Effective Date hereto, each of the Defendants and the Releasees shall be deemed to have, and by operation of this Final Order shall have, fully, finally, and forever released, relinquished and discharged, the Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel from all claims arising out of the institution, prosecution, settlement or resolution of the Actions, provided however, Defendants and the Releasees retain the right to enforce the terms of the Agreement.

11. The notice given to the Settlement Class was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of 735 ILCS 5/2-803 *et seq.* and the requirements of due process.

12. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as, or may constitute an admission of, concession of, evidence of, or a presumption of the validity or lack thereof of any Released Claim, or of any fault, wrongdoing, liability, omission, or lack of any fault, wrongdoing, or liability of the Defendants, as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings; and (b) shall not be interpreted, construed, deemed, involved, offered or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative proceeding in any court or tribunal, except in connection with any proceeding to enforce the terms of this Agreement or arising out of or relating to this Final Order. Defendants may file the Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Settling Parties agree that during the course of this Action, the Settling Parties and their respective counsel at all times complied with the requirements of the applicable rules concerning submission of pleadings and other documents for a proper purpose and with reasonable basis.

14. Pursuant to the Agreement, Hewitt or its successor-in-interest has agreed to pay reasonable attorneys' fees and expenses of the amount of attorneys' fees and reimbursement of

- 3 -

607948_1

expenses awarded by the Court not to exceed $850,000. The Court finds that an award of attorneys' fees and expenses is fair and reasonable, and therefore pursuant to the Agreement, Hewitt or its successor-in-interest shall pay attorneys' fees and expenses of $850,000 to Robbins Geller Rudman & Dowd LLP as receiving agent for Plaintiffs' Counsel in full satisfaction of Plaintiffs' claims for attorneys' fees and expenses within five (5) business days after the Settlement has become Final (as defined in the Agreement) and subject to the terms and conditions of the Agreement.

15. The effectiveness of the provisions of this Final Order and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Final Judgment and Order of Dismissal with Prejudice that relates solely to the issue of Plaintiffs' Counsel's fees and expenses.

16. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the payment of attorneys' fees and expenses ordered in this Order; and (c) all Settling Parties for the purpose of construing, enforcing and administering the Agreement.

In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE RICHARD J. BILLIK, JR
COOK COUNTY CIRCUIT COURT JUDGE

ENTERED

FEB 15 2011

Judge Richard J. Billik, Jr.

- 4 -

607948_1

Submitted by:

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC (#38819)**
Adam J. Levitt
John E. Tangren
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: (312) 984-0000
Fax: (312) 984-0001

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
Gustavo Bruckner
Martin E. Restituyo
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

**MILBERG LLP**
Benjamin Y. Kaufman
Peggy J. Wedgworth
One Pennsylvania Plaza
New York, New York 10119
Tel: (212) 594-5300

**ROBBINS GELLER RUDMAN & DOWD LLP**
Randall J. Baron
Ellen Gusikoff Stewart
A. Rick Atwood, Jr.
David T. Wissbroecker
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Tel: (619) 231-1058
Fax: (619) 231-7423

**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963
Tel: (772) 231-4202

**LASKY & RIFKIND, LTD.**
Leigh R. Lasky
Norman Rifkind

Amelia S. Newton
350 North LaSalle Street, Suite 1320
Chicago, IL 60610
Tel: (312) 634-0057
Fax: (312) 634-0059

**MURRAY, FRANK & SAILER LLP**
Brian P. Murray
275 Madison Avenue, Suite 801
New York, NY 10016
Tel: (212) 682-1818
Fax: (212) 682-1892

*Attorneys for Plaintiffs*