# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED
-8 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE ICX TECHNOLOGIES, INC.      )     CONSOLIDATED
SHAREHOLDER CLASS ACTION          )     Civil Action No. 1:10cv941
                                  )

## ORDER AND FINAL JUDGMENT

The Stipulation and Agreement of Compromise, Settlement and Release, dated February 15, 2011 (the "Stipulation"), of the above consolidated class action (the "Action"), and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on July 8, 2011, pursuant to the Scheduling Order entered herein on _____, 2011 (the "Scheduling Order"), which Stipulation was entered into by plaintiffs in the Action (the "Plaintiffs"), through Plaintiffs' Lead Counsel and by Defendants ICx Technologies, Incorporated ("ICx" or the "Company"), FLIR Systems, Incorporated ("FLIR"), Indicator Merger Sub, Incorporated ("Indicator"), Wexford Capital LP ("Wexford"), Hans C. Kobler, Colin J. Cumming, E. Spencer Abraham, Rodney E. Slater, Joseph M. Jacobs, Robert A. Maginn, Jr., and Mark L. Plaumann (collectively, the "Defendants") (together with Plaintiffs, the "Parties") in the Action and which is incorporated herein by reference; and the United States District Court for the Eastern District of Virginia (the "Court") having determined that notice of said hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

591765_1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___8th___ day of ___July___, 2011, as follows:

1. The Notice of Pendency of Consolidated Class Action, Proposed Settlement of Consolidated Class Action, Settlement Hearing and Right to Appear ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Action, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, the Class Action Fairness Act of 2005 ("CAFA"), and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. The Court hereby finds, pursuant to Federal Rule of Civil Procedure 23, as follows:

    a. that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law or fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, and (iv) Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately protected the interests of the Class;

    b. that the requirements of Federal Rules of Civil Procedure 23(a) and (b) have been satisfied;

    c. that the requirements of the Federal Rules of Civil Procedure, CAFA, and due process have been satisfied in connection with the Notice;

    d.    that the Action is hereby certified as a non-opt out class, defined as any and all record and beneficial holders of ICx common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held ICx common stock at any time between and including August 16, 2010 and October 1, 2010 (the "Class"); and

    e.    that Plaintiffs are hereby certified as the Class representatives, and Lead Counsel are certified as Lead Class Counsel.

3.    The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of Court is directed to enter and docket this Order and Final Judgment in the Consolidated Class Action.

4.    This Order and Final Judgment shall not constitute any evidence or admission by any of the Parties herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

5.    The Action is hereby dismissed with prejudice in its entirety as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

6.    The Action is fully and completely dismissed with prejudice on the merits, and any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or

591765_1

absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding, (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Hans C. Kobler; Colin J. Cumming; E. Spencer Abraham; Rodney E. Slater; Joseph M. Jacobs; Robert A. Maginn, Jr.; Mark L. Plaumann; ICx; FLIR; Indicator; Wexford; DP1 LLC; Valentis SB, LLP; Wexford Spectrum Investors, LLC; Wexford Catalyst Investors, LLC; Debello Investors LLC or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective part or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which have arisen, could have arisen, arise now or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action, the Merger Agreement, the 14D-9, the Schedule TO, and the transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such

591765_1

disclosures) (collectively, the "Released Claims"); provided, however, that the Released Claims shall not include any claims to enforce the Settlement or any claims properly asserted by ICx shareholders for appraisal under 8 *Del. C.* § 262 of the Delaware General Corporation Law.

7. The release contemplated by this Stipulation extends to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiffs and each member of the Class, shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and

5

591765_1

release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

8. Each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action.

9. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement; and (b) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

10. Plaintiffs' Lead Counsel are hereby awarded attorneys' fees in the amount of $ 925,000.00, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Lead Counsel, FARUQI & FARUQI, LLP, in accordance with the terms of the Stipulation.

11. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

12. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

/s/
_____
Claude M. Hilton
United States District Judge