# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PATRICK NICHTING,**<br>Individually And On Behalf Of All Others<br>Similarly Situated,<br><br>Plaintiff,<br><br>- v. -<br><br>**DPL INC., et al.,**<br><br>Defendants. | Consolidated Case No. 3:11-cv-141<br><br>Judge Timothy S. Black |

## ORDER AND FINAL JUDGMENT

The Stipulation of Settlement, dated November 2, 2011 (the "Stipulation"), of the above-captioned consolidated action (the "Action"), and the Settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on February 23, 2012, pursuant to the Order Preliminarily Approving Settlement, Approving Form and Method of Notice and Scheduling Settlement Hearing and Other Dates entered herein on November 8, 2011 (the "Preliminary Approval Order");

The Stipulation having been joined in and consented to by all parties to the Action and incorporated herein by reference (along with the defined terms therein);

The Court, having determined that notice of the Settlement Hearing was given to the Class in accordance with the Preliminary Approval Order and that said notice was adequate and sufficient; having heard the Parties' support for the Settlement as articulated by their attorneys of

record; having allowed all other persons an opportunity to be heard on this matter as provided in the notice; and having considered all matters related to this Settlement;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Notice of Pendency of Class Action, Preliminary Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") has been given to the Class pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice to the Class has been filed with the Court and a full opportunity to be heard has been offered to all Parties, the Class and all other persons in interest. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with each of the requirements of Federal Rule of Civil Procedure 23, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and 23(e), the Court certifies the Action as a class action for purposes of settlement only, on behalf of a non-opt out class consisting of all record and beneficial holders of common stock of DPL Inc. ("DPL" or the "Company") (excluding defendants in the Action and their immediate families) for the period from and including April 19, 2011 (the date prior to the public announcement of a definitive merger agreement whereby Dolphin Sub, Inc. ("Dolphin"), a wholly-owned subsidiary of The AES Corporation ("AES"), will be merged with and into DPL with DPL continuing as the surviving corporation (the "Merger")), through and including the effective date of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any

person or entity acting for or on behalf of, or claiming under any of them, and each of them (the "Class").

    3.    The Court finds and concludes, for purposes of settlement only, that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met:

    a.    The members of the Class are so numerous that separate joinder of each member is impracticable;

    b.    Plaintiffs' claims raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Class;

    c.    Plaintiffs' claims are typical of the claims of each member of the Class;

    d.    Plaintiff Patrick Nichting can fairly and adequately protect and represent the interests of each member of the Class; and

    e.    The prosecution of separate claims or defenses by or against individual members of the Class would create a risk of either (i) inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for Defendants or (ii) adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests; and the allegations regarding Defendants are generally applicable to all the members of the Class, thereby making final injunctive relief or declaratory relief concerning the Class as a whole appropriate.

4. The Court finds and concludes that the Settlement is fair, reasonable, adequate, and in the best interests of DPL and the Class, and approves the Settlement and adopts the terms of the Stipulation for the purpose of this Order.

5. This Final Judgment and Order shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

6. The Action is hereby dismissed with prejudice as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

7. Any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, costs, expenses, interest, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether arising under federal, state, or foreign constitution, statute, regulation, ordinance, contract, tort, common law, equity, or otherwise, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal or proceeding (including, but not limited to, any and all claims asserted in the State Court Actions and any other claims relating to alleged fraud, breach of any duty, negligence or violations of the federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class and their respective successors and assigns (collectively, the "Releasing Persons"), whether individual, class, derivative, representative, legal, equitable or of any other type or asserted in any other capacity against any and all Defendants, and/or any of their respective direct and

indirect, past, present, and future, families, associates, parent entities, subsidiaries, affiliates, divisions, related entities, general or limited partners or partnerships, joint venturers or joint ventures, limited liability companies, members, officers, directors, shareholders, investors, representatives, employees, attorneys, financial or investment advisors, consultants, insurers, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, engineers, advisors, agents, heirs, executors, trustees, trustors, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which Plaintiffs or any of the other Releasing Persons ever had, now have, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the facts, events, transactions, acts, matters, occurrences, statements, representations, alleged misrepresentations, alleged omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related, directly or indirectly, to the allegations that have been or could have been asserted in the Action, the deliberations and decision-making process of DPL's board of directors, the price offered in relation to the Merger, the Merger, or the Merger Agreement, or any disclosures made in connection with any of the foregoing (including the adequacy and completeness of such disclosures) (collectively, the "Settled Claims") are hereby fully, finally, and forever settled, released and the members of the Class are hereby barred from asserting in any jurisdiction or forum any and all Settled Claims; provided, however, that Settled Claims shall not include: (a) the right of Plaintiffs to enforce the terms of the Settlement or (b) any individual claims by DPL shareholders for appraisal under Ohio Revised Code Section 1701.85.

8. Any and all claims by Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs,

assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, arising out of or relating to Plaintiffs and Plaintiffs' counsel's filing and prosecution of the Action and any Settled Claims are hereby released; provided, however, that Defendants shall retain the right to enforce the terms of the Settlement and to oppose or defend any appraisal rights of any Class member.

9. The Releases provided for herein shall extend to claims that Plaintiffs, for themselves and on behalf of the Class, the Company and its shareholders, and AES and Dolphin, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release. The Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, principle of common law or equity, or any other law or principle, which governs or limits a person's release of unknown claims. The Releasing Persons shall be deemed to relinquish, to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10. The Releasing Persons shall be further deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, principle of common law, or any other law or principle, which is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiffs, for themselves and on behalf of the Class, the Company and its shareholders, acknowledge that members of the Class and/or other Company shareholders may discover facts in addition to or different from those that they now

know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, the Company and its shareholders, and AES and Dolphin, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

11. Neither Plaintiffs nor any member of the Class shall sue any Defendant or any other Released Person for any Settled Claim.

12. Plaintiffs' counsel are hereby awarded fees and expenses in the aggregate amount of $ 700,000.00 [*150*] for their services in the Action, which award the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' counsel by DPL or its successor in interest in accordance with the terms of the Stipulation.

13. The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over: (a) administration and implementation of the Settlement in accordance with the Stipulation; (b) enforcement of the orders, injunctions, and releases set forth herein; and (c) all other matters related or ancillary to the foregoing.

Dated: 2/24/12

_Timothy S. Black_
UNITED STATES DISTRICT JUDGE