# EXHIBIT Q

EFiled: Aug 31 2009 3:18PM EDT
Transaction ID 26854681
Case No. 4066-VCN

EFiled: Aug 14 2009 12
Transaction ID 26597124
Case No. 4066-VCN

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COUNTY OF YORK EMPLOYEES RETIREMENT PLAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 4066-VCN |
| MERRILL LYNCH & CO., INC., JOHN A. THAIN, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, and BANK OF AMERICA CORPORATION, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on _August 31_, 2009, pursuant to this Court's Order dated _July 2_, 2009 (the "Scheduling Order"), upon a Stipulation of Settlement (the "Stipulation") filed in the above-captioned action (the "Action"), which (along with the defined terms therein) is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Class (as defined in the Stipulation) was adequate and

sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court:

IT IS ORDERED, ADJUDGED AND DECREED THIS 31ˢᵗ DAY OF August , 2009 AS FOLLOWS:

1.     In full compliance with Court of Chancery Rule 23 and the requirements of due process, on July 14, 2009, Merrill Lynch & Co., Inc. ("Merrill" or the "Company") and following days mailed the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") by first-class mail pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and full opportunity to be heard has been offered to all parties, the Class and persons in interest.

2.     Each of the provisions of Court of Chancery Rule 23(a) has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rule 23(b)(1) and (b)(2) with respect to the claims asserted on behalf of the Class.  Specifically, based on the record of the Action, this Court expressly and conclusively finds and orders that (a) the Class as defined in the Scheduling Order is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, (d) the Representative Plaintiff in the Action is fairly and adequately protecting and representing the interests of the Class, and (e) the requirements of Court of Chancery Rule 23(b)(1) and (b)(2) are satisfied.  The Action is certified as a class action, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and (b)(2), without opt out rights, by the Plaintiffs on behalf of the Class, consisting of all shareholders of Merrill common stock (other than the Defendants (excluding Merrill and BAC) and their affiliates, successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them) during the

2

period from the close of business on September 12, 2008 through the Effective Time of the Merger.

3.       Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in the Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

4.       The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of the Class and the Company; the parties to the Stipulation are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation; and the Register in Chancery is directed to enter and docket this Order and Final Judgment in the Action.

5.       All of Plaintiffs' claims asserted in the Action on behalf of the Class against all Defendants are dismissed on the merits with prejudice against Plaintiffs and all members of the Class, without costs, except as provided herein.

(a)       In addition to the foregoing, the Court hereby enters a final judgment and grant of a release, settling, releasing, discharging and dismissing with prejudice on the merits, and an injunction barring, any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Claims or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law, or any other law or regulation, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of *Plaintiffs and* any and all of the members of the Class (and Plaintiffs' and Class members' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and

3

other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual or class, legal or equitable, against any and all Defendants in the Actions, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, shareholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Claims, the Merger, or the Merger Agreement, including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims") shall be fully and finally settled, released, discharged, and dismissed with prejudice on the merits; provided, however, that the Settled Claims shall not include (i) claims to enforce the Settlement; (ii) derivative and double derivative claims asserted on behalf of Merrill, including without limitation, the derivative claims asserted on behalf of Merrill in (a) the Federal Action, (b) *Levin v. O'Neal, et al.,* Index No. 07/603662 (Sup. Ct. N.Y. County), *Wziontka v. O'Neal, et al.,* Index No. 07/603663 (Sup. Ct. N.Y. County), or *Diamond v. O'Neal, et al.,* Index No. 08/600009 (Sup. Ct. N.Y. County); or (c) any other derivative action pending in any other court; (iii) federal securities claims, including, without limitation, the federal securities claims currently pending in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, Securities Action, 07-cv-9633 (JSR)(DFE), to the extent that such federal securities law claims are not based on the Merger, the Merger Agreement or any disclosures, non-disclosures or public statements made in connection with the Merger or Merger Agreement; (iv) claims under the Employee Retirement

4

Income Security Act ("ERISA"), including, without limitation, the claims asserted in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, ERISA Action, 07-cv-10268 (JSR)(DFE); and (v) claims that members of the Class may have against the Released Persons based on their purchase, sale or ownership of shares of BAC (excluding the BAC shares that they received in exchange for Merrill shares pursuant to the terms of the Merger Agreement), including any such claims asserted or that may be asserted in *In re Bank of America Corp. Securities, Derivative, and Employment Retirement Income Security Act (ERISA) Litigation,* Master File No. 09-MDL-2058 (DC) (S.D.N.Y.);

      (b)    The release contemplated by this Stipulation extends to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. Plaintiffs and each member of the Class, shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent

to California Civil Code § 1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, acknowledge that members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

6.      Plaintiffs and the members of the Class are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly or representatively, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Settled Claim, all of which Settled Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in this Action and this Order and Final Judgment.

7.      The attorneys for Plaintiffs in this Action and the Federal Action (as defined in the Stipulation) are awarded attorneys' fees and expenses in the amount of $ 750,000⁰⁰, in the aggregate, which sums the Court finds to be fair and reasonable. Defendants shall cause such amounts to be paid in accordance with the terms of the Stipulation.

8.      This Order and Final Judgment shall not constitute any evidence or admission by any of the Defendants hereto or any other person that any acts of negligence or wrongdoing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefor.

9.      The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

10.     Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

_____
Vice Chancellor John W. Noble