# EXHIBIT R

**EFiled: Dec 4 2008 11:59AM EST**
**Transaction ID 22755594**
**Case No. 3694-VCN**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE THE TRIZETTO GROUP, INC.    )     C.A. No. 3694-VCN
SHAREHOLDERS LITIGATION    )

)

### FINAL ORDER AND JUDGMENT

A hearing having been held before this Court (the "Court") on December 4, 2008, 2008, pursuant to the Court's Order of October 3, 2008, (the "Scheduling Order"), upon a Stipulation and Agreement of Compromise, Settlement and Release, dated as of September 26, 2008 (the "Stipulation"), of the above captioned action (the "Action"), which Scheduling Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforementioned Scheduling Order and that said notice was adequate and sufficient; the parties having appeared by their attorneys of record; the Court having received evidence in support of the proposed settlement; the attorneys for the respective parties having been heard in support of the Settlement of the Action; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

**IT IS ORDERED, ADJUDGED, AND DECREED** this 4th day of December, 2008, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") has been given to the Class (as defined therein and in paragraph 4 herein) pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the Notice was

1

filed with the Court; and full opportunity to be heard has been offered to all parties, the Class and persons of interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Court of Chancery Rule 23 and due process, and it is further determined that all members of the Class are bound by this Order and Final Judgment.

3.     Based on the record in this Action, each of the provisions of Court of Chancery Rule 23 has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rules 23(a), 23(b)(1) and (b)(2). Specifically, this Court finds that: (1) the Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims of the Plaintiffs are typical of the claims of the Class; and (4) the Plaintiffs and their counsel have fairly and adequately protected the interests of the Class.

4.     The Action is hereby certified as a class action, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and (b)(2), on behalf of a class consisting of all record holders and beneficial owners of the common stock of The TriZetto Group, Inc. (excluding defendants, their immediate families, and affiliates) on any day during the period from April 11, 2008 to and including the effective date of consummation of the Merger, including the legal, representatives, heirs, successors and successors in interest, transferees and assigns of all such foregoing holders and/or owners, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them and each of them (the "Class"). The named Plaintiffs are hereby certified as Class Representatives. The law firms of Rigrodsky & Long, P.A. and Abbey Spanier Rodd & Abrams. LLP are hereby certified as Class Counsel.

2

5.    This Settlement is found to be fair, reasonable and adequate and in the best interest of the Class, and is hereby approved pursuant to Court of Chancery Rule 23(e).  The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Register in Chancery is directed to enter and docket this Order and Final Judgment.

6.    This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and shall not be deemed to create any inference that there is any liability therefore.

7.    This Action is hereby dismissed with prejudice as to all Defendants named in the Action and against Plaintiffs and all other members of the Class on the merits, with each party to bear its own costs except as provided herein and in the Stipulation.

8.    Any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state law relating to alleged fraud, breach of any duty, negligence or violations of the federal or state securities laws) by or on behalf of the Plaintiffs in the Action and any and all of the members of the Class, whether individual, class, derivative, representative, legal, equitable, or any other type or in other capacity (collectively, the "Releasing Parties") against any and all defendants in the Action, and/or any of their families, parent entities, associates, affiliates, or subsidiaries and each and all of their respective past, present, or future officers, directors,

3

stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors and assigns (collectively, the "Released Persons"), which the Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall, or may have by reason of, arising out of, relating to, or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing, or cause whatsoever, or any series thereof, embraced, involved, or set forth, directly or indirectly, to the Action, the Merger, or the Merger Agreement, including without limitation any disclosures made in connection with any of the foregoing, including but not limited to claims arising out of, relating to or in connection with the Proxy Statement, the Financial Advisor Disclosure, the Additional Disclosures, and the Proportional Voting Provision, except properly perfected claims for appraisal pursuant to Section 262 of the Delaware General Corporation law or claims to enforce the Settlement (collectively, the "Settled Claims") are hereby fully, finally, and forever discharged and dismissed with prejudice against the Releasing Parties, settled, enjoined, and released.

9.      The parties granting releases under paragraph 8 waive their rights, to the extent permitted by state law, federal law, foreign law or principles of common law, that may have the effect of limiting the releases set forth in paragraph 8. This shall include a waiver of any rights pursuant to Section 1542 of the California Civil Code and any similar, comparable or equivalent provision. Section 1542 of the California Civil Code provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

Plaintiffs acknowledge that the Releasing Parties may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the plaintiff to hereby completely, fully, finally and forever compromise, settle, release, discharge and extinguish any and all Settled Claims known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts. Plaintiffs warrant that they have read and understand §1542 of the California Civil Code and have had the opportunity to consult with and be advised by counsel regarding its meaning and effect. Plaintiffs, on behalf of the Releasing Parties, hereby voluntarily waive the provisions, rights, and benefits of §1542 of the California Civil Code and the provisions, rights, and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which are similar, comparable or equivalent to §1542 of the California Civil Code.

10. The Releasing Parties are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person. Plaintiffs and their counsel shall take, or cause to be taken, any and all actions necessary to promptly secure the dismissal of the Consolidated California Action, as defined in the Stipulation.

11. Plaintiffs' counsel are hereby awarded attorneys' fees and expenses in a total amount of $ 950, 000 , which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiff's counsel in accordance with the terms of the Stipulation. In no

5

event will Defendants be obligated to pay any fees or expenses to Plaintiffs' counsel if the Settlement does not obtain Final Court Approval, as that term is defined in the Stipulation.

12.    The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any issue relating to any application that Plaintiffs' counsel may make for an award of attorneys' fees and expenses.

13.    Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

_____
Vice Chancellor John W. Noble