**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KERRY LAMBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELLABS, INC., VINCENT H. TOBKIN, BO HEDFORS, FRANK IANNA, VINCENT D. KELLY, MICHAEL E. LAVIN, STEPHANIE PACE MARSHALL, ALEX MASHINSKY, GREGORY J. ROSSMANN, DENNIS F. STRIGL, JAN H. SUWINSKI, MIKEL H. WILLIAMS, MARLIN EQUITY PARTNERS, BLACKHAWK HOLDING VEHICLE, LLC, and BLACKHAWK MERGER SUB INC.,<br><br>Defendants. | Case No. 1:13-cv-07945<br><br><u>CLASS ACTION</u><br><br>Hon. Ronald A. Guzman |

**LEAD PLAINTIFF KERRY LAMBERT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF
<u>PROPOSED SETTLEMENT AND AN AWARD OF ATTORNEYS' FEES</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 3

III. ARGUMENT ........................................................................................................................ 6

    A. THE COURT SHOULD APPROVE THE PROPOSED SETTLEMENT AS FAIR, REASONABLE, AND ADEQUATE AND IN THE BEST INTERESTS OF THE CLASS ............................................................................... 6

    B. THE COURT SHOULD APPROVE LEAD COUNSEL'S FEE AND EXPENSE APPLICATION ................................................................................... 13

IV. CONCLUSION .................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Butt v. Megabus Northeast LLC*,
   Case No. 11-cv-3993 (JPO), 2012 U.S. Dist. LEXIS 137683 (S.D.N.Y. Sept. 25, 2012) ....... 12

*Cnty. of York Emps. Ret. Plan v. Merrill Lynch & Co., Inc.*,
   C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009) (ORDER) ....................................................... 14

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
   258 F.R.D. 545 (N.D. Ga. 2007).................................................................................................. 6

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ...................................................................................................... 12

*Henkel v. Battista*,
   C.A. No. 3419-VCN (Del. Ch. Dec. 16, 2008) (ORDER) ....................................................... 14

*Hispanics United of DuPage County v. Village of Addison, Illinois*,
   988 F. Supp. 1130 (N.D. Ill. 1997).............................................................................................. 8

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   MDL No. 1500, 2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. Apr. 6, 2006)................................. 12

*In re Austrian and German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000) ........................................................................................... 8

*In re Countrywide Corp. Shareholders Litig.*,
   C.A. No. 3464-VCN, 2009 Del. Ch. LEXIS 44 (Del. Ch. Mar. 31, 2009)................................ 10

*In re ICX Techs., Inc. S'holder Class Action*,
   Consol. C.A. No. 1:10-cv-941 (E.D. Va. July 8, 2011) (ORDER).......................................... 14

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...................................................................................................... 7

*In re Mexico Money Transfer Litig.*,
   164 F. Supp. 2d 1002 (N.D. Ill. 2000)......................................................................................... 7

*In re Motorsports Merch. Antitrust Litig.*,
   112 F. Supp. 2d 1329 (N.D. Ga. 2000)........................................................................................ 7

*In re Schering-Plough/Merck Merger Litig.*,
   No. 09-CV-1099 (DMC), 2010 U.S. Dist. LEXIS 29121 (D.N.J. Mar. 25, 2010)................... 14

*In re Southwest Airlines Voucher Litig.*,
   No. 11 C 8176, 2013 U.S. Dist. LEXIS 120735 (N.D. Ill. Aug. 26, 2013).......................... 8, 10

*In re Sumitomo Copper Litig.*,
   189 F.R.D. 274 (S.D.N.Y. 1999) .............................................................................................. 13

*In re Talley Indus., S'holders Litig.*,
   C.A. No. 15961, 1998 Del. Ch. LEXIS 53 (Del. Ch. Apr. 9, 1998).......................................... 9

*In re Telectronics Pacing Systems, Inc.*,
   137 F. Supp. 2d 985 (S.D. Ohio 2001) ....................................................................................... 8

*In re The Trizetto Grp., Inc. S'holders Litig.*,
  C.A. No. 3694-VCN (Del. Ch. Dec. 4, 2008) (ORDER) .......................................................... 14

*In re Wm. Wrigley Jr. Co. Shareholders Litig.*,
  C.A. No. 3750-VCL, 2009 Del. Ch. LEXIS 12 (Del. Ch. Jan. 22, 2009) ................................ 10

*Int'l Union v. GMC*,
  No. 07-CV-14074-DT, 2008 U.S. Dist. LEXIS 92590 (E.D. Mich. July 31, 2008) ................ 12

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) .................................................................................................. 13

*Mills v. Elec. Auto-Lite Co.*,
  396 U.S. 375 (1970) .................................................................................................................. 9

*Nichting v. DPL Inc.*,
  No. 3:11-cv-141 (S.D. Ohio Feb. 24, 2012) (ORDER) ........................................................... 14

*Olden v. LaFarge Corp.*,
  472 F. Supp. 2d 922 (E.D. Mich. 2007) .................................................................................. 10

*Panter v. Marshall Field & Co.*,
  646 F.2d 271 (7th Cir. 1981) .................................................................................................... 7

*Rome v. Archer*,
  197 A.2d 49 (Del. 1964) ......................................................................................................... 13

*Schulte v. Fifth Third Bank*,
  805 F. Supp. 2d 560 (N.D. Ill. 2011) ........................................................................................ 7

*Whitford v. First Nationwide Bank*,
  147 F.R.D. 135 (W.D. Ky. 1992) ............................................................................................. 8

**Other Authorities**

4 A. Conte & H. Newberg,
  *Newberg on Class Actions* § 11:58 (3d ed. 2009) .................................................................... 12

7B Wright & Miller,
  *Federal Prac. & Proc.* § 1797.1 (3d ed. 2009) ........................................................................ 12

Lead Plaintiff Kerry Lambert ("Lead Plaintiff" or "Lambert"), by and through his counsel Lite DePalma Greenberg, LLC and Lead Counsel Faruqi & Faruqi, LLP ("Lead Counsel"), respectfully submits this Reply Memorandum in Further Support of Motion for Final Approval of Proposed Settlement and an Award of Attorneys' Fees. Related federal plaintiffs Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust (collectively, with Lead Plaintiff, "Plaintiffs") also join in this Reply.

I.     **INTRODUCTION**

This action (the "Action") arises out of the acquisition of Tellabs, Inc. ("Tellabs" or the "Company") by Blackhawk Holding Vehicle, LLC, and Blackhawk Merger Sub Inc, affiliates of Marlin Equity Partners ("Marlin"), (collectively the "Marlin Defendants"), through a tender offer that expired on December 2, 2013 (the "Tender Offer"), followed by a short-form merger between Tellabs and Blackhawk Merger Sub Inc. (the "Merger," collectively with the Tender Offer, the "Transaction"). Lead Plaintiff alleged in the Complaint that (i) Tellabs' board of directors (the "Board" or the "Individual Defendants") failed to disclose material information in connection with the Tender Offer, (ii) the Board agreed to the Transaction for inadequate consideration, and (iii) the Marlin Defendants aided and abetted the Board's alleged breaches.

On November 24, 2013, following vigorous litigation under difficult circumstances, which included motion practice and expedited discovery, Lead Plaintiff and Defendants entered into a memorandum of understanding (the "MOU"), pursuant to which Defendants would provide additional disclosures concerning the Transaction, which disclosures wholly addressed Lead Plaintiff's disclosure claims and would enable the class of Tellabs stockholders (the "Class") to make an informed decision concerning whether to tender their shares and whether to exercise their appraisal rights (the "Supplemental Disclosures"). On November 20, 2014, after

1

conducting further discovery and modifying certain aspects of the proposed settlement to provide Class members with opt-out rights, the parties entered into a definitive stipulation of settlement (the "Settlement Agreement"). (Doc. No. 107-1.) The Court preliminarily approved the proposed settlement on April 22, 2015 (Doc. No. 123), and entered an order on May 5, 2015 (the "Preliminary Approval Order") (Doc. No. 124), which certified the Class, directed that notice of the proposed settlement (the "Notice") be disseminated to Class members, and scheduled a fairness hearing for September 3, 2015 (the "Settlement Hearing"). Defendants thereafter disseminated the Notice in accordance with the Court's Preliminary Approval Order, and on July 23, 2015 Lead Plaintiff filed papers in support of final approval of the proposed settlement and an award of $750,000 in attorneys' fees and expenses to be paid by Defendants or their insurers. (Doc. Nos. 137-140.)

Objections to the proposed settlement and requests to opt out were due on or before August 13, 2015. In addition to the reasons set forth in Lead Plaintiff's opening papers, the overall reaction of the Class overwhelmingly supports final approval of both the proposed settlement and Lead Counsel's fee and expense application. Out of the thousands of Class members who received the Notice, a total of thirteen objections have been received, including: (i) four that are completely devoid of any purported basis for objecting to the proposed settlement; (ii) one that merely restyles Lead Plaintiff's cause of action as "Misinformation breach of Duties to Tellabs shareholder. (ME)"; (iii) one that does not even mention the proposed settlement but complains about receiving notice of the Transaction (which seems to underscore the importance of the proposed settlement); and (iv) one from a Class member who also elected to opt out of the proposed settlement and, thus, forfeited standing to object. None of these presents a cogent basis for denying approval of the proposed settlement.

With respect to the remaining objections, Lead Plaintiff and Lead Counsel had already considered, investigated, and resolved all of the issues raised in favor of the proposed settlement. The Supplemental Disclosures conferred a substantial benefit, Lead Counsel fully considered the potential upside and downside to further litigation before entering into the MOU and the Settlement Agreement, and Lead Counsel has established that they are entitled to attorneys' fees and expenses in consideration of the effort and resources devoted to the Action as well as the benefit produced by the Supplemental Disclosures.

In addition to the handful of objections, opt-out requests have been received by Class members purportedly representing a total of 120,572.3 shares of Tellabs common stock as of the date of the close of the Transaction.[1] This represents just 0.03% of Tellabs' public float at the time of the Transaction and is but a fraction of the combined stakes of Plaintiffs, who collectively owned 720,300 shares of Tellabs common stock.[2]

Based on the foregoing, and as previously detailed in Lead Plaintiff's opening papers in support of the proposed settlement, the Court should approve the proposed settlement as fair, reasonable, and adequate and award Lead Counsel $750,000 in attorneys' fees and expenses.

## II. STATEMENT OF FACTS

As of August 13, 2015, the deadline for objecting, thirteen purported objections to the proposed settlement were received (Doc. No. 125-128, 136, 147, 156, 160), including:

---

[1] Three individuals who sought to opt out of the proposed settlement—Paula M. Lane, Dennis Lapuyade, and Leeanne Denise Tam—did not know or did not provide the number of Tellabs shares they owned on December 2, 2013, when the Transaction closed.

[2] Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust filed suit in Illinois state court (which actions were voluntarily dismissed) and later in the Northern District of Illinois (*Englehart v. Tellabs, Inc.*, Case No. 13-cv-199 (Darrah, J.)). The *Englehart* plaintiffs are parties to the Settlement Agreement; and pursuant to the Settlement Agreement, the *Englehart* action will be dismissed with prejudice upon final approval of the proposed settlement.

3

| NAME | SUMMARY OF OBJECTION | INTEND TO APPEAR? |
|---|---|---|
| John Ampulski | None provided. | No |
| John E. Don Carlos | "This settlement provides no value to me. I object to payment of attorney fees & expenses." | No |
| Stanley Eisenstein | Objects on ground that proposed settlement "resulted in no substantive benefit whatsoever to Tellabs' shareholders"; casts Supplemental Disclosures as "some opaque SEC disclosures"; objects to fee and expense award on basis that Lead Counsel should not be rewarded if it did not create a benefit; states that "Defendants did not engage in any wrongdoing, as appears to be the case from the Class Settlement Notice . . . ." | Yes |
| Carl Fabiszak | "Settlement too low" | No |
| Anton Ledway[3] | None provided. | No |
| Dino and Marie Leventis | "We lost $1,920.80 from the stock." | No |
| Jack Patrick McGowan | "I believe the member of the Tellabs board of directors breached their duties to Tellabs shareholders in connection with the sales process that was conducted, the Merger agreement terms with Marlin and disclosures made to shareholders in connection with the Merger." | Not provided |
| Robin Schuldt | None provided. | No |
| Harold James Shutt | None provided. | No |
| Anthony Frank Taranto | "Misinformation breach of Duties to Tellabs shareholder. (ME)" | No |
| Eldor Wilfahrt | "Never informed as to any details [and] reasons why I would be forced to sell my shares in Tellabs. Take it or leave it approach. Disgusting." | Not provided |
| Robert Yu | "This merger cost 10K financial loss." | No |

---

[3] Ledway failed to provide any contact information.

As of the date of this filing, no additional objections have been received. Also as of August 13, 2015, 23 requests to opt out of the proposed settlement were received (Doc. Nos. 130-133, 134, 135, 143, 144, 148-155, 157-159, 161-162), as follows:

| NAME | SHARES OWNED AS OF 12/2/2013 |
|---|---|
| Alvin Burns[4] | 400 |
| Martin C. Burns[5] | 500 |
| Donna J. Burrill | 100 |
| Jorge Cazares | 700 |
| Christopher P. Clark | 20 |
| Barry Glicklich | 56,990 |
| Ernest W. Hauser | 600 |
| Ray L. Hughes Trust U/A DTD 12/1/1993 | 300 |
| Sun Hok Kong[6] | 320 |
| Paula M. Lane[7] | 200 |
| Dennis Lapuyade[8] | ---- |
| Rishi Mehta | 30,000 |
| Christian Miedler | 955 |
| Lee W. Morris | 5,000 |
| Huy Nguyen | 5,000 |
| Trang Nguyen | 500 |
| Becky L. Ogata | 60 |
| Keven Mark Plante[9] | 18,000 |

---

[4] A. Burns did not know the number of shares he owned.

[5] M. Burns did not know the number of shares he owned.

[6] Kong did not append her name to the actual request for exclusion.

[7] Lane did not know the number of shares she owned.

[8] Lapuyade did not provide the number of shares he owned.

[9] Plante also objected to the proposed settlement, but he lacks standing to challenge the proposed settlement because he chose to opt out of the Class.

5

| | |
|---|---|
| Jose Rechler | 52.3 |
| Norman L. Swenson | 300 |
| Leeanne Denise Tam[10] | ---- |
| Nicholas T. Wilke | 375 |
| Stuart R. Wilson | 200 |
| **Total Shares Represented** | **120,572.3[11]** |

As of the date of this filing, no additional opt-out requests have been received.

As discussed herein, the Court should overrule the objections and approve the proposed settlement and Lead Counsel's request for $750,000 in attorneys' fees and expenses.

### III. ARGUMENT

#### A. THE COURT SHOULD APPROVE THE PROPOSED SETTLEMENT AS FAIR, REASONABLE, AND ADEQUATE AND IN THE BEST INTERESTS OF THE CLASS

The proposed settlement should be approved as fair, reasonable, and adequate and in the best interests of former Tellabs stockholders. As explained more fully in the opening papers, Lead Plaintiff and Lead Counsel worked under extraordinary pressure to review key discovery and consult with an expert, and they obtained the Supplemental Disclosures following arm's-length negotiations with Defendants' counsel. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 558 (N.D. Ga. 2007) (explaining that a class action settlement is entitled to a presumption of fairness where it was reached "free of collusion"). The Supplemental Disclosures provided valuable information to Tellabs stockholders and remedied Lead Plaintiff's claim that the Individual Defendants breached their fiduciary duties to Tellabs stockholders by misrepresenting or omitting material information in the Schedule 14D-9

---

[10] Tam did not provide the number of shares she owned.

[11] By contrast, plaintiffs collectively owned 720,300 shares of Tellabs common stock as of December 2, 2013.

Solicitation / Recommendation Statement (the "14D-9") filed with the U.S. Securities and Exchange Commission (the "SEC") on November 1, 2013.

Lead Counsel thereafter conducted a substantial amount of confirmatory discovery, which included reviewing thousands of pages of emails and detailed financial information produced by Defendants, as well as taking three depositions of key individuals involved in the Transaction. Based on what Lead Counsel learned in discovery, and upon a careful review of the applicable law, Lead Counsel, which is highly experienced in shareholder and corporate litigation, determined that that the proposed settlement is fair, reasonable, and adequate to Tellabs stockholders. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (finding that counsel had sufficient information to make an informed decision where counsel "conducted significant investigation, discovery and research" and worked with experts (citations and quotations omitted)). *See also In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1020 (N.D. Ill. 2000) (placing "significant weight on the unanimously strong endorsement of these settlements" by "well-respected attorneys"). Indeed, Lead Counsel believed that it secured a certain benefit and that Lead Plaintiff and the Class would have faced an extraordinarily difficult task in proving both liability and damages had they pursued the case post-close. *See In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329, 1333 (N.D. Ga. 2000) ("[C]ompromise is the essence of settlement."); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation.").[12]

---

[12] Beyond the inherent risk of litigation, Lead Plaintiff faced a major obstacle with respect to its disclosure claims, as courts have expressed a preference for *pro*active equitable relief over *retro*active monetary relief. *See also Panter v. Marshall Field & Co.*, 646 F.2d 271, 287 (7th Cir. 1981) (discussing difficulty of obtaining damages for claims under Section 14(e) of the Securities Exchange Act of 1934).

In addition to the foregoing factors supporting approval of the proposed settlement, the Court should also consider the reaction of the Class to the proposed settlement, which in this case further supports final approval. Only a handful of Class members have objected to the proposed settlement, and none of the objections warrants denying final approval. *See, e.g., Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1169 (N.D. Ill. 1997) (finding the settlement fair where a small number of class members objected); *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) (finding a small number of objectors "indicative of the adequacy of the settlement"); *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992) (holding that a "small number of objectors is a good indication of the fairness of the settlement"); *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1018 (S.D. Ohio 2001) (explaining that "the existence of objections does not mean that the settlement is unfair"); *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 U.S. Dist. LEXIS 120735, at *21 (N.D. Ill. Aug. 26, 2013) (finding that the "low level of opposition" amounting to 0.01% of the class "supports the reasonableness of the settlement").

Objections to the proposed settlement and requests to opt out of the proposed settlement were due on or before August 13, 2015. Out of the thousands of Class members who received the Notice, a total of thirteen objections have been received.

Four objections—from John Ampulski, Anton Ledway, Robin Schuldt, and Harold James Shutt—are completely devoid of any purported basis for objecting to the proposed settlement. A fifth objection, from Anthony Frank Taranto, merely restyles Lead Plaintiff's cause of action as "Misinformation breach of Duties to Tellabs shareholder. (ME)," and a sixth objection, from Jack Patrick McGowan, basically repeats Lead Counsel's original allegations, which Lead

8

Plaintiff has fully investigated since the Transaction was announced. A seventh objection was filed by Eldor Wilfahrt, who purportedly owned just 100 shares of Tellabs stock, far less than Plaintiffs owned, and states: "[I was] <u>Never</u> informed as to any details [and] reasons why I would be forced to sell my shares in Tellabs. Take it or leave it approach. Disgusting." Like the first six, this objection does not identify any deficiency or unfairness in the proposed settlement or the Notice and, rather, underscores the importance of the disclosure-based relief that forms the basis of the proposed settlement. None of seven objections presents any basis, much less a cogent one, for denying approval of the proposed settlement.

With respect to the remaining objections, Lead Plaintiff and Lead Counsel had already considered, investigated, and resolved all of the issues raised in these objections before entering into the Settlement Agreement.

Two Class members, John E. Don Carlos and Stanley Eisenstein, claim that they did not personally benefit from the proposed settlement. As Lead Counsel explained in its opening brief, the proposed settlement conferred a substantial benefit through the issuance of the Supplemental Disclosures, which are material and advanced corporate suffrage by enabling Tellabs stockholders to make an informed decision whether to tender their shares. *See Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 395, 396 (1970) (discussing that "a corporation may receive a 'substantial benefit' from a [stockholders' action]" and that "regardless of the relief granted, private stockholders' actions of this sort 'involve corporate therapeutics,' and furnish a benefit to all shareholders by providing an important means of enforcement of the proxy statute" (citation omitted)); *In re Talley Indus., S'holders Litig.*, C.A. No. 15961, 1998 Del. Ch. LEXIS 53, at *46 (Del. Ch. Apr. 9, 1998) (stating that "the timely disclosure of the information in the supplement was presumably of greater value to the class than any potential award of damages based on the

failure to disclose the same information, as such information is of the greatest utility when it is available in a timely manner to inform the stockholders' decision making process"). Indeed, this relief empowered the Class members to determine for themselves whether the Transaction should proceed. Further, whether a single Class member perceived any direct benefit from the Supplemental Disclosures is irrelevant, as the Supplemental Disclosures are material as a matter of law. *See In re Countrywide Corp. Shareholders Litig.*, C.A. No. 3464-VCN, 2009 Del. Ch. LEXIS 44, at *9, 53 (Del. Ch. Mar. 31, 2009) (curative disclosure pursuant to settlement of class action, which, among other things, "provided greater detail about the assumptions underlying the fairness opinions relied upon by the Countrywide board in evaluating the merger" led to a "vote by better informed shareholders"; court noted that "[s]imply because no monetary consideration resulted from the settlement does not render it unfair"); *In re Wm. Wrigley Jr. Co. Shareholders Litig.*, C.A. No. 3750-VCL, 2009 Del. Ch. LEXIS 12, at *21-23 (Del. Ch. Jan. 22, 2009) (benefits conveyed to stockholders in settlement that, among other things, supplemented proxy disclosures regarding merger were sufficient to support approval of the settlement, even in the absence of any monetary benefit).

Another Class member, Carl Fabiszak ("Fabiszak") states simply, "Settlement too low," presumably indicating that he thought Tellabs was worth more than $2.45 per share.[13] And Dino

---

[13] Another former Tellabs stockholder, Keven Mark Plante, purported to file an objection, but he has no standing to object to the proposed settlement because he opted out of the Class. *Cf. Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 930 (E.D. Mich. 2007) (explaining that "opting out of a settlement and choosing to object logically are mutually exclusive options: if one actually opts out, she has no standing to object to the settlement as she will not be bound by it"); *In re Southwest Airlines Voucher Litig.*, 2013 U.S. Dist. LEXIS 120735, at *6-7 (explaining that persons opting out of a settlement "lack standing to object to its approval"). Although he lacks standing to object, Plante claims that the Transaction was not in the best interests of Tellabs stockholders, apparently on the grounds that he suffered substantial losses while certain Tellabs executives reaped windfall payments as a result of the Transaction. Lead Counsel, however, fully considered these issues. Plante also argues against the Fee and Expense Award based on

and Marie Leventis and Robert Yu also stated that they incurred financial loss as a result of the Transaction. Throughout much of the litigation, however, Lead Counsel focused on this very issue and, to that end, undertook an extensive amount of discovery, and consulted with a financial expert regarding the likelihood of prevailing on a post-close damages case. Despite some stockholders' unfortunate losses, Lead Counsel and Lead Plaintiff ultimately concluded they were unlikely to prevail on Lead Plaintiff's claim that Tellabs was worth materially more than the $2.45 per share Transaction price, much less that a majority of the Individual Defendants had breached their fiduciary duty of loyalty or acted in bad faith by agreeing to the Transaction at that price. Moreover, because the proposed settlement procured the rare right for a shareholder to opt out of a disclosure settlement, anyone that earnestly believes the Company was worth more could have opted out to pursue any potential damages claim.

Notably, none of the objectors brought an action when the Transaction was announced or when the Tender Offer commenced, nor did they respond when Lead Counsel disseminated notice pursuant to the Private Securities Litigation Reform Act of 1995 inviting any interested persons to participate in the Action as a lead plaintiff. Moreover, none of the objectors requested any of the discovery obtained to assess for themselves, on an informed basis, the fairness, reasonableness, and adequacy of the proposed settlement as compared to further litigation as did the other federal court plaintiffs, Robert Englehart, Jorge Rodriguez, and The Judith Kane-Rodriguez 2012 Family Trust who, after reviewing the discovery in this Action decided to support, rather than contest, the proposed settlement. Thus, while Lead Plaintiff is sympathetic

---

the potential "appearance of a 'quid pro quo' agreement, which may or may not be appropriate," which implicitly questions veracity of statement in the Notice that "This [fee and expense] agreement was reached after all other terms of the proposed Settlement . . . ." This postulation is meritless, as all aspects of the proposed settlement, including the Fee and Expense Award, resulted from arm's-length negotiations conducted by experienced and accomplished Lead Counsel who at all times acted in the best interests of the Class.

11

to these objectors' desire for additional consideration in the Transaction—their objections rest largely on speculative arguments regarding the value of Tellabs, while altogether ignoring the likelihood of proving liability and damages.

Given the amount of time, resources, and consideration that Lead Plaintiff and Lead Counsel have dedicated to pursuing this Action and fully vetting the proposed settlement, to allow such objectors "to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process." *Detroit v. Grinnell Corp.*, 495 F.2d 448, 464 (2d Cir. 1974). Consequently, such general objections, made without factual or legal substantiation, should be afforded no weight. *Int'l Union v. GMC*, No. 07-CV-14074-DT, 2008 U.S. Dist. LEXIS 92590 , at *83-84 (E.D. Mich. July 31, 2008) ("In sum, the objections that do `not specify any grounds beyond general unfairness provide no basis for rejecting the settlement."); 4 A. Conte & H. Newberg, *Newberg on Class Actions* § 11:58 (3d ed. 2009); 7B Wright & Miller, *Federal Prac. & Proc.* § 1797.1 (3d ed. 2009) ("Only clearly presented objections . . . will be considered.").

The small number of opt-out requests also supports the proposed settlement. Those seeking to opt out of the Class held a combined 120,572.3 shares of Tellabs common stock when the Transaction was completed, which represents only 0.03% of the Company's float. This amount is far less than the collective stock ownership of Plaintiffs, who strongly support the proposed settlement; and it is well below what courts have previously said support approval. *See, e.g., Butt v. Megabus Northeast LLC*, Case No. 11-cv-3993 (JPO), 2012 U.S. Dist. LEXIS 137683, at *12-13 (S.D.N.Y. Sept. 25, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness" (internal citations and quotations omitted)); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 U.S. Dist.

12

LEXIS 17588, at *36 (S.D.N.Y. Apr. 6, 2006) (explaining that opt-outs amounting to less than 0.2% of the putative class members weighed in favor of settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (fact that fewer than 1% of class members requested exclusion "strongly favor[ed] approval of the proposed settlements").

Despite the few above-mentioned objections and the minimal opt-out requests, the Class response to the proposed settlement has been overwhelmingly supportive. *Rome v. Archer*, 197 A.2d 49, 53-54 (Del. 1964) (approving settlement agreement which was ratified by a very large majority of the shareholders); *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (affirming final approval of settlement where 13% of the class submitted written objections). Accordingly, the Court should grant final approval to the proposed settlement.

### B. THE COURT SHOULD APPROVE LEAD COUNSEL'S FEE AND EXPENSE APPLICATION

Pursuant to the Settlement Agreement, and following arm's-length negotiations between the parties, Defendants agreed not to oppose an application by Lead Plaintiff for attorneys' fees in an amount not to exceed $700,000 and expenses in an amount not to exceed $50,000 (the "Fee and Expense Award"). As indicated above, this amount is separate from the benefit already conferred on the Class, does not impact the Class in any way, and was negotiated at arm's-length with Defendants *only after* agreement was reached by the parties concerning all other terms.

Don Carlos and Eisenstein (and non-Class member Plante) are the only ones who take issue with the Fee and Expense Award. Their opposition rests solely on the misguided notion that the proposed settlement did not confer value. As detailed in Lead Plaintiff's opening papers and highlighted above, the Supplemental Disclosures conferred a substantial, albeit non-monetary, benefit on the Class of Tellabs stockholders by enabling the Class to make a fully informed decision whether to tender their shares or exercise their appraisal rights. Courts have

13

consistently held that such disclosure-based relief readily supports a fee and expense award. *See In re ICX Techs., Inc. S'holder Class Action*, Consol. C.A. No. 1:10-cv-941 (E.D. Va. July 8, 2011) (awarding $925,000 in fees and expenses for additional disclosures and fifteen day extension of appraisal rights) (*See* Declaration of Juan E. Monteverde in Supp. of Mot. for Final Approval of Proposed Settlement and an Award of Attorneys' Fees and Expenses ("Monteverde Decl.") (ECF No. 139), at Ex. O); *Nichting v. DPL Inc.*, No. 3:11-cv-141 (S.D. Ohio Feb. 24, 2012) ($700,000 for disclosure-only settlement) (Monteverde Decl., at Ex. P); *In re Schering-Plough/Merck Merger Litig.*, No. 09-CV-1099 (DMC), 2010 U.S. Dist. LEXIS 29121 (D.N.J. Mar. 25, 2010) ($3.5 million for disclosure-only settlement); *Cnty. of New York Emps. Ret. Plan v. Merrill Lynch & Co., Inc.*, C.A. No. 4066-VCN (Del. Ch. Aug. 31, 2009) ($950,000 for disclosure-only settlement) (Monteverde Decl., at Ex. Q); *Henkel v. Battista,* C.A. No. 3419-VCN, 2008 Del. Ch. LEXIS 292, at *8 (Del. Ch. Dec. 16, 2008) (awarding $1.1 million in fees and expenses for additional disclosures); *In re The Trizetto Grp., Inc. S'holders Litig.*, C.A. No. 3694-VCN (Del. Ch. Dec. 4, 2008) ($950,000 for disclosures and proportional voting provision agreement) (Monteverde Decl., at Ex. R).

The requested Fee and Expense Award is reasonable when considering the amount of time and expense invested to pursue the Action on behalf of Lead Plaintiff and the entire Class of Tellabs stockholders. Collectively, Lite DePalma Greenberg LLC, Faruqi & Faruqi LLP, and counsel in the *Englehart Action* (collectively, "Plaintiffs' Counsel") expended approximately 1,763.05 hours of attorney and paralegal time prosecuting the Action on behalf of the Class. As indicated, the regular hourly rates of Plaintiffs' Counsel multiplied by the number of hours expended results in a total lodestar of $1,046,147.25. Plaintiffs' Counsel also incurred $64,892.02 in expense. Thus, the $750,000 Fee and Expense Award represents a substantial

14

discount on what Plaintiffs' Counsel invested in the case.

Plaintiffs' Fee and Expense Award request is reasonable and appropriate when considering the results obtained, the skill and acumen required to prosecute the Action, and the time and expense devoted to pursuing the Action. *In re Southwest Airlines Voucher Litig.*, 2015 U.S. App. LEXIS 14601, at *27 (7th Cir. Ill. Aug. 20, 2015) (upholding fairness of non-monetary relief settlement, and holding that district court did not abuse its discretion in awarding counsel fees using lodestar method). Accordingly, the Court should overrule the objections and award Plaintiffs' Counsel $750,000 in attorneys' fees and expenses.

## IV. CONCLUSION

Lead Plaintiff respectfully requests that the Court enter final judgment approving the proposed settlement and granting the requested attorneys' fees and reimbursement of litigation costs and expenses.

Dated: August 24, 2015

Respectfully submitted,

By: */s/ Katrina Carroll*
LITE DEPALMA GREENBERG, LLC
Katrina Carroll, Esq.
Kyle Shamberg, Esq.
One South Dearborn
Suite 2100
Chicago, IL 60603
Tel: 312-212-4383
Fax: 312-212-5919
Email: kcarroll@litedepalma.com
*Liaison Counsel for Court-Appointed Class Representative and Lead Plaintiff Kerry Lambert and the Class*

FARUQI & FARUQI, LLP
Juan E. Monteverde, Esq.
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
Email: jmonteverde@faruqilaw.com

*Court-Appointed Lead Counsel and Counsel for Court-Appointed Class Representative and Lead Plaintiff Kerry Lambert and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 24, 2015, Lead Plaintiff Kerry Lambert's Reply Memorandum of Law In Further Support of Motion For Final Approval of Proposed Settlement and an Award of Attorneys' Fees, was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Dated: August 24, 2015

By: */s/ Katrina Carroll*
LITE DEPALMA GREENBERG, LLC
Katrina Carroll, Esq.
Kyle A. Shamberg, Esq.
One South Dearborn
Suite 2100
Chicago, IL 60603
Tel: 312-212-4383
Fax: 312-212-5919
Email: kcarroll@litedepalma.com
kshamberg@litedepalma.com
*Counsel for Court-Appointed Class Representative and Lead Plaintiff Kerry Lambert and the Class*